Richard Levon Caplan
21706 Ventura Blvd.
Woodland Hills, CA 91364
(818) 564-7270
rlcaplan@gmail.com
In Propria Persona

FILED
CLERK, U.S. DISTRICT COURT
12/1/22
CENTRAL DISTRICT OF CALIFORNIA
BY: CS DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL CALIFORNIA DISTRICT**

**RICHARD LEVON CAPLAN**
Plaintiff

vs.

**THE HON. AARON FORD**
**ATTORNEY GENERAL**
**ON BEHALF OF**
**THE STATE OF NEVADA**
**&**
**JOHN (JANE) DOES 1 - 10**

Defendant(s)

Case Number:
CV22-8759-JWH(MRWx)

**COMPLAINT FOR NEGLIGENT VIOLATIONS OF:**

1) **ARTICLE IV § 1 OF THE CONSTITUTION OF THE UNITED STATES**
2) **ARTICLE IV § 2 OF THE CONSTITUTION OF THE UNITED STATES**
3) **ARTICLE VI CLAUSE 2 OF THE CONSTITUTION OF THE UNITED STATES**
4) **AMENDMENT XIV §1 OF THE CONSTITUTION OF THE UNITED STATES**
5) **42 U.S.C §1981(a) - EQUAL BENEFIT CLAUSE - BY NEVADA STATE ACTOR(S)**
6) **42 U.S.C. §1983 – CIVIL RIGHTS OF PLAINTIFF [(AND AZAD ELIZABETH JOSEPH (DECEASED), PLAINTIFF’S MOTHER)], BY NEVADA STATE ACTOR(S)**
7) **DECLARATORY RELIEF**

**JURY TRIAL DEMANDED**

**EXHIBITS DENOTED BY {PE#__} IN SUPERSCRIPT ARE ATTACHED TO THIS COMPLAINT**

## NATURE OF CASE

1. The State of Nevada has violated the United States Constitution and other federal laws with negligent disregard for the rights and protections guaranteed to Plaintiff, Richard Levon Caplan, In Propria Persona, and the same and/or similar rights and protections guaranteed to and shared with Plaintiff's mother, Azad Elizabeth Joseph (deceased), citizens of the United States:

## JURISDICTION & VENUE

2. Plaintiff, Richard Levon Caplan was born at Cedars of Lebanon hospital in Los Angeles, California on September 14, 1953, at 11:58 PM, to Azad Elizabeth Joseph and Russell Bernard Caplan: {PE#1}
3. Richard Levon Caplan has been a permanent resident of Los Angeles, California since March 5, 2005. {PE#2}
4. This Court has jurisdiction of Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.
5. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the Constitution of the United States. Resolving Plaintiffs' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.
6. Plaintiff's action is qualified under Nevada Revised Statues (NRS 41.031) - Waiver of State Immunity- under Amendment XI of the Constitution of the United States and other federal disqualifications of and/or exceptions to qualified and absolute state immunities - for violations of established U.S. Constitutional decisions where such immunities might apply.

## PLAINTIFF INTRODUCTION

7. Plaintiff's maternal grandfather was Dikran Hovsepian. After escaping the Armenian Genocide in 1915, he and his sister joined the flood of persecuted immigrants to the United States. Their landing was diverted to Halifax, Canada, overflow for crowded American ports. When finally entering the United States like so many others his Armenian name was

"Americanized." His name became Richard Joseph.

8.  In 1917, Plaintiff's maternal grandparents settled in Truckee, California as United States citizens. At the time, the town of Truckee (formally Coburn Station) was owned by the Union Ice Company of San Francisco, California. During the late 19th and early 20th centuries, their business operation packed railcars containing perishable agricultural products from central California with ice and snow to prevent spoilage of the shipments east by rail through the Donner Pass region of the Rocky Mountains. The introduction of refrigerated rail cars in late 1919 and early 1920's caused the Union Ice Company to abandon their business and the town of Truckee.

9.  By 1930, Truckee had fallen into a desperate state of disrepair. Unaffected by the stock market crash of October 29, 1929, Plaintiff's grandfather, Richard Joseph, by then a self-made businessperson and entrepreneur, decided to use his savings to buy the land owned by the Union Ice Company.

10. In 1984, during a stroll around his business and homebase, the Gateway Motel (in present day Truckee known as the Gateway Area) Plaintiff's grandfather shared his frustration over the Union Ice Company requiring him to make two trips to San Francisco before they reached agreement in 1932. From then on, the threads of the Richard Joseph family were wound onto the spindle weaving the fabric of the history of the State of California.

11. In 1922, Plaintiff's maternal grandparents gave birth to their first child and only son, Levon Joseph. Two years later they gave birth to twin daughters; Yvonne and Azad Joseph; however, after the tortuous ordeal of giving birth to the second twin, Plaintiff's grandmother suffered from uncontrolled bleeding; at the time attributed to blood poisoning. The closest healthcare facility was in Reno, Nevada. Although today the journey is approximately thirty minutes by car, a century ago it took much longer over difficult roadways with inferior vehicles. Plaintiff's grandmother did not survive the journey and died at the hospital in Reno.

12. At the outbreak of direct involvement of the United States in World War II, Plaintiff's maternal uncle Levon Joseph enlisted in the US Army at the rank of Private. By 1944 he had been promoted to 1st Lieutenant, leading his men during fierce fighting for Okinawa when he

was K-I-A in late 1944. At the time of his death, the family did not receive notice from the War Department until 1945. 1st Lt. Levon Joseph's daughter, Plaintiff Richard Levon Caplan's eldest maternal first cousin, was eight months old. Victoria Ratcliff (nee: Joseph), lives in Washington state. Her father, 1st Lt. Levon Joseph, was posthumously awarded the Bronze Star.

13. Plaintiff's given name Richard is for Plaintiff's maternal grandfather Richard Joseph. Plaintiff's given second name Levon is for Plaintiff's maternal uncle. If a newborn U.S. Citizen's mother's family (maiden) name did not require a change in name, Plaintiff's third name would be legally recognized as Joseph. Plaintiff's paternal surname is Caplan. Plaintiff's full name including maternal family name would be Richard Levon Joseph Caplan. By providence both of Plaintiff's maternal and paternal grandfathers' names and their family lines; Richard Joseph and Joseph Caplan, are represented within Plaintiff's full name.

14. Plaintiff's parents were married in 1952. Custody of the only child of Azad Elizabeth Joseph was granted to Plaintiff's mother by divorce decree in 1955. {PE#3}

15. Plaintiff attended William Howard Taft Hight School for the first semester of 10th grade in 1968 on the January semester graduation track. The LAUSD converted from the January/June semester graduation system to the annual grade level graduation system beginning in September 1969.

16. While at Taft High School, Plaintiff joined the National Forensic League for Speech and Debate, competingly with a partner in debate and individually in the oral and dramatic interpretation categories. Our first debate season ended with an unblemished record. Plaintiff won recognition in the oral interpretation category for "I Am the Nation" by Otto Whittaker and "I Have a Dream" by Dr. Martin Luther King.

17. Plaintiff was selected to represent Taft High School during Boy's Week in Government, serving as City Clerk for the City of Los Angeles. Plaintiff received a Proclamation of thanks from the City Council, signed by then City Clerk Rex Layton.

18. Plaintiff was invited, made application for consideration, and was selected in 1969 to become

a member of the first student government of a new high school, El Camino Real High School in Woodland Hills, California.

19. Plaintiff continued participation in speech and debate at El Camino Real High School along with new student government responsibilities. Plaintiff was privileged to collaborate with exceptional individuals in team environments within the student body and administrative staff. The new school's mascot was decided by the members of the first student government with approval by the administration to be the "Conquistadores."

20. Plaintiff can be seen dressed in period costume holding a raised sword shown and named in a publicity photograph for the new school taken and published in 1969 by the Los Angeles Times. The photograph is also published in El Corazon; the school's first yearbook. In 1969 Plaintiff was again selected as a representative for Boy's Week in Government serving as District Attorney for Los Angeles County.

21. In 1970, Plaintiff was one of four young men from El Camino Real High School selected for sponsorship by the American Legion to attend and take part in California Boy's State in Sacramento, California. Plaintiff is shown and named in a photograph commemorating the event, published in the Los Angeles Times and the El Camino Real High School yearbook.

22. At the state capitol, after leaving then Governor Reagan's office, Plaintiff recognized the name of a largely unheralded woman on the nameplate next to an open office door. Her signature appeared to the left of the portrait on every denomination of United States currency; Ivy Baker Priest, Treasurer of California; former Treasurer of the United States from 1953 to 1961. Plaintiff was invited into her office. The historical context of meeting a member of the post-war Eisenhower administration was an unexpected highlight of the event. Plaintiff intended to briefly offer recognition and appreciation. Plaintiff was allowed to ask questions about President Eisenhower and his administration, given the context of his parting comments amidst the cauldron of conflict in America and Southeast Asia in 1970. Plaintiff left our meeting committed to pay forward her contributions and seek elected or appointed office in the future.

23. In 2000, Plaintiff served the people of Frisco, Texas under sworn oath to preserve, protect

and defend the Home Rule Charter of the City of Frisco, the Constitution of the State of Texas, and the Constitution of the United States.

24. Plaintiff's professional career included information movement and management assignments with American Telephone & Telegraph (AT&T), Southwestern Bell (SBC), Siemens Business Communications, Nortel and KPMG Consulting (BearingPoint). Assignments included sales and marketing, competitive analysis which evolved into corporate intelligence governed by the Economic Espionage Act of 1996, culminating with recruitment by and employment as a senior global consultant with KPMG Consulting. The collapse of the entire telecommunications sector in 2002 precipitated the actual beginning of the last recession, erasing Plaintiff's 401K savings and Nortel pension due to their Chapter 13 bankruptcy.

25. Plaintiff is the father of five children.

**NEVADA EIGHTH JUDICIAL DISTRICT, FAMILY DIVISION**

**CASE: # P-17-092901-E**

**PROBATE OF THE AZAD ELIZABETH JOSEPH ESTATE**

26. On April 18, 2018, a representative of W.C Cox of Arizona, a private investigative firm, contacted Plaintiff about a fraudulent claim made against the estate of Azad Elizabeth Joseph, Plaintiff's mother, in a Nevada District Court by individuals using documents notarized in Sacramento and Placer Counties, California on August 30, 2017.

27. These documents were filed with the Eighth Judicial District Court of Clark County, Nevada on September 5, 2017:

**PETITION FOR GENERAL ADMINISTRATION AND ISSUANCE OF LETTERS** by **LENNY JORJORIAN** and **AFFIDAVIT OF CONSENT** by **MARGUERITE FOX AKA MARGO FOX**. [{PE#4}]

28. Plaintiff was shocked to discover Plaintiff's mother died on July 20, 2017, having been declared a Ward of the State of Nevada by the Eighth Judicial District Court, Family Division, Clark County, on November 27, 2007. [{PE#5}] Plaintiff finally discovered why the search for his mother over nearly two decades had failed. [{PE#6}]

29. On April 19, 2018, Plaintiff was contacted by Lee Cox, CEO of W.C. Cox of Arizona a

private investigative firm. Mr. Cox told Plaintiff the probate case of the Azad Elizabeth Joseph estate had been closed two weeks earlier, but Nevada law allowed sixty days to file a motion to reopen. Plaintiff explained Social Security Early Retirement Benefit was Plaintiff's sole source of income therefore Plaintiff was not able to afford engagement of counsel.

30. Mr. Cox agreed to select and supply the legal counsel and co-administrator required by Nevada law to reopen the probate case on behalf of Plaintiff in exchange for a percentage of the recovered estate of $652,000. Plaintiff received a commitment from Mr. Cox the case would continue beyond the District Court level should an appeal become necessary. Mr. Cox engaged Mr. Lee Drizin, CHTD of Lee Drizin and Associates in Las Vegas, Nevada. Mr. Lester Berman of the same firm also represented Plaintiff. Plaintiff authorized Mr. Drizin's representation. {PE#7} Although the court had released the estate and closed the case, {PE#8} Mr. Drizin advised Plaintiff under Nevada law a probate case may be reopened if the claim is alleged to be the product of an act of fraud within sixty days of the final order.

31. Plaintiff was instructed by Mr. Drizin's to immediately supply proof of Plaintiff's identity; including birth certificate, U.S. Passport, California Driver License, (which also serves as Plaintiff's Federal Real ID), and an affidavit swearing to the fact Plaintiff is the only "Issue" of Azad Elizabeth Joseph.

32. On May 9, 2018, Plaintiff's first Motion to Reopen Probate of the Azad Elizabeth Joseph estate was filed in the Eighth District Court, Clark County, Nevada. {PE#9} Plaintiff suspected the guardianship and probate cases of Azad Elizabeth Joseph, Plaintiff's mother, were conjoined; however, Mr. Drizin declared inclusion of the guardianship case was outside the scope of his remit.

33. On May 22, 2018, Mr. Drizin received a letter from Mr. Cary Colt Payne, CHTD, informing him Lenny Jorjorian had retained his services to oppose Plaintiff's Petition to Reopen Probate. {PE#10}

34. Mr. Payne's questions posed in said letter establishes probable cause **NO PROCESS DUE DILIGENCE** was performed by Lenny Jorjorian nor by Marguerite Fox, aka Margo Fox, prior to the filing of the Affidavit of Assignment and/or Petition for General Administration

against the estate of Azad Elizabeth Joseph, Plaintiff's mother, alleged violations of Procedural and Substantive Due Process under decided Untied States Constitutional and federal laws.

35. Margarette Yvonne (Joseph) Fox (the verified correct spelling of her name) was Plaintiff's first cousin by Albert and Yvonne (Joseph) Ring, brother-in-law and twin-sister of Azad Elizabeth Joseph. Margarette (Snooky) Fox was Plaintiff's first cousin. Plaintiff visited the Ring's Auburn, CA home with his mother on many occasions. Plaintiff was known to Margarette (Snooky) Ring to Plaintiff's personal knowledge. Her father, Plaintiff's uncle Albert Ring, taught Plaintiff how to fish. The Affidavit of Release filed in the Eighth Judicial District Court attributed to a Marguerite Fox aka Margo Fox, creates reasonable probable cause to suspect her identification was not personally verified by the California Notary Public on August 30, 2017, as required by state law. The exhibit offered by Plaintiff's is of also evidentiary value as it calls into question the state of mind of Margarette Fox in the years preceding her death on September 9, 2020.[{PE#11}]

36. The PETITION for GENERAL ADMINISTRATION of the estate of AZAD ELIZABETH JOSEPH by LENNY JORJORIAN claiming the estate of Plaintiff's mother for the benefit of himself and his brother ARA JORJORIAN, based on the Affidavit by MARGUERITE FOX a.k.a. MARGO FOX, was heard by Hearing Master Wesley Yamashita, Eighth Judicial District, Family Division, Clark County, Nevada on September 29, 2017. The courts' unchallenged acceptance of said documents disavowed as to accuracy, truthfulness, and validity of any statements under California State law absent proof of process due diligence is furtherance of a violation of Procedural Due Process against the estate of a Protected Person and their lawful heirs under federal and state laws. [{PE#12}]

37. On May 25, 2018, Plaintiff's Petition to Reopen was heard by Hearing Master Wesley Yamashita who had allowed the filed documents notarized in California by Lenny Jorjorian and Marguerite Fox a.k.a. Margo Fox to be admitted as evidence absent proofs of standing or entitlements. Mr. Payne on behalf of Lenny Jorjorian, invoked Respondent's right for the matter to be heard by a District Court Judge over the objections of Plaintiff's counsel, Mr.

Drizin.{PE#13}

38. Plaintiff was notified by Mr. Drizin a hearing was set for August 1, 2018, before District Court Judge William Voy, Eighth Judicial District Court, Family Division, Clark County, Nevada. {PE#14}

39. Mr. Drizin filed a TRO to protect the estate of Azad Elizabeth Joseph, Plaintiff's mother, and a Motion for an Order Shortening Time for Plaintiff's Petition to Reopen Probate of the Azad Elizabeth Joseph Estate. Mr. Payne, Lenny Jorjorian's counsel, filed opposition arguments to the TRO claiming such an order was beyond the authority of the court. Mr. Payne also filed a formal opposition to Plaintiff's petition, primarily based on Plaintiff's counsel's use of the word "mistakenly" instead of the word "fraud" in the description of the false claims made by Lenny Jorjorian's Petition for General Administration.

40. On August 1, 2018, the hearing was held before Eighth Judicial District Court Judge William S. Potter. Plaintiff was informed by Mr. Berman after the hearing Judge William S. Potter agreed a prima fascia case as to Plaintiff's identity as the rightful heir had been made.{PE#15}

41. Judge William S. Potter reset the matter to August 14, 2018, to consider the arguments opposing the TRO and the Motion for an Order Shorting Time. Plaintiff believed the court's allowance of Jorjorian's continued opposition was in furtherance of a financial fraud and Plaintiff's rights under Nevada and federal laws.

42. Plaintiff neither explains nor defends Mr. Drizin's failure to draw the courts' attention to the unreliability of the empowering "Affidavit" by Marguerite Fox aka Margo Fox. Specifically, the declaration required by California law (CA Civ. Code §1189) which appears on the page with the signature and seal of a Notary Public commissioned by the California Secretary of State:

> "A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document."

43. On August 13, 2018, Plaintiff received notice the hearing on the Motion to Reopen Probate was scheduled for August 28, 2018. {PE#16}

44. On August 13, 2018, Mr. Payne filed a motion in opposition to Plaintiff's Petition to Reopen Probate. Mr. Payne included a copy of a marriage license between Azad Elizabeth Joseph and Donald Delos Keskeys in a clear attempt to confirm the false claim made in Lenny Jorjorian's PETITION FOR GENERAL ADMINISTRATION AND ISSUANCE OF LETTERS which named Richard Keskeys as an Issue of Azad Elizabeth Joseph the product of said marriage who died at the age of six. The court did not take notice of the conflict between the belief by the court from the guardianship case of Azad Elizabeth Joseph the alleged fact she had no descendants. Judge William S. Potter knew or should have known of this incongruity of consanguinity. [{PE#17}]

45. Mr. Payne did not introduce the divorce decree between Azad Elizabeth Joseph and Donald Delos Keskeys. Plaintiff received a copy of the divorce decree from a member of the Keskeys family. According to the certificate of marriage produced by Mr. Payne, the marriage between Donald Delos Keskeys and Azad Elizabeth Joseph, Plaintiff's mother, occurred on June 3, 1946. Mr. Payne did not present the decree of divorce dated September 3, 1946. The marriage lasted from June 3, 1946, until September 3, 1946; 92-days. No children were born during the brevity of the marriage as evidenced by the decree of divorce.[{PE#18}]

46. On August 14, 2018, Judge William S. Potter ruled a district court judge was unable to issue a restraining order over a matter previously decided by the court therefore the TRO was denied (no citation of law was referenced or attached) despite persuasive substantial, credible, copious, statutes, juris prudence and exhibits offered by Mr. Berman in support of protection of the estate so justice might be done. Although the Petition to Reopen the Probate of the Azad Elizabeth Joseph Estate was not at issue before the court on August 14, 2018. The arguments by Plaintiff's counsel on the matters at law at issue scheduled to be heard August 28, 2018, were not entertained or examined by the Court. Regardless, Judge William S. Potter ruled no fraud had been committed by Lenny Jorjorian and quashed Plaintiff's hearing on the Petition to Reopen Probate of the Azad Elizabeth Joseph estate scheduled for August 28, 2018. [{PE#19}]

47. Neither Mr. Drizin nor the Court recognized the Petition by Lenny Jorjorian was based on the Marguerite Fox Affidavit which was itself disavowed and highly likely fraudulent and which Lenny Jorjorian's counsel recognized in his filings but chose to ignore rather than investigate. Mr. Payne proved recognition of Victoria Ratcliff as early as May 22, 2018, in his own filings with the court. Mr. Payne did not identify Victoria Ratcliff as the daughter of Levon Joseph, niece of Azad Elizabeth Joseph, the same degree of consanguinity as Margarette Fox, compounding the violation of Process Due Diligence, thereby invalidating the claim by Marguerite Fox as sole descendant of Azad Elizabeth Joseph empowered to assign unilateral entitlements to anyone. {PE#20}

48. Despite assurances by Mr. Cox during the first conversation with Plaintiff, after Judge William S. Potter denied the Petition to Reopen, Mr. Drizin notified Plaintiff he would file a motion to withdraw as counsel of record. Plaintiff believes the compensation agreement between Mr. Drizin and Mr. Cox was based on a percentage of the recovered estate of $652,000. However, because of Nevada state law regarding Succession (NRS 134.100), Plaintiff's entitlement is one sixth, 16.66% or $108,623.00 shared equally with Plaintiff's five children thereby reducing the fees expected by Mr. Cox and Mr. Drizin by 90%.

49. As of September 18, 2018. Plaintiff was without counsel nor the financial resources to secure alternate representation.

50. On October 12, 2018, Plaintiff filed an Appeal with the Supreme Court of Nevada, In Propria Persona, within thirty days of Mr. Drizin's notice to the court of his withdrawal as required by the Nevada Rules of Appellate Procedure. Absent funds to engage competent representation combined with repeated refusals by local, state, and federal agencies to investigate, Plaintiff was instructed by the Clerk of the Supreme Court of Nevada a waiver fees required submission of a Petition for In Forma Pauperis status with the Eighth Judicial District Court. Plaintiff was informed the order from the District Court was required within thirty days. {PE#21}

51. Plaintiff asked the Clerk of the Eighth Judicial District Court for directions on the forms needed to file for IFP status and the threshold of qualifying income levels. Plaintiff was

directed to a website URL wherein multiple versions of said form templates were found Plaintiff was informed the State of Nevada had no such schedule of qualification. Absent other specific direction Plaintiff executed an Affidavit and Financial Disclosure Form.

52. On October 13, 2018, Plaintiff filed for In Forma Pauperis status with the Eighth Judicial District Court, Clark County, Nevada. {PE#22}

53. On October 23, 2018, Plaintiff contacted the Clerk of the Eighth Judicial District for status update. Plaintiff was informed the Court's process for IFP motions was assignment to Department Q. The process would take approximately 4 weeks. A special phone number was provided for automated follow up.

54. On November 14, 2018, Plaintiff sent a Motion for In Forma Pauperis status directly to the Clerk of the Nevada Supreme Court. because of Plaintiff's Motion before the Eighth Judicial District was decided by the Law Clerk of Judge William S. Potter. Plaintiff later learned Judge William S. Potter's court as a matter of policy did not file unsigned orders. An Order denying Plaintiff's Motion for IFP status by Judge William S. Potter was not issued and therefore never filed with the Clerk of the Court. {PE#23}

55. On December 4 & 5, 2018, Plaintiff exchanged email messages with the Law Clerk to the Honorable Bryce C. Duckworth, Eighth Judicial District Court of Nevada, Family Division - Department Q. {PE#24}

56. On December 6, 2018, Plaintiff contacted the Law Clerk of Judge William S. Potter about Plaintiff's Motion for IFP status. The Law Clerk claimed to have sent Plaintiff her rejection of Plaintiff's Motion, along with the "correct" forms on November 8, 2018. Plaintiff informed the Law Clerk no such mailing from her court had been received nor was there any record of delivery by the USPS Informed Delivery service. The Law Clerk of Judge William S. Potter said the documents she was resending had to be completed and returned by December 31, 2018.

57. The Postmark on the envelope Plaintiff received from the Law Clerk of Judge William S. Potter, Eighth Judicial District Court containing the November 8, 2018, memorandum and her required forms is December 12, 2018.{PE#25}

58. Plaintiff's Affidavit in support of the Motion for IFP status submitted on October 13, 2018, was stamped "filed" by the Clerk of the Eighth Judicial District on four different dates. The Financial Disclosure Form, submitted simultaneously, bears a single date stamp. [{PE#26}]

59. On December 17, 2018, the Clerk of the Supreme Court of Nevada transmitted an Order to the Eighth Judicial District demanding a filed Order by the District Court be transmitted to Clerk of the Supreme Court of Nevada office within 30 days on Plaintiff's Motion for In Forma Pauperis status. [{PE#27}]

60. On December 19, 2018, Respondent's counsel, Mr. Payne filed a Motion with the Clerk of the Supreme Court of Nevada opposing Plaintiff's Motion for IFP Status for the case on appeal because Plaintiff did not make said request of the District Court when Plaintiff was represented by Mr. Drizin. [{PE#28}]

61. On December 27, 2018, Plaintiff submitted a new Motion for IFP with the Eighth Judicial District, Clark County, Nevada via USPS Priority Mail, using the forms received, which included the same Financial Disclosure Form previously filed and a 5-page Motion and Order Form set not listed on the Nevada Eighth Judicial District Forms available online but confirmed by the Clerk of the Court as those typically used by the Eighth Judicial District Court. [{PE#29}]

62. The USPS attempted delivery on December 29, 2018; however, no one was available to accept. The USPS recorded delivery as 7:17 AM on December 31, 2018. [{PE#30}]

63. On December 31, 2018, at 10:57 AM Judge William S. Potter filed an order which denied Plaintiff's motion for IFP status. Plaintiff's documents, stamped received on December 31, 2018, at 7:17 AM by the Clerk of the Court, were not transmitted to Judge Potter's court until January 2, 2019. [{PE#31}]

64. On January 8, 2019, Judge William S. Potter filed another Order denying Plaintiff IFP status with the Clerk of the Eighth Judicial District. The Order stated Plaintiff's resubmission of a Motion for IFP status was the basis for said Order., although no submission other than December 31, 2018, had been made by Plaintiff. [{PE#32}]

65. On January 9, 2019, the Order by Judge William S. Potter denying Plaintiffs' IFP petition

was entered into the record of the case on appeal by the Clerk of the Nevada Supreme Court. {PE#33}

66. On January 11, 2019, Plaintiff was ordered to file an order from the District Court granting IFP status or pay requisite filing fee within 30 days. {PE#34}

67. On February 11, 2019, Plaintiff filed a Motion to Set Aside Denial of IFP Status and Grant Said Motion for IFP Status with the Clerk of the Supreme Court of Nevada. Plaintiff 's cited ESCOBEDO v. APPLEBEES, 787 F.3d 1235, (9th Cir. 2015), as superior juris prudence directly on point to Appellant's Motion for In Forma Pauperis status: {PE#35}

"In this case, the $350 fee represented roughly forty percent of Escobedo's monthly income before expenses. Once her rent and debt payments were taken into account, she would have had to dedicate the entirety of two-months' worth of her remaining funds, meaning that she would have to forego eating during those sixty days, to save up to pay the filing fee.

As noted above, there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status. Whatever the standard, $350 is a lot of money to many millions of Americans. A person working full-time at a minimum wage job will, with the normal deductions, likely take home less than $350 in a typical forty-hour week."

As published by the United States Court of Appeals, Ninth Circuit, June 4, 2015.

68. On April 5, 2019, Plaintiff's motion was denied because, "appellant has not established he is indigent." {PE#36}

69. Plaintiff's October 13, 2018, filing for IFP status with the Eighth Judicial District Court reported a gross income of $479 per week, below California minimum wage. The Nevada Supreme Court did not regard any of the arguments of law set forth by Plaintiff nor the comments made in the cited case by the U.S. 9th Circuit Court of Appeals.

70. On April 15, 2019, Plaintiff paid the filing fee of $250.00. Plaintiff could not allow the case to fail because under the Nevada law of Succession (NRS 134.100), Plaintiff's children are equally entitled beneficiaries. Consequently, Plaintiff fell behind in residential rent payments.

71. On May 9, 2019, Mr. Payne filed a Motion in the Nevada Supreme Court demanding a $500 Cost Bond paid by Plaintiff. Knowing of Plaintiff's precarious financial status based on Plaintiff's IFP filing, Plaintiff alleges Mr. Payne's used procedural method to force dismissal of the appeal. {PE#37}

72. On June 3, 2019, Plaintiff Opposition to Respondent's Motion for Appellant Cost Bond in the Nevada Supreme Court was filed. Plaintiff pointed to the waiver of cost bond granted to Lenny Jorjorian in response to his request in his Petition for General Administration and Letters of Administration of Plaintiff's mother's estate for Jorjorian's financial benefit and of his brother Ara Jorjorian. {PE#38}

73. On June 14, 2019, Plaintiff's motion for waiver of cost bond was denied by the Nevada Supreme Court without prejudice. Plaintiff was ordered to produce a waiver of the cost bond by the District Court or post the $500 bond. { PE#39}

74. On June 21, 2019, Mr. Payne filed an Opposition to Waiver of Cost Bond in the Eighth Judicial District Court. {PE#40}

75. On July 16, 2019, Plaintiff filed for waiver of cost bond with the Nevada Supreme Court due to failure by the Eighth District Court to issue an Order required by Nevada Rules of Appellate Procedure; Rule 7(b). {PE#41}

76. On August 7, 2019, the Nevada Supreme Court again issued an order allowing Judge William S. Potter, Eighth Judicial District Court an additional thirty days to file the proper order with the Supreme Court within 7 days of filing said order. {PE#42}

77. On August 23, 2019, said Order was filed with the Clerk of the Nevada Supreme Court 16 days later. {PE#43}

78. The order(s) by Judge William S. Potter lacked any reference to legislative intent or state juris prudence, specifically on the use of a word versus a description of the actions of a qualifying violation as intended by the Nevada legislature. The pattern of denial of Plaintiff's rights of Procedural and Substantive Due Process under XIV §1 of the Constitution of the United States and the interstate nature of an alleged obvious interstate financial fraud after acknowledgement on August 1, 2018, of Plaintiff as Issue and heir of Azad Elizabeth Joseph,

raised concerns regarding the motives of Judge William S. Potter prejudice for the lack of consideration in Plaintiff's counsel's and Plaintiff's independent arguments in his decisions.

79. Plaintiff applied the training, knowledge and experience acquired over five decades as a private citizen, corporate intelligence officer and legislative public servant to drill down to the core matter of law at issue with the entire performance of the State of Nevada on the constitutional rights and privileges guaranteed to Azad Elizabeth Joseph and Plaintiff.

80. Absent access to Lexis/Nexus, Plaintiff searched via Google Scholar for similar case decisions by Judge William S. Potter and discovered Judge William S. Potter had been severely disciplined by the Nevada Judicial Commission on November 22, 2017. The NVJC analysis of Judge Potter's behavioral issues including the dates and penalties imposed by the NVJC are significant regarding the entirety of Plaintiff's case in the Eighth Judicial District Court and the Nevada Supreme Court appellate process. {PE#44}

81. On August 15, 2014, Governor Brown of California signed SB 1050 into law, the effect of which changed the California Civil Code and California Government Code limiting the duties and authorities of a Notary Public Commission issued by the California Secretary of State. {PE#45}

82. Plaintiff researched juris prudence, scholarly publications and published court documents regarding Article IV §1 and Article IV §2 of the Constitution of the United States and the statutes and juris prudence there under. Plaintiff verified under the Full Faith and Credit Clause the documents notarized under the authority of the California Secretary of State, executed in the State of California, are governed by the laws of the State of California even if documents executed in California are filed in another state. Article IV §1 of the Constitution of the United States is the governing law of the land as defined by the United States Supreme Court.

83. The Eighth Judicial District Court and the State of Nevada failed to demand proofs of standing for the alleged entitlements based on the disavowed claims made within the PETITION FOR GENERAL ADMINISTRATION AND ISSUANCE OF LETTERS by LENNY JORJORIAN and the AFFIDAVIT OF CONSENT by MARGUERITE FOX a.k.a.

MARGO FOX as notarized in the State of California under CA Civ. Code §1189 and CA Gov. Code §8202. Plaintiff further verified with a Supervisory Investigator for the California Secretary of State, Notary Division; both California Notaries Public whose signature and seal appear on the documents filed by Lenny Jorjorian and Marguerite Fox a.k.a. Margo Fox violate CA Civ. Code §1185 making the seal and signatures of both documents invalid under California law.

84. On September 11, 2019, Plaintiff filed two Motions with the Nevada Supreme Court: [{PE#46}]

a. Motion to Waive Requirement for Cost Bond with the District Court based on the District Court's failure to abide by the Nevada Rules of Appellate Procedure for the second time by not filing Orders with the Clerk of the Court as required by state law.

b. Motion For Summary Judgement to Vacate All Judicial Proceedings, Orders and Actions by the Eighth Judicial District Court for Violation of Article IV §1 of the Constitution of the United States. Plaintiff's basis was the failure of the Eighth Judicial District Court to recognize and abide by the express limitations of the duties of a Notary Public commissioned by the California Secretary of State.

85. On September 17, 2019, Mr. Payne filed a Motion Opposing Waiver of Cost Bond with the Supreme Court of Nevada. [{PE#47}]

86. On October 10, 2019, both of Plaintiff's Motions filed September 11, 2019, were denied by the Supreme Court of Nevada. [{PE#48}]

87. Plaintiff discovered the SCOTUS overturned Nevada v Hall (440 US 410) in May of 2019 by Franchise Tax Board of California v Hyatt I & II (578 US 171 (138 S. Ct. 2710 & No. 17-1299)). In Franchise Tax Board of California v Hyatt, the Court addressed issues of State Sovereignty which had been decided in 1979 by Nevada v Hall. Nevada v Hall addressed the affirmation, intent, and definition of Article IV §1. The Court's decision in 2019 further defined the Full Faith and Credit Clause in Franchise Tax Board of California v Hyatt (Harvard Law Review vol. 130:317 pg. 317-326). Plaintiff argues Franchise Tax Board of California v Hyatt strengthens the definition of Article IV §1, the Full Faith and Credit

Clause, in this and all similar cases filed in the State of Nevada and the several states.

88. In September 2018, Plaintiff filed formal complaints with the US Attorney for the District of Nevada and the Sacramento Sheriff's Department. The US Attorney, Dale Eliason, did not respond despite repeated follow-up attempts. The Sacramento Sheriff's Department refused to accept the report. Plaintiff has also contacted the Nevada County District Attorney, the FBI and the Attorney General of Nevada.

89. Plaintiff sent a written complaint to the Honorable Xavier Becerra, then Attorney General of California. Plaintiff's request to AG Becerra was filtered by the California Attorney General's Public Inquiry Unit. Their response stating the California Attorney General's office does not investigate estate or probate complaints violates the United States Constitutional principles of Law and Equity and the duties of the Attorney General of California specified in Article V §13 of the Constitution of California to protect the sovereign laws of the state.

90. On October 14, 2019, Plaintiff contacted the Clerk of the Nevada Supreme Court about Plaintiff's intent to file a Writ of Mandamus because Plaintiff's prior Motion for Summary Judgement was procedurally denied without addressing the United States Constitutional laws at issue raised in said Motion. Plaintiff believed the State of Nevada, having been the moving and losing litigant in Nevada v Hall would have regard for the decision by the SCOTUS, in particular the definition of Article IV §1. Plaintiff was advised by the Clerk Representative; the fee for the Writ was covered by the filing fee for the appeal because the Writ was related to the case on appeal.

91. On October 28, 2019, Plaintiff's Emergency Writ of Mandamus was received by the Clerk of the Supreme Court of Nevada with a filed stamp dated October 29, 2019. The Article IV §1 Constitutional argument of law at issue was cited as qualified En Banc grounds for the Writ because Nevada had failed to address the Article IV argument as grounds to vacate all prior proceedings of the Eighth Judicial District, Family Division related to the probate of the estate of Azad Elizabeth Joseph, Plaintiff's mother. As to format and content, Plaintiff constructed the Writ in precise accordance with Nevada Rules of Appellate Procedure. [{PE#49}]

92. Contrary to prior instruction Plaintiff paid a $250.00 filing fee for the Writ of Mandamus despite assurances made prior to submission on October 14, 2019.

93. Plaintiff, a Propria Persona litigant, was unable to expand the scope of parties to include Plaintiff's five children, entitled co-equal beneficiaries under Nevada State Law of Succession (NRS 134.100) or the constituency of potential similarly affected citizens of the United States as residents of the State of Nevada.

94. Plaintiff submits persuasive probable cause exists for an order of Audit of criminal and civil judgements made in each independent Nevada Judicial District for identical and/or substantially similar cases since August 15, 2014, litigated in any Nevada District Court, wherein notarized documents executed in California were relied upon as the sole or primary evidence in the disposition of said matters.

95. Plaintiff warrants the Audit will find similar underpinning violations of Franchise Tax Board v Hyatt within multiple Nevada Judicial Districts. Plaintiff's analysis revealed the weaknesses of the independent, non-hierarchal structure Nevada District Court system combined with the requirement for each District to fill and maintain a full-time position for training and research on behalf of each District's judicial officers exposes each District to similar violations. Plaintiff found this position advertised as vacant for over 12 months in the Eighth Judicial District of Nevada alone.

96. On December 31, 2019, a Notice of Transfer to Court of Appeals was executed by Lucy Lupenui, Chief Deputy Clerk, stating the Writ was assigned to the Nevada Court of Appeals. **{PE#50}**

97. This document was never received by Plaintiff, nor is there a record of Informed Delivery of same by the USPS. Because of the holiday and the decision by the Court to mail Notice of Transfer by USPS, Plaintiff could not have received said Notice within the 3-day notice requirement under Nevada law; made moot by the Order of Denial of the Emergency Writ of Mandamus filed by the Nevada Court of Appeals on January 3, 2020. **{PE#51}**

98. On January 6, 2020, Plaintiff's appeal of the ruling by Judge William S. Potter of the Eighth Judicial District Court, Family Division, about Plaintiff's petition to reopen the probate case

for cause was dismissed for failure to pay the $500 Cost Bond. {PE#52}

99. On January 27, 2020, Plaintiff's Petition for Review by the Nevada Supreme Court of the Order of Denial of Plaintiff's Emergency Writ of Mandamus by the Nevada Court of Appeals was filed by the Clerk of the Court. {PE#53}

100. After our first phone conversation in early February, Plaintiff wrote to the First Assistant US Attorney for the District of Nevada, Christopher Baker. Plaintiff wrote again on September 9. 2020. On our second and final conversation after occurred after his receipt of a copy of the Writ of Mandamus, Mr. Baker said his office would not pursue the matter at that time. Mr. Baker said he had read Plaintiff's submission. He did not give any indication the logic of the complaint in the Writ was invalid.

101. On March 4, 2020, the Nevada Supreme Court denied Plaintiff's Petition for Review without comment. {PE#54}

**NEVADA EIGHTH JUDICIAL DISTRICT, FAMILY DIVISION**

**CASE: # G-07-031431-A**

**GUARDIANSHIP OF AZAD ELIZABETH JOSEPH (DECEASED)**

102. Azad Elizabeth Joseph, Plaintiff's mother, was ordered a Ward of the State of Nevada on November 27, 2007.

103. Plaintiff received the 579-page guardianship case file of Azad Elizabeth Joseph in 2019 after sending proof of identity and payment of required records fees with the Eighth Judicial District Records Department. Due to Plaintiff's forced In Propria Persona self-representation during the opposed probate case and appeal from 2018 through 2020, Plaintiff did not complete a full and comprehensive review of the entire Azad Elizabeth Joseph guardianship case file until the summer of 2021.

104. On page 566 of said case file, Judge William S. Potter of the Eighth Judicial District, Family Division, on behalf of the State of Nevada, is the presiding judge over the state guardianship case of Azad Elizabeth Joseph, Plaintiff's mother, beginning on or before March 29, 2017.

105. Plaintiff warrants to the Court throughout the entire guardianship case file of Azad

Elizabeth Joseph there is no indication of any effort by the State of Nevada, or any party empowered by the State, to ensure Process Due Diligence was performed by the guardian, guardian's counsel, or any other party to determine consanguinity, nor did the court demand or receive any such investigative report. As a matter of record the Guardian, Susan Hoy, represented by counsel, Kimberly Boyer, swore under penalty of lying under oath to the court; Azad Elizabeth Joseph, the Plaintiff's mother, had no descendants.

106.    On March 9, 2017, counsel for the guardian of Azad Elizabeth Joseph filed NOTICE OF HEARING ON NINTH ANNUAL ACCOUNTING, PETITION FOR FEES. On March 14, 2017, counsel for the guardian of Azad Elizabeth Joseph filed a NOTICE OF MAILING to parties of interest. LENNY JORJORIAN and ARA JORJORIAN are named in the MAILING MATRIX. Their names do not appear on the First through the Eighth Annual Accounting Notice Mailing Matrix from 2007 through 2016 inclusive.

107.    On March 29, 2017, the Court Minutes of the hearing on the Ninth Annual Accounting, Judge William S. Potter presiding, lists under PARTIES the following: "Parties Receiving Notice, Other, not present." Court records show Judge William S. Potter had knowledge of or the appearance of knowledge of LENNY JORJORIAN and ARA JORJORIAN at least as early as of March 29, 2017.

108.    On October 4, 2017, Counsel for the guardian of Azad Elizabeth Joseph, Plaintiff's mother, filed TENTH AND FINAL ACCOUNTING; PETITION FOR FEES AND FINAL DISTRIBUTION; PETITION FOR DISCHARGE OF GUARDIAN AND FOR CASE CLOSURE. Item 12 within said Petition states, "That, upon the appointment of a personal representative of the estate of AZAD E. JOSEPH, all remaining assets of the estate shall be released to the court-appointed Personal Representative of the Estate of AZAD E. JOSEPH, to be administered according to law."

109.    Judge William S. Potter tried to close the guardianship case on October 25, 2017; however, his order did not become final because he was suspended from the bench for two months without pay by the Nevada Judicial Commission effective on November 22, 2017.

110.    On December 8, 2017, the guardianship case of Azad Elizabeth Joseph was closed by

Judge J. Charles Thompson, AG.

111.    The Eighth Judicial District Court did not appoint a Personal Representative as required by Nevada law to protect the estate of Azad Elizabeth Joseph (deceased) a Protected Person ordered by the Eighth Judicial District Court on December 8, 2017. The State of Nevada negligently failed in its duty to protect the estate of Azad Elizabeth Joseph as a condition of the discharge of the guardian. If the State had ordered said appointment as ordered on December 8, 2017, the Personal Representative would have been in place to stand for the interests of the estate before the Eighth Judicial District, Family Division Probate Court potentially alleviating or eliminating the unlawful, emotionally distressing saga of the loss of mother and son.

112.    The absence of strict scrutiny protecting the rights, privileges and affairs of Azad Elizabeth Joseph, Plaintiff's mother, a citizen of the United States, where the State of Nevada established a custodial special relationship with Plaintiff's mother by declaring her a Ward of the State resulted in the unwarranted exposure of Azad Elizabeth Joseph and her sole Issue to violations of guaranteed protected federal and state laws, privileges, rights and entitlements to Azad Elizabeth Joseph and Plaintiff.

113.    Within the guardianship file of Azad Elizabeth Joseph, Plaintiff discovered overwhelming probable cause that the parties involved in the probate claim to the estate of Azad Elizabeth Joseph, Plaintiff's mother, (Lenny Jorjorian and Marguerite Fox a.k.a. Margo Fox, for the benefit of Lenny Jorjorian and Ara Jorjorian) were collectively involved in premeditated violations of federal and state laws interlocking the cases involving Azad Elizabeth Joseph and Plaintiff associated with these actors and others.

114.    Plaintiff has prepared and requests the Court allow delivery of an Investigative Report in chambers in the presence of opposing counsel(s) for determination by the Court if the report should be received under seal pending an Order of the Court for investigation by the US Attorney and where the threshold of reasonable doubt is met, to prosecute the offenders to protect the Constitution of the United States and the legacies built by generations of American citizens.

115. The prejudices by the State of Nevada towards Plaintiff's legal arguments under the Supremacy Clause regarding the Full Faith & Credit Clause represents a negligent miscarriage of justice because the State of Nevada was the moving and losing litigant in Nevada v Hall (440 US 410) wherein the Court clearly articulated the foundation of the Full Faith and Credit Clause, the foundation of which was remains in Franchise Tax Board of California v Hyatt (139 S.Ct. 1485 (2019):

"The Full Faith and Credit Clause does require each State to give effect to official acts of other States. A judgment entered in one State must be respected in another provided that the first State had jurisdiction over the parties and the subject matter. Moreover, in certain limited situations, the courts of one State must apply the statutory law of another State. Thus, in Bradford Electric Co. v. Clapper (286 U. S. 145), the Court held that a federal court sitting in New Hampshire was required by the Constitution to apply Vermont law in an action between a Vermont employee and a Vermont employer arising out of a contract made in Vermont. But this Court's decision in Pacific Insurance Co. v. Industrial Accident Comm'n (306 U.S. 493), clearly establishes that the Full Faith and Credit Clause does not require a State to apply another State's law in violation of its own legitimate public policy."

"Full faith and credit," this Court concluded, "does not here enable one state to legislate for the other or to project its laws across state lines so as to preclude the other from prescribing for itself the legal consequences of acts within it."

116. The Department of Justice prosecuted 19 cases of guardianship fraud through 2016, resulting in sweeping changes in Nevada's Guardianship Laws. However, despite the efforts of Plaintiff, a multimillion-dollar guardianship fraud case escaped the attention of the State of Nevada due to negligence and apathy by the US Department of Justice.

117. On July 10, 2021, convinced Plaintiff's due process, equal justice and civil rights had been violated and constitutional arguments ignored by Judge William S. Potter, Plaintiff decided to file a complaint with the Nevada Judicial Commission. When verifying Judge William S. Potters' continued service in the Eighth Judicial District, Plaintiff discovered the

NVJC had again disciplined Judge William S. Potter on September 30, 2019. {PE#55}

118. On July 30, 2021, Plaintiff filed a formal complaint with the Nevada Judicial Commission, against Judge William S. Potter, Hearing Master Wesley Yamashita, and the Eighth Judicial District Court for violations of the NVJC using the NVJC cover form and an independently constructed Statement of Facts: {PE#56}

**Canon 1**

**"A judge shall uphold and promote the independence, integrity, and impartiality of the judiciary and shall avoid impropriety and the appearance of impropriety."**

Rule 1.1. Compliance With the Law: "A judge shall comply with the law, including the Code of Judicial Conduct."

Rule 1.2. Promoting Confidence in the Judiciary: "A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary and shall avoid impropriety and the appearance of impropriety."

119. On September 22, 2021, Plaintiff received a response from Dominika Batten, Associate General Counsel, rejecting Plaintiff's complaint because of an omission on the cover form. However, Ms. Batten's grounds for her administrative dismissal referenced a partial citation section of Nevada law. {PE#57}

120. On October 14, 2021, Plaintiff responded with the full citations of the Nevada Revised Statues germane to the matter at issue. {PE#58}

121. On December 13, 2021, Plaintiff received a reply from Ms. Batten. It did not address the issues raised by Plaintiff's October 14, 2021, response to Ms. Batten about Plaintiff's original complaint of July 30, 2021. {PE#59}

**FIRST CLAIM FOR RELIEF**

**Violation of Article IV §1 of the Constitution of the United States**

Plaintiff, Richard Levon Caplan, In Propria Persona, does hereby allege as the First Claim for Relief against All Defendants, including DOES 1 through 10, Violation(s) of Article IV §1 of the Constitution of the United States, as follows:

122. Plaintiff does hereby re-allege and incorporate herein by reference paragraphs 1 through

121, inclusive, of this Complaint as though fully set forth herein.

123. Plaintiff litigated before the Eighth Judicial District Court, Family Division, on appeal before the Nevada Supreme Court and by their assignment the Nevada Court of Appeals, arguing the documents claiming the estate of Azad Elizabeth Joseph, Plaintiff's mother, filed by Lenny Jorjorian and Marguerite Fox a.k.a. Margo Fox in the Eighth Judicial District, Clark County, Nevada on September 5, 2017, having been executed and notarized in California, , are subject to CA Civ. Codes §1185, §1189 and CA Gov. Code §8202 under Article IV §1 the Full Faith & Credit Clause.

124. California SB 1050 was signed into law by Governor Brown on August 15, 2014, with the legislative intent after judicial review to reduce financial fraud by limiting abuse of Notary Public Commissions issued by the California Secretary of State.

125. These changes limited a Notary Public, commissioned by the California Secretary of State, to verification of the identity of a signatory to a notarized document(s) bearing their signature and seal and requiring the disclaimer stating a California Notary Public disavows accuracy, validity and truthfulness of any statement contained in any document lawfully notarized.

126. CA Civ. Code §1185 limits the Notary Public commissioned by the California Secretary of State to their single and exclusive role as a Notary Public of California on any document(s) which bears their signature and seal. Participation in any other/additional role, including acknowledgement of a sworn oath disqualifies the effect of the seal and signature of the Notary Public which invalidates said document(s) as a legally notarized document by the State of California.

## SECOND CLAIM FOR RELIEF

### Violation of Article IV §2 of the Constitution of the United States

Plaintiff, Richard Levon Caplan, In Propria Persona, does hereby allege as the Second Claim for Relief against All Defendants, including DOES 1 through 10, Violation(s) of Article IV §2 of the Constitution of the United States, as follows:

127. Plaintiff does hereby re-allege and incorporate herein by reference paragraphs 1 through

126, inclusive, of this Complaint as though fully set forth herein.

128. The State of Nevada failed in their duties and responsibilities for a Protected Person under Nevada and federal laws by having negligently denied Plaintiff's right of recognition as sole Issue of Azad Elizabeth Joseph since 2007 as would has been recognized by the Federal Government, the State of California, and the several states.

129. Plaintiff's repeated attempts to litigate California sovereign laws governing the powers and authorities of a Notary Public Commission granted by the California Secretary of State in every Nevada judicial venue denied Plaintiff's rights of equal justice under law. There is no record of process due diligence nor proof of any submission of evidence of the actual publication of notice of the probate hearing of the Azad Elizabeth Joseph estate as required by Nevada and federal probate laws.

130. Denial of Plaintiff's Motion for IFP status by the Eighth Judicial District Court based on a single technicality (left unaddressed on appeal by the Nevada Supreme Court) delayed the process of Plaintiff's appeal because of the Eighth Judicial District's failure to follow rules of procedure. The Nevada Supreme Court was required to issue orders to the Eighth Judicial District Court to correct their procedural error(s) on two separate occasions represents a duplicity of procedural and substantive due process, therefore an absence of equal justice afforded Plaintiff by the state judiciary.

## THIRD CLAIM FOR RELIEF

### Violation of Article VI Clause 2 of the Constitution of the United States.

Plaintiff, Richard Levon Caplan, In Propria Persona, does hereby allege as the Third Claim for Relief against All Defendants, including DOES 1 through 10, Violation(s) of Article VI Clause 2 of the Constitution of the United States, as follows:

131. Plaintiff does hereby re-allege and incorporate herein by reference paragraphs 1 through 130, inclusive, of this Complaint as though fully set forth herein.

132. The failures of the Nevada Supreme Court, Nevada Court of Appeals, and the Eighth Judicial District, Family Division to recognize and address the Full Faith and Credit Clause arguments filed by Plaintiff violated the Supremacy Clause of the Constitution of the United

States. There are no State interest's superior to Plaintiff's articulated and judicially justified and defined Constitutional rights and privileges as a citizen of the United States. Failure to recognize the full force and effect of the Supremacy Clause of the Constitution of the United States is responsible for over four years of needless personal and judicial time, monies, and emotional distress.

**FOURTH CLAIM FOR RELIEF**

**Violation of Amendment XIV §1 of the Constitution of the United States**

Plaintiff, Richard Levon Caplan, In Propria Persona, does hereby allege as the Fourth Claim for Relief against All Defendants, including DOES 1 through 10, Violation(s) of Amendment XIV §1 of the Constitution of the United States, as follows:

133. Plaintiff does hereby re-allege and incorporate herein by reference paragraphs 1 through 132, inclusive, of this Complaint as though fully set forth herein.

134. Plaintiff's rights of Due Process were violated by the Defendant(s) by and through the Eighth Judicial District Court, Family Division, Hearing Master Wesley Yamashita, Judge William S. Potter, the Nevada Office of the Attorney General, the Nevada Court of Appeals, the Nevada Supreme Court and the Nevada Judicial Commission:

**In re: Case # P-17-092901-E:**

135. The State of Nevada negligently violated Article IV §1 by failing to recognize the limitations of the duties and authorities of a California Notary Public ignoring the boxed disclaimer included on the signature page, as required by California law, bearing the Seal of the California Secretary of State of the notarized documents filed by Lenny Jorjorian and Marguerite Fox a.k.a. Margo Fox on September 5, 2017, executed in California on August 30, 2017. The State of Nevada negligently converted disavowed hearsay statements by admitting them as factual evidence in violation of CA Civ Code §1189 and thereby Article IV §1 of the Constitution of the United States.

136. Plaintiff alleges violation of Procedural Due Process as there is no entry in the probate case record of the Azad Elizabeth Joseph estate of any demand by the Court(s) for proof of Process Due Diligence related to the claims made by Lenny Jorjorian and/or Marguerite Fox

a.k.a. Margo Fox of succession. Instead, the court accepted hearsay as fact, despite the disclaimers of verified proof of fact on the page bearing the seal of the Notary Public Commission issued by the California Secretary of State.

137. Failure to recuse by Judge William S. Potter under Nevada Rules of Judicial Conduct, Canon 1, Rule 1.1: “a judge must be impartial and have the appearance of impartiality.” resulted in prejudice against Plaintiff. Judge William S. Potter was unfair and prejudiced against Plaintiff for presiding over the Petition to Reopen Probate having presided over the guardianship case of Azad Elizabeth Joseph during which he had prior knowledge of Lenny Jorjorian on or before March 29, 2017, as later evidenced by Judge William S. Potter releasing the personal effects of Azad Elizabeth Joseph, a Protected Person, Plaintiff’s mother, after her death on July 17, 2017, to Lenny Jorjorian while determination of succession remained pending under Nevada probate law.

138. On October 25, 2017, the orders by Judge William S. Potter, in the guardianship case of Azad Elizabeth Joseph, Plaintiff’s mother, were recorded prior to his forced removal from the bench for two months without pay by the Nevada Judicial Commission on November 22, 2017. Judge William S. Potter behaved as though the representations of the counsel for the guardian had a predestinating effect about Lenny Jorjorian and Ara Jorjorian as entitled descendants. The guardian, Susan Hoy, represented by counsel, Kimberly Boyer, swore under penalty of lying under oath that Azad Elizabeth Joseph, the Plaintiff’s mother, had no descendants.

139. Judge William S. Potter returned to the bench on or about January 25, 2018. Judge William S. Potter was assigned to Plaintiff’s Motion to Reopen Probate of the Azad Elizabeth Joseph Estate case on or before June 1, 2018.

140. On August 1, 2018, Judge William S. acknowledged in open court Plaintiff is the Issue (child) of Azad Elizabeth Joseph.

141. Multiple demands from the Clerk of the Nevada Supreme Court to Judge William S. Potter and the Eighth Judicial District Court Clerk to properly file Order(s) on Plaintiff’s repeated Petitions for In Forma Pauperis status represents violations of Procedural Due

Process.

142. The Eighth Judicial District Court's repeated administrative denials of Plaintiff's Motions for IFP status which held accurate information about Plaintiff's financial situation and the Nevada Supreme Court's failure to address Plaintiff's arguments on appeal from the District Court presumes Process is superior to decided US Constitutional law:

143. "In those situations, in which the State has monopolized the avenues of settlement of disputes between persons by prescribing judicial resolution, and where the dispute involves such a fundamental interest as marriage and its dissolution, no State may deny to those persons unable to pay its fees access to those judicial avenues." (Boddie v. Connecticut, 401 U.S. 371 (1971)

**In re: Case # G-07-031431-A:**

144. Plaintiff argues equality of standing for assumption of the Constitutional Rights of a citizen of the United States by the State of Nevada, exercised absent proof of succession, creates a violation of Procedural Due Process against a Protected Person and their Issue(s).

145. The State of Nevada failed its obligations to protect Azad Elizabeth and her Issue(s) with whom it has a "special relationship," such as a custodial relationship that cuts off alternative avenues of aid. (Monfils v. Taylor, 165 F.3d 511, 516 (7th Cir.1998))

**FIFTH CLAIM FOR RELIEF**

**Violation of 42 USC §1981(a) of the Equal Benefit Clause by Nevada State Actor(s)**

Plaintiff, Richard Levon Caplan, In Propria Persona, does hereby allege as the Fifth Claim for Relief against All Defendants, including DOES 1 through 10, Violation(s) of 42 USC §1981(a) of the Equal Benefit Clause by Nevada State Actor(s), as follows:

146. Plaintiff does hereby re-allege and incorporate herein by reference paragraphs 1 through 145, inclusive, of this Complaint as though fully set forth herein.

147. The Eighth Judicial District Court waived the Cost Bond requirement for the Petition for General Administration Lenny Jorjorian, but continuous rejection of Plaintiff's Petition for IFP Status combined with the failure of the Nevada Supreme Court to address the defects in the form used by the Eighth Judicial District Court considering Judge William S. Potter's

recognition of Plaintiff as the rightful heir on August 1, 2018 represents the absence of equality favoring the fraudulent claim versus the lawfully entitled Petition to Reopen Probate of the estate of Azad Elizabeth Joseph filed by Plaintiff. The State of Nevada has shown discrimination against Plaintiff for In Propria Persona representation. Plaintiff has been unjustifiably penalized by the Nevada Supreme Court due to the non-hierarchal structure of the state's judicial system. Rather than addressing the merits of Plaintiff's IFP Petition and Plaintiff's claim of improper, misleading use of category label(s) on the forms named by the Eighth Judicial District Court, the Supreme Court relied on the decision and practice of the District Court, where preponderance of the record shows probable cause of prejudice against Plaintiff's rights existed.

**SIXTH CLAIM FOR RELIEF**

**Violation of 42 USC § 1983 Civil Rights of Richard Levon Caplan [and Plaintiff's mother Azad Elizabeth Joseph (DECEASED)] by Nevada State Actor(s)**

Plaintiff, Richard Levon Caplan, In Propria Persona, does hereby allege as the Sixth Claim for Relief against All Defendants, including DOES 1 through 10, Violation(s) of 42 USC § 1983 Civil Rights of Richard Levon Caplan [and Plaintiff's mother Azad Elizabeth Joseph (DECEASED)] by Nevada State Actor(s), as follows:

148. Plaintiff does hereby re-allege and incorporate herein by reference paragraphs 1 through 147, inclusive, of this Complaint as though fully set forth herein.

149. The guardianship record of Azad Elizabeth Joseph, Plaintiff's mother, is absent proof of Process Due Diligence; discovery of Succession by degrees of consanguinity; violations of the Civil Rights of Azad Elizabeth Joseph and Plaintiff under federal and Nevada state law. The negligence and continuing failures by the State of Nevada to recognize and acknowledge superior Constitutional and federal laws argued by Plaintiff on behalf of personal knowledge of Azad Elizabeth Joseph beyond all other representation(s) made to the court by lawfully unqualified parties were and remain prejudicial acts representing the origin of the nexus of violations alleged in this complaint.

**SEVENTH CLAIM FOR RELIEF**

**(DECLARATORY RELIEF)**

Plaintiff, Richard Levon Caplan, In Propria Persona, does hereby allege as the Seventh Claim for Relief against All Defendants, including DOES 1 through 10, Declaratory Relief as follows:

150.    Plaintiff does hereby re-allege and incorporate herein by reference paragraphs 1 through 149, inclusive, of this Complaint as though fully set forth herein.

151.    As set forth herein, Defendant(s) negligently assumed a custodial relationship of Azad Elizabeth Joseph, a Protected Person by their failure of duty to demand procedural due diligence establishing consanguinity, which would have established the existence of Plaintiff and first cousin, daughter of Levon Joseph, Victoria Ratcliff, thereby having effectively cut off alternative avenues of aid.

152.    Defendant(s) repeatedly ignored valid arguments and points of law on State Sovereignty and the Supremacy Clause of the Constitution of the United States. Defendant(s) acted unaware of the clearly marked disclaimer required for lawfully executed notarized documents executed in the state of California by a Notary Public commissioned by the California Secretary of State under CA Civ Code §1189.

153.    Defendant(s) failed to appoint a Personal Representative in accordance with a District Court order on behalf of the estate of Azad Elizabeth Joseph, Plaintiff's mother, due to a lack of regard for the Civil Rights of Azad Elizabeth Joseph and through their negligence the rights of her only child.

154.    Based on the foregoing, an actual controversy has arisen and now exists between Plaintiff and Defendant(s) concerning their respective rights and duties with respect to a lawful claim for the estate of Azad Elizabeth Joseph and the lawful assumption of guardianship by the State of Nevada.

155.    Accordingly, among the other forms of relief sought herein, Plaintiff seeks a judicial determination of rights and duties, including a declaration that:

        a.  Defendant(s)' conduct by repeatedly ignoring Article IV §1 as decided law violated the Supremacy Clause of the Constitution of the United States.

        b.  Defendant(s)' failure to demand proof of consanguinity prior to consideration

and/or assumption of the civil rights of a citizen of the United States under state
guardianship violated Process Due Diligence, Procedural Due Process,
Substantive Due Process, 42 USC 1983, Amendment XIV §1 and federal juris
prudence

156.    A judicial declaration is necessary and appropriate at this time under the circumstances in
order that Plaintiff may lawfully be recognized as the Issue of the second degree of
consanguinity of Azad Elizabeth Joseph in accordance with the Nevada law of Succession
and to prevent other existing and future violations of the Full Faith and Credit Clause by
Defendants against California and the several states.

## REQUEST FOR RELIEF

Wherefore, Plaintiff Richard Levon Caplan now prays for judgment as follows:

**On the First Claim for Relief for VIOLATION OF ARTICLE IV §1 against All
Defendants, including DOES 1 through 10:**

1.  For An Order:

    a.  The Court assumes jurisdiction of all matters raised in this complaint
        related to the probate of the Azad Elizabeth Joseph estate;

    b.  Causing all judgements and orders related to the probate of the Azad
        Elizabeth Joseph estate by the Eighth Judicial District, Family Division,
        Clark County, Nevada, the Supreme Court of Nevada and the Nevada
        Court of Appeals declared to be unlawful and that they be vacated as
        argued herein;

2.  For actual, compensatory, punitive and/or incidental damages in an amount to be
    determined at trial;

3.  For restitution;

4.  For prejudgment interest in an amount to be determined at the time of trial;

5.  For future attorneys' fees and costs;

6.  For costs of suit herein incurred;

7.  For such other and further relief as this Court deems proper.

**On the Second Claim for Relief for VIOLATION OF ARTICLE IV §2 against All Defendants, including DOES 1 through 10:**

1. For An Order:

    a. This Court has jurisdiction of all matters raised in this complaint related to the assumption of the federally guaranteed rights and privileges of Plaintiff by the Eighth Judicial District Court ordered state guardianship of Azad Elizabeth Joseph by Defendant(s);

    b. To direct the United States Attorney to investigate/prosecute offenders of the Nevada Guardianship case # G-07-031431-A of Azad Elizabeth Joseph and Nevada Probate case # P-17-092901-E of the Azad Elizabeth Joseph Estate based on the details in this complaint and the Investigative Report.

2. For actual, compensatory, punitive and/or incidental damages in an amount to be determined at trial;

3. For restitution;

4. For prejudgment interest in an amount to be determined at the time of trial;

3. For future attorneys' fees and costs;

4. For costs of suit herein incurred;

5. For such other and further relief as this Court deems proper.

**On the Third Claim for Relief for VIOLATION OF ARTICLE VI CLAUSE 2 against All Defendants, including DOES 1 through 10:**

1. For actual, compensatory, punitive and/or incidental damages in an amount to be determined at trial;

2. For restitution;

3. For prejudgment interest in an amount to be determined at the time of trial;

4. For future attorneys' fees and costs;

5. For costs of suit herein incurred;

6. For such other and further relief as this Court deems proper.

**On the Fourth Claim for Relief for VIOLATION OF AMENDMENT XIV §1 against All Defendants, including DOES 1 through 10:**

**In re: Case # P-17-092901-E:**

1. For actual, compensatory, punitive, and/or incidental damages in an amount to be determined at trial;
2. For restitution;
3. For injunctive relief, as appropriate;
4. For prejudgment interest in an amount to be determined at the time of trial;
5. For future attorneys' fees and costs;
6. For costs of suit herein incurred;
7. For such other and further relief as this Court deems proper.

**In re: Case # G-07-031431-A:**

1. For actual, compensatory, punitive, and/or incidental damages in an amount to be determined at trial;
2. For restitution;
3. For injunctive relief, as appropriate;
4. For future attorneys' fees and costs;
5. For costs of suit herein incurred;
6. For such other and further relief as this Court deems proper.

**On the Fifth Claim for Relief for VIOLATION OF 42 USC §1981(a) against All Defendants, including DOES 1 through 10:**

1. For actual, compensatory, punitive and/or incidental damages in an amount to be determined at trial;
2. For restitution;
3. For future attorneys' fees and costs;
4. For costs of suit herein incurred;
5. For such other and further relief as this Court deems proper.

**On the Sixth Claim for Relief for VIOLATION OF 42 USC §1983 against All Defendants, including DOES 1 through 10:**

1. For actual, compensatory, punitive and/or incidental damages in an amount to be determined at trial;
2. For restitution;
3. For future attorneys' fees and costs;
4. For costs of suit herein incurred;
5. For such other and further relief as this Court deems proper.

**On the Seventh Claim for Relief for DECLARATORY against All Defendants, including DOES 1 through 10:**

1. For an order causing all judgements and orders related to the probate of the Azad Elizabeth Joseph estate by the Eighth Judicial District, Family Division, Clark County, Nevada, the Supreme Court of Nevada, and the Nevada Court of Appeals declared to be unlawful and that they be vacated , relating to the issues specified herein, including as set forth under paragraph 156 hereof;
2. For future attorneys' fees and costs;
3. For costs of suit herein incurred;
4. For such other and further relief as this Court deems proper.

**Demand for Jury Trial**

Plaintiffs demand a trial by jury on all issues so triable.

DATED: November 30, 2022

Respectfully Submitted,

**IN PROPIA PERSONA**

By:________________________________
Richard Levon Caplan

**PLAINTIFF**

**CAPLAN v STATE OF NEVADA**

**PLAINTIFF'S LIST OF EXHIBITS**

**CASE #**

| Complaint Notation | Exhibit Description | Source |
|---|---|---|
| PE#1 | Richard L. Caplan Birth Certificate | Copy |
| PE#2 | Richard L. Caplan CDL/Real ID | Copy |
| PE#3 | Azad E. Joseph/Russell B. Caplan Divorce Decree | Copy |
| PE#4 | Jorjorian/Fox Documents Filed 09/14/2017 | Filed Copy |
| PE#5 | Azad Elizabeth Joseph Guardianship Case Cover | Filed Copy |
| PE#6 | Azad E. Joseph - Been Verified 2014 | Copy |
| PE#7 | Authorization of Drizin | Copy |
| PE#8 | Close of probate of the Azad Elizabeth Joseph estate | Copy Court Minutes |
| PE#9 | Filed Motion to Reopen Probate of Azad Elizabeth Joseph estate by Richard Levon Caplan Eighth Judicial District Court | Filed Copy |
| PE#10 | May 22, 2018 letter from Mr. Payne to Mr. Drizin | Copy |
| PE#11 | Margarette Fox Certificate of Death | Filed Copy |
| PE#12 | September 29, 2017 Hearing on Probate of Azad Elizabeth Joseph estate | Filed Copy |
| PE#13 | May 25, 2018 Hearing on Petition to Reopen Probate Demand for Judge | Filed Copy |
| PE#14 | Email from Mr. Drizin. Hearing set before Judge Voy. | Copy |
| PE#15 | Email from Mr. Berman summarizing outcome of August 1, 2018 hearing before Judge William S. Potter. | Copy |
| PE#16 | Amended Petition - Notice of Hearing 8-28-2018 regarding Petition to Reopen Probate of the Azad Elizabeth Joseph estate by Richard Levon Caplan | Filed Copy |
| PE#17 | Payne opposition to Amended Petition | Filed Copy |
| PE#18 | Keskeys/Joseph Divorce Decree | |
| PE#19 | Orders by Judge William S. Potter on August 14, 2018 | Filed Copy |
| PE#20 | Payne/Jorjorian fail to identify Victoria Ratcliff | Filed Copy |
| PE#21 | Plaintiff filed for Appeal October 2, 2018 | Copy |
| PE#22 | Plaintiff filed for IFP status with Eighth Judicial District sent October 13, 2018 | Filed Copy |

| | | |
|---|---|---|
| PE#23 | Letter to NVSC regarding absence of response by Eighth Judicial District filed November 14, 2018 | Filed Copy |
| PE#24 | Email exchange with Clerk of Department Q, Eighth Judicial District | Copy |
| PE#25 | Demand for IFP resubmission sent 12/12/2018. | Image |
| PE#26 | Affidavit & Financial Disclosure Form submitted October 13, 2018 w/ multiple filed date stamps by Eighth Judicial District | Filed Copy |
| PE#27 | Order by NVSC to Eighth Judicial District Court for failure to file order re: Plaintiff IFP petition | Filed Copy |
| PE#28 | Opposition filed by Payne with NVSC to Plaintiff's petition for IFP status | Filed Copy |
| PE#29 | Eighth Judicial District Dept. M Law Clerk directed resubmission of Plaintiff's IFP Petition | Copy |
| PE#30 | USPS tracking data 12/27/2018 | Copy |
| PE#31 | Denial of Plaintiff's IFP Petition by Judge William S. Potter 12/31/2018 | Filed Copy |
| PE#32 | Denial of Plaintiff's IFP Petition by Judge William S. Potter 01/08/2019 | Filed Copy |
| PE#33 | Denial 12-31-18 filed by NVSC clerk 01/03/2019 | Filed Copy |
| PE#34 | NVSC 30-day order - 19-01716 | Filed Copy |
| PE#35 | Motion to set aside denial of IFP | Filed Copy |
| PE#36 | NVSC denial of IFP | Filed Copy |
| PE#37 | Payne demand for Cost Bond | Filed Copy |
| PE#38 | Opposition to motion for Cost Bond | Filed Copy |
| PE#39 | NVSC waiver denied seek EJDC first | Filed Copy |
| PE#40 | Payne opposition to EJDC waiver of Cost Bond | Filed Copy |
| PE#41 | Motion to waive Cost Bond due to failure of timely ruling by EJDC | Filed Copy |
| PE#42 | NVSC 2nd demand for orders by EJDC | Filed Copy |
| PE#43 | EJDC reply to NVSC order | Filed Copy |
| PE#44 | Matter of William S. Potter, Certified Copy | Filed Copy |
| PE#45 | CA SB1050 CHP197 | Copy |
| PE#46 | NVSC 9-11-2019 motions | Filed Copy |
| PE#47 | NVSC Payne opposition waiver cost bond | Filed Copy |
| PE#48 | NVSC denial of 9-11-2019 motions | Filed Copy |
| PE#49 | Writ of Mandamus filed with NVSC | Filed Copy |
| PE#50 | Writ transferred to NV COA | Copy |
| PE#51 | NVCOA denial of Writ | Filed Copy |
| PE#52 | NVSC dismissal of appeal | Filed Copy |
| PE#53 | Request review of COA decision by NVSC | Filed Copy |
| PE#54 | NVSC denial of COA review | |

| PE#55 | 2020_09_30_NVJC v Potter | Filed Copy |
|---|---|---|
| PE#56 | NVJC Complaint re: William S. Potter final | Copy |
| PE#57 | LTR from Assoc. Counsel rejecting complaint | Copy |
| PE#58 | LTR to Dominika Batten NVJC 10-14-2021 | Copy |
| PE#59 | Reply from NVJC 12-13-21 | Copy |



CERTIFICATION OF VITAL RECORD

COUNTY OF LOS ANGELES• REGISTRAR-RECORDER/COUNTY CLERK

EXHIBIT PE#1
CAPLAN v NEVADA

# CERTIFICATE OF LIVE BIRTH

STATE OF CALIFORNIA—DEPARTMENT OF PUBLIC HEALTH

STATE FILE No | REGISTRATION DISTRICT No 1901 | REGISTRAR'S NUMBER 35494

| | | | | |
|---|---|---|---|---|
| THIS CHILD (TYPE OR PRINT NAME) | 1A. CHILD'S FIRST NAME: RICHARD | 1B. MIDDLE NAME: LEVON | 1C. LAST NAME: CAPLAN | |
| | 2. SEX: MALE | 3A. THIS BIRTH, SINGLE, TWIN, OR TRIPLET?: SINGLE | 3B. IF TWIN OR TRIPLET, THIS CHILD BORN 1ST, 2ND, 3RD | 4A. DATE OF BIRTH—MONTH, DAY, YEAR: SEPTEMBER 14,1953; 4B. HOUR: 11:58PM |
| PLACE OF BIRTH | 5A. COUNTY: Los Angeles | 5B. CITY OR TOWN: Los Angeles (INSIDE CORPO. RATE LIMITS: X) | | |
| | 5C. FULL NAME OF HOSPITAL OR INSTITUTION: Cedars of Lebanon Hospital | 5D. ADDRESS: 4833 Fountain Ave. Los A. 29, Calif. | | |
| USUAL RESIDENCE OF MOTHER (WHERE DOES MOTHER LIVE?) | 6A. STATE: California | 6B. COUNTY: LosAngeles | 6C. CITY OR TOWN: North Hollywood (INSIDE CORPO. RATE LIMITS: ✓) | 6D. STREET OR RURAL ADDRESS: 5634 Laurel Canyon |
| MOTHER OF CHILD ✓ | 7A. MAIDEN NAME OF MOTHER—FIRST NAME: AZAD | 7B. MIDDLE NAME: ELIZABETH | 7C. LAST NAME: JOSEPH | 8. COLOR OR RACE OF MOTHER: CAUCASIAN |
| | 9. AGE OF MOTHER (AT TIME OF THIS BIRTH): 32 YEARS | 10. BIRTHPLACE (STATE OR FOREIGN COUNTRY): California | 11. MAILING ADDRESS OF MOTHER—IF DIFFERENT FROM USUAL RESIDENCE (FOR NOTIFICATION OF BIRTH REGISTRATION) | |
| FATHER OF CHILD | 12A. NAME OF FATHER—FIRST NAME: RUSSELL | 12B. MIDDLE NAME: B. | 12C. LAST NAME: CAPLAN | 13. COLOR OR RACE OF FATHER: CAUCASIAN |
| | 14. AGE OF FATHER (AT TIME OF THIS BIRTH): 35 YEARS | 15. BIRTHPLACE (STATE OR FOREIGN COUNTRY): California | 16A. USUAL OCCUPATION: Machinist | 16B. KIND OF BUSINESS OR INDUSTRY: General Motors |
| INFORMANT'S CERTIFICATION | I M[MaT CHTffT II4AT Tk'l Aaowt STATU) • FOallAnc:a 5 IIIIL &Q a-1t1CTTO'h11KST Of■TIICIallS\.f°" | 17A. SIGNATURE OF PARENT OR OTHER INFORMANT (IF OTHER THAN PARENT, SPECIFY): Azad Caplan | 17B. DATE SIGNED BY PARENT OR OTHER INFORMANT: Sept 16-1953 | |
| ATTENDANT'S CERTIFICATION | I M£I(['S\"Ctlrfff'YTMA'flm-BIM.1iTtwi"i.il" A.-o THAT THI CMlD WU _, . . . AUWE AT Tit[ ttOU• oan aWO r u . a . suno awow£ | 18A. SIGNATURE OF ATTENDANT: [signature] M.D. | 18B. ADDRESS: 436 No. Roxbury Dr. | |
| REGISTRAR'S CERTIFICATION | 19. DATE RECEIVED BY LOCAL REGISTRAR: t:p 1 8 1953 | 20. SIGNATURE OF LOCAL REGISTRAR: [signature] | 21. DATE ON WHICH NAME ADDED BY SUPPLEMENTAL NAME REPORT | |

Thia 1l to certif), that this document 1a a true copy of the ottlelal record filed with the Registrar-Recorder /County Clerk.

CMAR ii S WEISSBURD
Registrar-Recorder/County Clerk

MAY201992
19-0831906

EXHIBIT PE#1
CAPLAN v NEVADA

This copy not vahd unless prepared on engraved border displaying the Seal and Signature of the Regis1rar-Recorder/Coun1y Clerk.

American Bank Note Company

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

California USA DRIVER LICENSE

DL D8290233 CLASS C
EXP 09/14/2024 END NONE
LN CAPLAN
FN RICHARD LEVON
21706 VENTURA BLVD
WOODLAND HLS, CA 91364
DOB 09/14/1953
RSTR NONE 09141953

SEX M HAIR GRY EYES BRN
HGT 6'-02" WGT 245 lb
DD 09/20/201968020/DDFD/24 ISS 09/20/2019

(SPACE BELOW FOR FILING STAMP ONLY)

J. G&OftGB IIIIAOIN
Anoaan A-r LAW
I -. tlO'n'N Ylll"C .-ninT
•-01el

Alloneyfot --Pc.l.LiB11.1uDJJt..a,1.1.f.1.f-----

FILED NOV 2 - 1955 HAROLD J. OSTLY, County Clerk R. Franklin

IN M SUPERIOR COURT OP nm STATE OP IA.

IN AND POil nil COUNTY OP LOS ANGELES

AZAD X. CAPLAN,

Plairititt

-va-

RUSSELL B. CAPLAN,

Detendant

D494490

No. ___ _

COMPLAINT POR DIVORCE

(extrel1e cruelty)

comes now.the plain 1tf, and for a cause or action a.gain• the defendaht,, alleges ae tollowa:

I

.Plaintiff.and defendant intermanie on Septelll1>er 21, 1952, and ever ,µnee then, and now, ai-e hua'1"11(I and wtte.

II

Plaintiff ia now, and for·more than one year laat past hae been a resident of the County of Loa Angeles, State or Calit- ornia.

III

'l'hat the statistical info1··cnat1on as required by Section 1426a ot the Code ot Civil Procedure is as follows:

(1) Place or arriage: Lan Vegas, Nevada

(2) Date of marr' e: Sept mber 21, 1952

(3j Pate cf reparation: en er bout August L, 1 55

(4) '!P.i! lapsln tetw e date cf 111ari:-1age nd date of separation: 2 years, 10 months and 25 days.

5. There 1a one child the 1aeue ot aa1d aarr1age, a Idnor, namelys ·tU.ohard Levon Caplan, born on September 14, 1953. Said child, a eon, ia presently living with the pla1nt1tt.

IV

Th.at the COINIIWlity property ot the part1ea hereto conalate or furniture and furnishings in the ta.mily home ot the part1.u located at 4523 Wood1111n Avenue, Van Nuya, Ca11torn1a, a Pontiac automobile, inaurance policies, the exact character and nature thereof unknown to plaintiff but known to the defendant, and other personal property. the extent, natW'e and exact deeo 1pt1on &nd value thereof being unknown to plaintiff but lcnown to detendant.

V

That since the marriage of the part1ea, defendant, Mithout cause or provocation ha.a treated pla1nt1tf with extreme cruelty and wrong.Cully- inflicted upoc- her grievous mental aut.rering and bodily injury.

VI

That plaintiff ia a fit and proper person to have the carff,; custody and control of said minor child or the parties, and defendant is not a tit and proper person to have auch care, custody and control.

VII

That it 18 necessary for plaintiff to have the services of an attorney to institute and prosecute the above entitled action against the defendant. That plaintiff 1& without funds to ma1nta1h and support herself and said minor child, eithe perinanent11 or during the pendency of this action, or pay the coats and attorneysi• tees which will necessarily be incurred by plaintiff in connection with aa1d action. That' :endant has the financial 1r1eana and earning r,c.wer to pay s 1·eason&.ble sum for each and all or said 1temc.

WH.EHEFCRE, pl intlff pray Judgment against th oefendant

„ O°O°C.C •••O•" ΛP . . ·&'fj &fLA# HQ;.UWOOD aa ».Ou.......;a oł-Ot• I

as tollow•r

1. That the Donda of'.matrimony now existing between pla1ntitt and defendant be d1aaolved•,

2-• That the community prope t1 ot the parties shall be dJ.atribut d pursuant to law.and in auch manner as th• cow-t shall deem proper;

3. That the excluatve care, custody and control or P.1d minor child, Richard Levon Caplan, **be awarded** to plaintiff, •1th right of reaaonable visitation **reserved** to the detendant;

4. That detendant b• ordered to pa1 plaint1tt alilllODT and support mon.el, tor 881d minor child, the amount andS t1•• ot par•ment to be fixed by the Court;

5. That defendant be ordered to pay plaint1tt•• attorney a reasonable fee tor hi• servioea rendered and to be rendered herein, in sueh BWII aa shall be t1xed by the Court;

6. For costs ot eu1t incurNd herein, and such the1• and turther. relief aa to the court uhall deem Just,

J. GEORGE BRAGIN
Attorney for na1nt'-lrr

-j-

EXHIBIT PE#3
CAPLAN v NEVADA

EXHIBIT PE#3
CAPLAN v NEVADA

EXHIBIT PE#4
CAPLAN v NEVADA

Electronically Filed
9/5/2017 3:07 PM
Steven D. Grierson
CLERK OF THE COURT

$ 537.50 CHECK# 20510 CLERK

PET
LENNY JORJORIAN
PETITIONER IN PROPER PERSON
9020 Lismore Drive
Elk Grove, California 95624
(916) 801-5883

CYNTHIA L. REED
PETITIONER IN PROPER PERSON
4601 W. Sahara Avenue #L
Las Vegas, Nevada 89102
(702) 248-1212

**DISTRICT COURT**
CLARK COUNTY, NEVADA

| In the matter of the estate of: | ) | P-17-092901-E |
|---|---|---|
| AZAD E. JOSEPH | ) | Case No. : Department M |
| Deceased. | ) | Dept. No.: PC-1 |

**PETITION FOR GENERAL ADMINISTRATION AND ISSUANCE OF LETTERS**

TO: THE HONORABLE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK.

The Petition of LENNY JORJORIAN and CYNTHIA L. REED, Co-Petitioners, respectfully represents to the Court as follows:

1. That AZAD E. JOSEPH died on the 20th day of July, 2017, in the City of Las Vegas, County of Clark, Nevada. A copy of decedent's certified certificate of is attached hereto as Exhibit "A", and by reference made a part hereof.

2. That decedent was, at the date of her death, a resident of the County of Clark, State of Nevada; and that her estate consists of certain personal in an amount exceeding $300,000.00 and that a 2017 estate tax return may be required to be filed.

3. That decedent was unmarried at the time of her death, had no living children, no living siblings, but one surviving niece and two surviving grand nephews. That Co-Petitioner, LENNY JORJORIAN, is the grand nephew of decedent.

5. The decedent died intestate.

6. That the names, ages, decedent, so far as are known to Petitioners are:

| Name | Age | Relationship | Address |
|---|---|---|---|
| Richard Keskeys | Adult | Son / deceased 1960 never married / no children | |
| Yvonne Ring | Adult | Sister / deceased 2004 | |
| Marguerite Fox a.k.a Margo Fox | Adult | Niece; Daughter of Yvonne Ring | 8976 Water Song Circle Roseville, California 95747 |
| Lenny Jorjorian | Adult | Grand Nephew; Son of Marguerite Fox | 9020 Lismore Drive Elk Grove, California 95624 |
| Ara Jorjorian | Adult | Grand Nephew; Son of Marguerite Fox | 8976 Water Song Circle Roseville, California 95747 |

7. That Attorney KIM BOYER ESQ. filed a Receipt with the Court for Susan Hoy of Nevada Guardian Services, appointed Guardian for decedent's person and estate (G-07-031421-A), entitling LENNY JORJORIAN and ARA JORJORIAN, decedent's grand nephews, to take possession of decedent's personal property because decedent's niece, MARGUERITE FOX (a.k.a. MARGO FOX), is elderly and infirm, and incapable of acting as Petitioner/Administrator on behalf of the estate. A copy of said Receipt is attached hereto as Exhibit "B", and by reference made a part hereof.

8. That the names and residence addresses of the persons for whom Letters of Administration are prayed are LENNY JORJORIAN, 9020 Lismore Drive, Elk Grove, California 95624 and CYNTHIA L. REED, 4601 W. Sahara Avenue #L, Las Vegas, Nevada 89102.

9. That Petitioners not be required to post bond, but that they be estopped from transferring any estate property absent order of this Court.

10. That Petitioners have never been convicted of a felony.

11. That a blocked account be established prior to the issuance of Letters of Administration with an IRS federal tax identification number.

WHEREFORE, Petitioners pray:

A. That a time be fixed for the hearing of this Petition.

B. That if the Court finds that the total value of said estate exceeds the sum of $300,000.00, the same may be administered under General Administration.

C. That Letters of Administration be granted to LENNY JORJORIAN, 9020 Lismore Drive, Elk Grove, California 95624 and CYNTHIA L. REED, 4601 W. Sahara Avenue #L, Las Vegas, Nevada 89102.

D. That all regular proceedings and notices be dispensed with, except for notice required by NRS 145.030 and Notice of Application for Attorney's Fees.

E. That no bond be required to be posted by Petitioners.

F. That Petitioners be estopped from transferring any estate property absent order of this Court.

G. That a blocked account be established prior to the issuance of Letters of Administration with an IRS federal tax identification number.

H. For such other and further relief as the Court may deem proper in the premises.

Submitted by:

DATED August 30, 2017

LENNY JORJORIAN
PETITIONER IN PROPER PERSON

DATED Sept. 1, 2017

CYNTHIA L. REED
PETITIONER IN PROPER PERSON

STATE OF CALIFORNIA )
) ss.
COUNTY OF SACRAMENTO )

VERIFICATION

LENNY JORJORIAN, being first duly sworn according to law, deposes and says: That he is the Petitioner in the above-entitled action, that he has read the foregoing Petition for General Administration and Issuance of Letters, and knows the contents thereof; that the same is true of his own knowledge, except for any matters therein stated upon information and belief, and as to those matters therein stated, he believes them to be true.

LENNY JORJORIAN

SUBSCRIBED and SWORN to before me this 30TH day of Aug., 2017

Amarjit K. Dhaliwal
Notary Public in and for the
State of California, County of Sacramento

STATE OF CALIFORNIA )
) ss.
COUNTY OF SACRAMENTO )

ACKNOWLEDGMENT

On this 30TH day of Aug., 2017, personally appeared before me, a Notary Public, in and for the State of California, County of Sacramento, LENNY JORJORIAN, known to me to be the person described in and who executed the foregoing instrument, Petition for General Administration and Issuance of Letters, who acknowledged to me that he executed the same freely and voluntarily and for the same uses and purposes therein mentioned.

Witness my hand and official seal the day and year in this certificate first written above.

Amarjit K. Dhaliwal
Notary Public in and for the
State of California, County of Sacramento

## ACKNOWLEDGMENT

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of SACRAMENTO )

On 08/30/2017 — before me, AMARJIT K DHALIWAL, NOTARY PUBLIC
(insert name and title of the officer)

personally appeared LENNY ROD JORJORIAN. who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature Amarjit K. Dhaliwal (Seal)

AMARJIT K. DHALIWAL
COMM. # 2062294
NOTARY PUBLIC - CALIFORNIA
SACRAMENTO COUNTY
COMM. EXPIRES MARCH 24, 2018
MGC1

STATE OF NEVADA )
) ss.
COUNTY OF CLARK )

VERIFICATION

CYNTHIA L. REED, being first duly sworn according to law, deposes and says: That she is the Petitioner in the above-entitled action, that she has read the foregoing Petition for General Administration and Issuance of Letters, and knows the contents thereof; that the same is true of her own knowledge, except for any matters therein stated upon information and belief, and as to those matters therein stated, she believes them to be true.

CYNTHIA L. REED

SUBSCRIBED and SWORN to before me
this 1 day of Sept., 2017

Notary Public in and for the
State of Nevada, County of Clark

JENNY GAMEZ
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 07-02-2020
Certificate No: 04-90879-1

STATE OF NEVADA )
) ss.
COUNTY OF CLARK )

ACKNOWLEDGMENT

On this 1 day of September, 2017, personally appeared before me, a Notary Public, in and for the State of Nevada, County of Clark, CYNTHIA L. REED, known to me to be the person described in and who executed the foregoing instrument, Petition for General Administration and Issuance of Letters, who acknowledged to me that she executed the same freely and voluntarily and for the same uses and purposes therein mentioned.

Witness my hand and official seal the day and year in this certificate first written above.

JENNY GAMEZ
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 07-02-2020
Certificate No: 04-90879-1

Notary Public in and for the
State of Nevada, County of Clark

EXHIBIT PE#4
CAPLAN v NEVADA

# EXHIBIT "A"

EXHIBIT PE#4
CAPLAN v NEVADA



CERTIFICATION OF VITAL RECORD

# DEPARTMENT OF HEALTH AND HUMAN SERVICES
## DIVISION OF PUBLIC AND BEHAVIORAL HEALTH
## VITAL STATISTICS

CASE FILE NO. 3972599

# CERTIFICATE OF DEATH

2017015426
STATE FILE NUMBER

TYPE OR PRINT IN PERMANENT BLACK INK

**DECEDENT**

1a. DECEASED-NAME (FIRST,MIDDLE,LAST,SUFFIX): Azad Elizabeth **JOSEPH**
2. DATE OF DEATH (Mo/Day/Year): July 20, 2017
3a. COUNTY OF DEATH: Clark
3b. CITY, TOWN, OR LOCATION OF DEATH: Las Vegas
3c. HOSPITAL OR OTHER INSTITUTION -Name(If not either, give street an: Nathan Adelson Hospice
3e. If Hosp. or Inst. indicate DOA,OP/Emer. Rm. Inpatient(Specify): Hospice Facility (HFS)
4. SEX: Female
5. RACE (Specify): Armenian
6. Hispanic Origin? Specify: No - Non-Hispanic
7a. AGE-Last birthday (Years): 95
7b. UNDER 1 YEAR (MOS / DAYS):
7c. UNDER 1 DAY (HOURS / MINS):
8. DATE OF BIRTH (Mo/Day/Yr): July 16, 1922
9a. STATE OF BIRTH (If not US/CA, name country): California
9b. CITIZEN OF WHAT COUNTRY: United States
10. EDUCATION: 12
11. MARITAL STATUS (Specify): Never Married
12. SURVIVING SPOUSE'S NAME (Last name prior to first marriage):
13. SOCIAL SECURITY NUMBER: -
14a. USUAL OCCUPATION (Give Kind of Work Done During Most of: Sales
14b. KIND OF BUSINESS OR INDUSTRY: Cosmetics
Ever in US Armed Forces? Yes

IF DEATH OCCURRED IN INSTITUTION SEE HANDBOOK REGARDING COMPLETION OF RESIDENCE ITEMS →

15a. RESIDENCE - STATE: Nevada
15b. COUNTY: Clark
15c. CITY, TOWN OR LOCATION: Las Vegas
15d. STREET AND NUMBER: 4141 South Swenson Street
15e. INSIDE CITY LIMITS (Specify Yes or No): Yes

**PARENTS**

16. FATHER/PARENT - NAME (First Middle Last Suffix): Richard JOSEPH
17. MOTHER/PARENT - NAME (First Middle Last Suffix): Margaret Pearl CHAPMAN
18a. INFORMANT- NAME (Type or Print): Ara JORJORIAN
18b. MAILING ADDRESS (Street or R.F.D. No, City or Town, State, Zip): 8976 Water Song Circle Roseville, California 95747

**ISPOSITION**

19a. BURIAL, CREMATION, REMOVAL, OTHER (Specify): Removal/Burial
19b. CEMETERY OR CREMATORY - NAME: Truckee-tahoe Mortuary
19c. LOCATION City or Town State: Truckee California 96161
20a. FUNERAL DIRECTOR - SIGNATURE (Or Person Acting as Such): **CHRIS WALTERS** SIGNATURE AUTHENTICATED
20b. FUNERAL DIRECTOR LICENSE NUMBER: FD64
20c. NAME AND ADDRESS OF FACILITY: Desert Memorial Cremation and Burial 1111 Las Vegas Blvd N Las Vegas NV 89101

**'RADE CALL**

TRADE CALL - NAME AND ADDRESS

**CERTIFIER**

To Be Completed by CERTIFYING PHYSICIAN

21a. To the best of my knowledge, death occurred at the time, date and place and due to the cause(s) stated.(Signature & Title) SIGNATURE AUTHENTICATED **FEROZAN MALAL MD**
21b. DATE SIGNED (Mo/Day/Yr): August 17, 2017
21c. HOUR OF DEATH: 20:06
21d. NAME OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER (Type or Print)

To Be Completed by CORONER'S OFFICE

22a. On the basis of examination and/or investigation, in my opinion death occurred at the time, date and place and due to the cause(s) stated. (Signature & Title)
22b. DATE SIGNED (Mo/Day/Yr)
22c. HOUR OF DEATH
22d. PRONOUNCED DEAD (Mo/Day/Yr)
22e. PRONOUNCED DEAD AT (Hour)

23a. NAME AND ADDRESS OF CERTIFIER (PHYSICIAN, ATTENDING PHYSICIAN, MEDICAL EXAMINER, OR CORONER) (Type or Print): Ferozan Malal MD 4141 Swenson Street Las Vegas, NV 89119
23b. LICENSE NUMBER: 11605

**REGISTRAR**

24a. REGISTRAR (Signature): **NANCY BARRY** SIGNATURE AUTHENTICATED
24b. DATE RECEIVED BY REGISTRAR (Mo/Day/Yr): August 18, 2017
24c. DEATH DUE TO COMMUNICABLE DISEASE: YES ☐ NO ☒

**CAUSE OF DEATH**

CONDITIONS IF ANY WHICH GAVE RISE TO IMMEDIATE CAUSE STATING THE UNDERLYING CAUSE LAST

25. IMMEDIATE CAUSE (ENTER ONLY ONE CAUSE PER LINE FOR (a), (b), AND (c).)

PART I
(a) Alzheimer's Dementia — Interval between onset and death:
DUE TO, OR AS A CONSEQUENCE OF:
(b) End Stage Alzheimer's Dementia — Interval between onset and death:
DUE TO, OR AS A CONSEQUENCE OF:
(c) — Interval between onset and death:
DUE TO, OR AS A CONSEQUENCE OF:
(d) — Interval between onset and death:

PART II OTHER SIGNIFICANT CONDITIONS-Conditions contributing to death but not resulting in the underlying cause given in Part 1.
26. AUTOPSY (Specify Yes or No): No
27. WAS CASE REFERRED TO CORONER (Specify Yes or No): Yes

28a. ACC., SUICIDE, HOM., UNDET. OR PENDING INVEST. (Specify)
28b. DATE OF INJURY (Mo/Day/Yr)
28c. HOUR OF INJURY
28d. DESCRIBE HOW INJURY OCCURRED
28e. INJURY AT WORK (Specify Yes or No)
28f. PLACE OF INJURY- At home, farm, street, factory, office building, etc. (Specify)
28g. LOCATION STREET OR R.F.D. No. CITY OR TOWN STATE

**STATE REGISTRAR**

VRS-Rev-20120523a

CERTIFIED COPY OF VITAL RECORDS

This is a true and exact reproduction of the document officially registered and placed on file in the office of the State Registrar and Vital Records.

DATE ISSUED: AUG 22 2017

STATE REGISTRAR

This copy is not valid unless prepared on engraved border displaying date, seal and signature of Registrar.

GREAT SEAL OF THE STATE OF NEVADA

STATE OF NEVADA — OFFICE of the STATE REGISTRAR and VITAL RECORDS — DEPARTMENT OF HEALTH AND HUMAN SERVICES

EXHIBIT PE#4

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

EXHIBIT PE#4
CAPLAN v NEVADA

# EXHIBIT "B"

EXHIBIT PE#4
CAPLAN v NEVADA

**AFFT & WAIV**
LENNY JORJORIAN
PETITIONER IN PROPER PERSON
9020 Lismore Drive
Elk Grove, California 95624
(916) 801-5883

CYNTHIA L. REED
PETITIONER IN PROPER PERSON
4601 W. Sahara Avenue #L
Las Vegas, Nevada 89102
(702) 248-1212

**DISTRICT COURT**
CLARK COUNTY, NEVADA

| | |
|---|---|
| In the matter of the estate of:<br><br>AZAD E. JOSEPH<br><br>Deceased. | Case No. :<br>Dept. No.: PC-1 |

STATE OF CALIFORNIA )
) ss.
COUNTY OF PLACER )

**AFFIDAVIT OF CONSENT TO APPOINTMENT OF ADMINISTRATOR, RENUNCIATION OF CLAIM TO ESTATE, WAIVER OF NOTICE AND WAIVER OF APPRAISAL**

MARGUERITE FOX a.k.a MARGO FOX, being first duly sworn according to law, deposes and says:

1. That she is the niece of the decedent, AZAD E. JOSEPH, and a contingent beneficiary under law of her estate.

2. That she the mother of Petitioner herein LENNY JORJORIAN.

3. That she expressly consents to the appointment of LENNY JORJORIAN and CYNTHIA L. REED as Administrators of the estate of AZAD E. JOSEPH.

4. That to the best of her knowledge, decedent was unmarried at the time of her death, had no living children, no living siblings, but one surviving niece and two surviving grand nephews.

That Co-Petitioner, LENNY JORJORIAN, is the grand nephew of decedent. That decedent died intestate.

5. That under NRS 134.060(2), she is entitled to inherit one-hundred (100%) of decedent's estate.

6. That she hereby renounces her claim to any portion of the estate and assigns it to favor her sons LENNY JORJORIAN and ARA JORJORIAN, in equal shares.

7. That she makes this affidavit freely and voluntarily, without coercion and under no duress.

8. That she hereby waives her right to receive notice of any and all proceedings in the matter of the Estate of AZAD E. JOSEPH.

9. That she hereby waives professional appraisal of the personal property of the estate.

DATED this 30 day of August, 2017.

MARGUERITE FOX a.k.a MARGO FOX

SUBSCRIBED and SWORN to before me this 30 day of August, 2017

Notary Public in and for the
State of California, County of Placer

See attached for seal.

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Placer

Subscribed and sworn to (or affirmed) before me on this 30 day of August, 2017, by Margo Fox ______________________, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

SUSAN ROMANISHIN
COMM. # 2100408
NOTARY PUBLIC - CALIFORNIA
SACRAMENTO COUNTY
COMM. EXPIRES FEB. 16, 2019

(Seal) Signature ______________________

EXHIBIT PE#5
CAPLAN v NEVADA

ORIGINAL

**PAG**
KIM BOYER, CELA
Nevada Bar #5587
**BOLICK & BOYER**
10785 W. Twain Ave., Suite 200
Las Vegas, Nevada 89135
(702) 870-6060
Attorney for Petitioner

FILED
Nov 27 4 46 PM '07
CLERK OF THE COURT

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| In the matter of the Guardianship of the Person and Estate of<br><br>AZAD E. JOSEPH,<br><br>An Adult. | Case No.: G-07-031421-A<br>Dept. No.: H<br><br>Date of Hearing:<br>Time of Hearing: |

**PETITION FOR APPOINTMENT OF TEMPORARY GUARDIAN, PETITION FOR APPOINTMENT OF GENERAL GUARDIAN**

Petitioner NEVADA GUARDIAN SERVICES, LLC respectfully represents to the Court as follows:

1. Petitioner NEVADA GUARDIAN SERVICES, LLC is licensed to do business in the State of Nevada, and has an office located at 10785 W. Twain Ave., Suite 200, Las Vegas, Nevada 89135.

2. AZAD E. JOSEPH, the proposed adult ward ("Proposed Ward"), was born on July 16, 1922, and is 85 years old. The Proposed Ward is a resident of the State of Nevada, and resides at 4041-B Nook Way, Las Vegas, Nevada 89103.

3. NEVADA GUARDIAN SERVICES, LLC is a private professional guardian, and SUSAN M. HOY, its manager, is a Registered Guardian with the National Guardianship Association.

. . .

. . .

. . .

. . .

EXHIBIT PE#5
CAPLAN v NEVADA

EXHIBIT PE#5
CAPLAN v NEVADA

4. The names and addresses of the Proposed Ward's relatives within the second degree, and those entitled to notice, to the extent known by Petitioner, are as follows:

| NAME AND ADDRESS | RELATIONSHIP |
|---|---|
| Azad Joseph<br>4041-B Nook Way<br>Las Vegas, Nevada 89103 | Proposed Ward |
| Office of the Public Guardian<br>515 Shadow Lane<br>Las Vegas, Nevada 89106 | Public Guardian |

5. The Proposed Ward has no spouse. To the best of Petitioner's knowledge, the Proposed Ward has no children and no siblings.

6. The name and address of the proposed Guardian is NEVADA GUARDIAN SERVICES, LLC, who has an office at the address set forth herein. The proposed Guardian's employees are adult competent persons and have never been convicted of a felony or judicially determined to have committed abuse, neglect or exploitation of a child, spouse, parent or other adult.

7. The proposed Guardian's employees have not been suspended for misconduct or disbarred from the practice of law, the practice of accounting or any other professions which involve the management or sale of money, investments, securities, or real property and requires licensure in Nevada or any other state.

8. The proposed Guardian's employees have not filed for bankruptcy within the past five (5) years.

9. The Proposed Ward is suffering from dementia, paranoia, and osteoarthritis. She lives alone in her home and is unable to ambulate. She is unable to care for herself or her property, and she does not take her medications as directed.

10. A neighbor has been trying to help the Proposed Ward as much as possible. However, the neighbor is now concerned that large sums of have been taken out of the Proposed Ward's Wells Fargo Account and given to strangers. In the last week, strangers were

EXHIBIT PE#5
CAPLAN v NEVADA

at the Proposed Ward's home asking the Proposed Ward to pay for their child's college tuition. There is another unrelated person who states he is going to obtain the Proposed Ward's condominium. A temporary guardian must be appointed for the benefit of the Proposed Ward because the Proposed Ward lacks the capacity to respond to a substantial and immediate risk of financial loss or physical harm or to a need for immediate medical attention.

11. Petitioner has made good faith effort to notify those persons entitled to notice.

12. The Proposed Ward's assets, to the extent known by Petitioner, consist of:

(a) Condominium located at 4041-B Nook Way, Las Vegas, Nevada 89103, APN: 163-13-812-046, with an assessed value of approximately $150,369.00.

(b) Wells Fargo Bank account, in the approximate amount of $8,000.00.

(c) Bank of Nevada account #x-1723, in am unknown amount.

(d) Citi National account, in an unknown amount.

(e) The Proposed Ward also receives approximately $17,000.00 every quarter from her father's estate. It is unknown what other income she receives.

13. On information and belief, the Proposed Ward does not receive any benefits from the Veterans Administration.

14. On information and belief, the Proposed Ward is not a party to any pending criminal or civil litigation.

15. The guardianship is not sought for the purpose of initiating litigation.

16. On information and belief, the Proposed Ward has not executed a durable power of attorney for health care, has not executed a durable power of attorney for financial matters, and has not executed a written nomination of guardian.

17.    Petitioner requests that an Order be entered revoking any Power of Attorney for Financial Matters executed prior to this General Guardianship, so long as the Guardianship remains open.

18.    Petitioner requests attorney's fees and costs in obtaining the guardianship in the amount of $6,200.00 and requests fees be paid from the Proposed Ward's Estate.

19.    NEVADA GUARDIAN SERVICES, LLC will incur Guardian fees at an hourly rate. Petitioner requests that they be authorized to advance funds from the Ward's assets to pay guardian fees on a month-to-month basis, subject to approval by the Court at the next annual accounting. NEVADA GUARDIAN SERVICES, LLC shall not advance themselves funds in excess of $500.00 in any one month. The Guardian will request authorization for payment of fees in excess of $500.00 per month only upon application to the Court.

20.    Petitioner will submit the information required by NRS 159.044(c) and (h) in a confidential manner.

21.    Petitioner believes it to be in the best interest of the Proposed Ward that NEVADA GUARDIAN SERVICES, LLC be appointed as General Guardian of the Person and Estate of AZAD E. JOSEPH.

**WHEREFORE**, Petitioner prays:

1.    That the Court enter an Order appointing NEVADA GUARDIAN SERVICES, LLC as the Temporary Guardian of the Person and Estate of AZAD E. JOSEPH, the Proposed Ward.

2.    That upon the service of the Citation, pursuant to the provisions of NRS 159.047, 159.0475 and 159.048, and hearing, that Petitioner be appointed to serve as General Guardian of the Person and Estate of AZAD E. JOSEPH, the proposed adult Ward.

3.    That Letters of Guardianship of the Person and Estate of AZAD E. JOSEPH, an adult Ward, be issued to NEVADA GUARDIAN SERVICES, LLC upon taking the oath of office, to serve with assets blocked with a monthly release.

4.      That NEVADA GUARDIAN SERVICES, LLC be authorized and granted access to any and all historical account information for any and all of the Proposed Ward's assets, whether titled solely in the name of the Proposed Ward, or with another person.

5.      That NEVADA GUARDIAN SERVICES, LLC be authorized to pay fees and costs as requested herein.

6.      For such other and further relief as the Court may deem proper.

DATED this 27th day of November, 2007.

NEVADA GUARDIAN SERVICES, LLC,
Petitioner, by an Authorized Representative

Respectfully submitted,

KIM BOYER, CELA
Nevada Bar #5587
10785 W. Twain Ave., Suite 200
Las Vegas, Nevada 89135
Attorney for Petitioner

**VERIFICATION**

STATE OF NEVADA

COUNTY OF CLARK

NEVADA GUARDIAN SERVICES, LLC, being first duly sworn, deposes and says:

It is the Petitioner in the above-entitled action; it has read the foregoing Petition and know the contents thereof; the same are true to the best of its own personal knowledge, except for those statements made upon information and belief, and as to those matters, it believes them to be true.

Catherine M. Marquez
NEVADA GUARDIAN SERVICES, LLC
By an Authorized Representative

SUBSCRIBED and SWORN to before me this 27th day of November, 2007.

Theresa C. Lee
NOTARY PUBLIC

THERESA C LEE
Notary Public State of Nevada
No. 06-104751-1
My appt. exp. Apr. 7, 2010



EXHIBIT PE#6
CAPLAN v NEVADA

# Azad E Joseph

Generated on: 07/22/2014

**Please remember, you are restricted from using BeenVerified for:**

**Employment Screening:**

You may not use BeenVerified when evaluating a person for employment, reassignment, promotion, or retention

**Hiring of Household Workers:**

Including, but not limited to, nannies and domestic workers

**Tenant Screening**

Including, but not limited to, leasing a residential or commercial space

**Educational Qualification:**

Including, but not limited to, a person's qualifications for an educational program or scholarship

**Credit or Insurance:**

Accessing the risk of existing credit obligations of an individual and/or determining eligibility for issuing credit or insurance

**Business Transactions Initiated by an Individual Customer:**

Reviewing a personal customer account to determine whether the person continues to meet the terms of the account

Using BeenVerified information in these ways violates both our Terms & Conditions and the law, and can lead to possible criminal penalties. We take this very seriously, and reserve the right to terminate user accounts and/or report violators to law enforcement as appropriate.

EXHIBIT PE#6
CAPLAN v NEVADA

EXHIBIT PE#6
CAPLAN v NEVADA

# Table of Contents

Summary 3
Property 3
Criminal Records 4
Relatives 4
Associates 6

EXHIBIT PE#6
CAPLAN v NEVADA

EXHIBIT PE#6
CAPLAN v NEVADA

# Azad E Joseph

Location: Las Vegas, NV

## Personal Information

| | |
|---|---|
| **Aliases:** | Azad E Joseph<br>Azad E Joseph<br>Azad Joseph<br>Joseph E Azad<br>Azad E Joeseph<br>E Azad<br>Azod E Joseph<br>Azad Johnson<br>A J Goodman |
| **Age:** | 93 |
| **Phone:** | 702221 |

## Address History

**7** Addresses Found

| # | Address | Last Seen Date |
|---|---|---|
| 1 | 4041 Nook Way, Apt B, Las Vegas, NV 89103 | |
| 2 | 3000 W Ann Rd, Apt 102-52, North Las Vegas, NV 89031 | |
| 3 | 1177 California St, Apt 733, San Francisco, CA 94108 | |
| 4 | 3000 W Ann Rd, Ste 102, North Las Vegas, NV 89031 | |
| 5 | 6200 Meadowood Mall Cir, Apt 630, Reno, NV 89502 | |
| 6 | 4041 Nook Way, Spring Valley, NV | |
| 7 | 6200 Meadow 630, Reno, NV 89511 | |

EXHIBIT PE#6
CAPLAN v NEVADA

# Criminal Records

0 | Criminal Records

## Likely Matches:

These records have the same name and date of birth as the person you selected. In most cases, this is a strong indicator that the person you selected is also the person in the result below.

No results.

## Possible Matches:

These records have the same name or the same date of birth as the person you selected. Sometimes court records are incomplete as a result of being filtered through different court systems or because of typographic errors when moving the records from paper to computerized format.

No results.

## Possible Relatives

| # | Name | Age | Address |
|---|---|---|---|
| 1 | Sonja R Johnson | 68 | O'Farrell, San Francisco, CA 94115<br>No Occupancy Dates Specified<br><br>1509 Golden Gate Ave Apt 201, San Francisco, CA 94115<br>(07/1980 - 07/1980) |
| 2 | Lawrence Jordan Johnson | 54 | Po Box 156801, San Francisco, CA 94115<br>No Occupancy Dates Specified<br><br>1819 Golden Gate Ave Apt 12, San Francisco, CA 94115<br>No Occupancy Dates Specified |

EXHIBIT PE#6
CAPLAN v NEVADA

## Possible Associates

| # | Name | Age | Address |
|---|---|---|---|
| 1 | Janet L Anifant | 98 | 713 E Sahara Ave Apt 213, Las Vegas, NV 89104 (07/1993 - 06/2008)<br>713 E Sahara Ave Apt 515, Las Vegas, NV 89104 (05/2001 - 05/2001) |
| 2 | Ryuso V Arai | 88 | 7495 W Azure Dr Ste 233, Las Vegas, NV 89130 (05/1997 - 05/1997) |
| 3 | Virginia Grace Hintz | 71 | 4421 Cinema Ave, N Las Vegas, NV 89031 (07/2004 - 12/2005)<br>7495 W Azure Dr Ste 233, Las Vegas, NV 89130 No Occupancy Dates Specified |
| 4 | William Pat Carmichael | 91 | 325 S 3rd St Ste 1, Las Vegas, NV 89101 (08/1999 - 04/2009)<br>8374 W Capovilla Ave Apt 129, Las Vegas, NV 89113 No Occupancy Dates Specified |
| 5 | Lillian W Chipouras | 95 | 8720 W Flamingo Rd Apt 108, Las Vegas, NV 89147 No Occupancy Dates Specified |
| 6 | Helen M Corda | 84 | 3398 Nahatan Way, Las Vegas, NV 89169 (08/1968 - 2010)<br>605 S Royal Crest Cir, Las Vegas, NV 89169 No Occupancy Dates Specified |
| 7 | Gene Allen Dalton | 81 | 3035 Lenoir St, Las Vegas, NV 89135 No Occupancy Dates Specified |
| 8 | Mildred Coe Dudley | 94 | 9833 Frosty Canyon Ct, Las Vegas, NV 89183 No Occupancy Dates Specified |
| 9 | Windell H Gibbs | 85 | 75 Evergreen Rd, North Fort Myers, FL 33903 (04/1984 - 04/1995)<br>11563 Sunset Pl, Apple Valley, CA 92308 No Occupancy Dates Specified |
| 10 | Betty M Gibbs | 84 | 6503 Benbrook Springs Dr, Las Vegas, NV 89131 (10/2009 - 10/2009)<br>19061 Elm Dr, Apple Valley, CA 92308 (01/2004 - 01/2004) |
| 11 | Mary Alfreda Vetter | 88 | Po Box 477, Boring, OR 97009 (09/2009 - 10/2009) |
| 12 | Linda K Hauge | 67 | |
| 13 | Harry A Hauge | 65 | 7495 W Azure Dr Ste 233, Las Vegas, NV 89130 (09/1998 - 09/1998) |
| 14 | Paulie M Hughes | 91 | 7495 W Azure Dr Ste 233, Las Vegas, NV 89130 No Occupancy Dates Specified |

EXHIBIT PE#6
CAPLAN v NEVADA

| | | | |
|---|---|---|---|
| 15 | Ali B Karabey | 91 | Po Box 756, Henderson, NV 89015<br>(08/2003 - 08/2003) |
| 16 | Robert Gerard Lynch | 94 | 3523 Haverford Ave, Las Vegas, NV 89121<br>(11/1968 - 11/2008) |
| 17 | Matthew Matis | 85 | 4553 Portadown Ln, Las Vegas, NV 89121<br>(03/1997 - 11/2006) |
| 18 | Mary J McGreal | 71 | 8913 Marble Dr, Las Vegas, NV 89134<br>(06/1999 - 12/2008)<br>35 Wiggins Ave, Patchogue, NY 11772<br>No Occupancy Dates Specified |
| 19 | Thomas A Messina | 87 | 7495 W Azure Dr Ste 233, Las Vegas, NV 89130<br>No Occupancy Dates Specified |
| 20 | Doris Elaine Mooren | 86 | 4730 Verdet St, Spring Valley, NV<br>No Occupancy Dates Specified<br>16456 Helmcrest Dr, Whittier, CA 90604<br>(09/1985 - 12/1998) |
| 21 | George Phillip Mooren | 84 | 3900 W Oakey Blvd Unit 121, Las Vegas, NV 89102<br>No Occupancy Dates Specified |
| 22 | Joline H Peterson | 86 | 1885 Timberhill Ct, Simi Valley, CA 93063<br>(03/1976 - 09/1993)<br>10315 Slope Ridge St, Las Vegas, NV 89131<br>No Occupancy Dates Specified |
| 23 | C Raynette Way | 69 | 1881 W Alexander Rd Unit 1017, North Las Vegas, NV 89032<br>(03/2002 - 03/2009)<br>1881 W Alexander Rd, N Las Vegas, NV 89032<br>(07/2004 - 12/2005) |
| 24 | William P Carmichael | 91 | 325 S 3rd St Ste 20, Las Vegas, NV 89101<br>No Occupancy Dates Specified<br>1 202 Apt 202, Las Vegas, NV 89101<br>(08/1998 - 08/1998) |

**Disclaimer:** While we are constantly updating and refining our database and service, we do not represent or warrant that the results provided will be 100% accurate and up to date. BeenVerified™ is a database of publicly available sources of information aggregated for your convenience. BeenVerified™ does not provide private investigator services and this information should not be used for employment, tenant screening, or any FCRA related purposes. BeenVerified™ does not make any representation or warranty as to the character or the integrity of the person, business, or entity that is the subject of any search inquiry processed through our service.

Copyright © 2014 BeenVerified™ Inc. All Rights Reserved.

ATTORNEY AUTHORIZATION

Mr. Lee A. Drizin
Attorney at Law
2460 Professional Court, Suite 110
Las Vegas, NV 89128

Re: Estate of Azad Elizabeth Joseph

Dear Mr. Drizin:

I hereby request that you enter an appearance on my behalf in the above entitled matter, taking all steps necessary to protect my interest therein.

The Personal Representative is directed to send my distribution check to you, Lee A. Drizin. You, Lee A. Drizin, are authorized to deposit my check in your client trust account, pay W.C. Cox and Company its assignment, and send me a check for the balance.

I understand that your fee will be paid by W.C. Cox and Company from the portion of the estate that I have assigned to W.C. Cox and Company. Therefore, it is expressly understood that you will not require that I pay any additional fee to you in connection with this matter.

Sincerely yours,

April 23, 2018
Date

Signature

PO Box 5561
Street Address

Chatsworth, CA 91313
City, State and Zip Code

(818) 564-7270
Telephone Number

# AGREEMENT AND ASSIGNMENT

Estate of Azad Elizabeth Joseph, deceased.

I, Richard L. Caplan, in consideration of W.C. COX AND COMPANY, for services rendered in informing me of my interest in a pending estate, and for its efforts and expense on my behalf in investigating and obtaining the necessary proof to support my claim, I assign to W.C. COX AND COMPANY a One-Third interest in any share from this estate to which I am entitled.

This is done with the understanding that I do not owe W.C. COX AND COMPANY for any of its expenses in proving my interest.

It is further agreed that if there is no recovery, THERE WILL BE NO CHARGE OF ANY KIND.

All of the above shall be binding upon my executors, administrators, heirs and assigns.

Signature: [signature] Date: April 23, 2018

Address: PO Box 5561

Chatsworth, CA 91313 Phone: (818) 564-7270

Witness:
Signature: ____________________

Address: ____________________

____________________

W.C. Cox and Company
302 West Elm Street
Tucson, Arizona 85705
U.S.A.
www.wccox.com

# DISTRICT COURT
# CLARK COUNTY, NEVADA

| **Probate - General Administration** | **COURT MINUTES** | February 23, 2018 |
|---|---|---|

| P-17-092901-E | In the matter of:<br>Azad Joseph, Deceased |
|---|---|

**February 23, 2018** **9:30 AM** **Petition - HM**

**HEARD BY:** Yamashita, Wesley **COURTROOM:** RJC Courtroom 15C

**COURT CLERK:** Sharon Chun

**PARTIES:**

| | |
|---|---|
| Azad Joseph, Decedent, not present | |
| Cynthia Reed, Petitioner, Administrator, not present | Pro Se |
| Jeff Elrod, Objector, not present | Pro Se |
| Lenny Jorjorian, Petitioner, Administrator, not present | Cary Payne, Attorney, not present |
| Richard Caplan, Objector, not present | Pro Se |

**NEITHER AWARE NOR PRESENT FOR ANYTHING RELATED TO THIS MATTER BEFORE LATE APRIL 2018**

## JOURNAL ENTRIES

- Matter being on Approved List and there being no objection, COMMISSIONER RECOMMENDED, Petition APPROVED and GRANTED; CASE CLOSED.

**INTERIM CONDITIONS:**

**FUTURE HEARINGS:**

**Notice: Journal entries are prepared by the courtroom clerk and are not the official record of the Court.**

EXHIBIT PE#9
CAPLAN v NEVADA

Electronically Filed
5/9/2018 11:07 AM
Steven D. Grierson
CLERK OF THE COURT

PET

LEE A. DRIZIN, ESQ.
Nevada Bar No. 4971
**LEE A. DRIZIN, CHTD.**
2460 Professional Court, Suite 110
Las Vegas, Nevada 89128
(702) 798-4955 FAX (702) 798-5955
lee@leedrizin.com
Attorneys for Petitioners

**DISTRICT COURT**
**FAMILY DIVISION**
**CLARK COUNTY, NEVADA**

| In the Matter of the Estate of **AZAD E. JOSEPH,** Deceased. | Case No.: **P-17-092901-E**<br>Dept. No.: **PC-1** |
|---|---|

**PETITION TO RE-OPEN ESTATE, VACATE ORDER APPROVING FINAL ACCOUNT, DISGORGE DISTRIBUTIONS AND FOR LETTERS OF ADMINISTRATION**

NOW COMES, RICHARD LEVON CAPLAN, the Decedent's son, and JEFFREY ELROD, by and through their attorney, LEE A. DRIZIN, ESQ. of the law firm LEE A. DRIZIN, CHTD., and pursuant to NRS 151.240 and NRCP 60(b) files their *Petition to Re-open Estate, Vacate Order Approving Final Account, Disgorge Distributions, and for Issuance of Letters of Administration*. This petition is made and based upon the following *Memorandum of Points and Authorities*, the attached exhibits, all papers and pleadings on file herein, and any oral argument allowed at the time of hearing.

DATED this 9 day of May, 2018

LEE A. DRIZIN, CHTD.

By: ______________________
LEE A. DRIZIN, ESQ.
Nevada Bar No. 4971
2460 Professional Court, Suite 110
Las Vegas, NV 89128
Attorneys for Petitioners

EXHIBIT PE#9
CAPLAN v NEVADA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Background.

AZAD E. JOSEPH (the "Decedent") died on July 20, 2017, in Las Vegas, Nevada. On September 5, 2017, Lenny Jorjorian ("Jorjorian") and Cynthia L. Reed ("Reed") filed a *Petition for General Administration and Issuance of Letters*. The Petition alleged, among other things, that the Decedent was unmarried at the time of her death and had no living children. The petition further indicated that the Decedent was survived by a niece (Marguerite Fox aka Margo Fox) and two grand nephews (Lenny Jorjorian and Ara Jorjorian). In Paragraph 6 of the petition, Jorjorian indicated that the Decedent had a son, Richard Keskeys[1], who died in 1960.[2]

A hearing was conducted on September 29, 2017, and the Court approved the opening of the Estate. *Letters of Administration* were subsequently issued to Jorjorian and Reed on December 11, 2017.[3] A *First and Final Account* was filed on February 5, 2018 which was approved on February 23, 2018. Although an *Order Settling First and Final Account* was filed on February 26, 2018, a *Notice of Entry of Order* was never filed. Instead, *Distributees Receipts* were filed on March 12, 2018 and an *Order for Final Discharge* was filed on April 2, 2018.[4]

### II. Request to Re-Open Estate and Vacate Order of Distribution.

**A. Names and addresses of known heirs and creditors.** The names and addresses of the known heirs of the Decedent are as follows:

---

[1] The Administrators mistakenly identified the son of the Decedent. It is unclear how they determined this name as it is not set forth in any supporting documentation.

[2] On August 30, 2017, the Decedent's niece, Marguerite Fox a.k.a. Margo Fox ("Fox") executed an Affidavit in which she indicated that to the *best of her knowledge* the Decedent had no living children (emphasis added). However, the Administrators offered no actual proof of the death of the Decedent's son nor was such proof requested by the Court.

[3] Although the Letters were not issued until December 11, 2017, the Administrators filed the *Notice to Creditors* on October 4, 2017.

[4] As a result, the Estate was closed and the assets distributed approximately six (6) months from the hearing approving the matter be opened.

EXHIBIT PE#9
CAPLAN v NEVADA

| NAME | AGE | RELATIONSHIP |
|---|---|---|
| Richard Levon Caplan<br>P.O. Box 5561<br>Chatsworth, CA 91313 | Adult | Son[5] |
| Marguerite Fox<br>8976 Water Song Circle<br>Roseville, CA 95747 | Adult | Niece |
| Lenny Jorjorian<br>9020 Lismore Drive<br>Elk Grove, CA 95624 | Adult | Grand-Nephew |
| Ara Jorjorian<br>8976 Song Circle<br>Roseville, CA 95747 | Adult | Grand-Nephew |
| Victoria J. Ratcliff<br>608 Clover<br>Cheney, WA 99004 | Adult | Niece |

As set forth herein, contrary to Jorjorian's claims that his mother, Marguerite Fox, is the sole heir of the Estate, there existed another niece as well as the son of the Decedent that was not disclosed to the Court. Petitioner is unaware of the names and addresses of any outstanding creditors of the Estate.

**B. An Estate may be re-opened for proper cause.** The final settlement of an estate does not prevent the subsequent issuance of letters if it becomes necessary or proper for any cause that letters should again be issued. NRS 151.240(1)(b). The correction of mistakes made by an executor may constitute proper cause to reopen an estate. *In re Estate of Warrington*, 686 N.W.2d 198 (Iowa 2004). In the present instance, the Administrators were clearly mistaken about the death of the Decedent's son and their resulting claim that Fox was the sole heir of the Estate. Moreover, they failed to exercise reasonable diligence in confirming the death of the Decedent's son which inured to their

---

[5] A copy of Petitioner's birth certificate has been attached hereto reflecting he is the son of the Decedent. In addition, Petitioner also offers as additional proof of his heirship a copy of *Complaint for Divorce* between Decedent and Russell B. Caplan identifying Petitioner as the minor child of the couple, the *License and Certificate of Confidential Marriage of Richard Levon Caplan* identifying his parents; and an on-line California record of birth regarding Richard Levon Caplan born on September 14, 1953 in Los Angeles California whose mother's last name was Joseph. **Exhibit "1".**

EXHIBIT PE#9
CAPLAN v NEVADA

EXHIBIT PE#9
CAPLAN v NEVADA

own personal benefit.[6] RICHARD LEVON CAPLAN is the son of the Decedent and, as such, was entitled to notices filed by Jorjorian and Reed and is the sole heir entitled to the Estate. But for the mistake by the Administrators, the Estate would have been distributed solely to him. As a result, it is proper to re-open the Estate to correct this mistake.

**C. The Order approving the Final Account and distributing the Estate should also be vacated pursuant to NRCP 60(b).** Rule 60 of the Nevada Rules of Civil Procedure, entitled "Relief from Judgment or Order" provides, in pertinent part, that on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect as long as it if filed not more than 6 months after the proceeding was taken or the date that written notice of entry of the judgment or order was served.

In *Estate of Knoes*, 114 Ill.App.3d 257, 263, 448 N.E.2d 935,939 (1983), the Court noted that "the purpose of a section 72[7] petition is to bring before the court matters of fact which are not of record and which, had they been known to the court, would have prevented the rendition of the judgment from which relief is sought. The fact that all of a decedent's heirs are not included in the heirship table is certainly a fact of the type that would prevent the rendition of an order closing the estate. Therefore, we hold that a section 72 petition is a proper vehicle by which to obtain relief from an order closing an estate." Similarly, had the Clark County Probate Commissioner been aware that the Administrators were mistaken as to the death of the Decedent's son (and he, not the Decedent's niece would have been entitled to the entirety of the Estate pursuant to NRS 134.100), the Court undoubtedly would not have authorized the distribution of the Estate to the grandnephews. As a result, since more than six months has not expired since the issuance of a Notice of Entry of Order which approved the distributions, relief should be granted pursuant to NRCP

---

[6] Jorjorian's mother renounced her intestate interest in the Estate and assigned her interest to her sons.

[7] This Section, entitled "Relief from Judgment", was subsequently codified without change of substance at Ill.Rev.Stat.1981, ch.110,2-1401 and addresses the relief from judgment.

EXHIBIT PE#9
CAPLAN v NEVADA

60(b).

**D. The Administrators had an obligation to make a reasonable efforts to determine the existence of and/or confirm the death of other heirs.** The personal representative of the estate of a deceased acts in a fiduciary capacity. A personal representative shall use reasonable diligence in performing the duties of the personal representative and in pursuing the administration of the estate. NRS 143.035(1). This duty to has been described as an obligation to manage the estate under his control to the advantage of those interested in it and to act on their behalf. *Lapinsky's Estate v. Sparacino*, 148 W.Va. 38, 132 S.E.2d 765 (1963). See also *King v. King*, 225 Ga. 142, 166 S.E.2d 347 (1969); *Weinstein v. Boyd*, 136 Md. 227, 110 A. 506 (1920). In the discharge of this duty, the executor or administrator of a decedent's estate is held to the highest degree of good faith and is required to exercise the ordinary care and reasonable diligence which prudent persons ordinarily exercise, under like circumstances, in their own personal affairs. *Pickens v. Tribble*, 236 W.Va. 670, 680, 783 S.E.2d 310, 319 (2016) citing *Latimer v. Melching*, 171 W.Va. 729, 301 S.E.2d 819, 821 (1983).

Counts have opined that the duty of diligence extends to personal representative's obligation to determine those person's lawfully entitled to an estate. In *Estate of Alexander*, 2000 Pa.Super. 206, 758 A.2d 182 (2000), the Court noted that although the Pennsylvania statute which required the personal representative to give notice to every *known* person to have a claim against an estate did not explicitly so state, "we are satisfied that each contemplate that potential beneficiaries entitled to notice include those who were ascertainable by the exercise of due diligence on the part of the executor or administrator. The statute and rule presuppose that a personal representative, as an officer of the court and a fiduciary for the heirs and distributees, would make an honest effort to determine those persons lawfully entitled to the estate."

In the present instance, the Administrators did not exercise reasonable care and due diligence in attempting to confirm the death of the Decedent's son. Upon information and belief, they did not retain the services of an investigator to confirm the death of the

EXHIBIT PE#9
CAPLAN v NEVADA

Decedent's son. Rather, they merely relied upon an affidavit of his mother that to the best of her knowledge, there were no living children of the Decedent.[8] As a result, RICHARD LEVON CAPLAN had no notice of the proceeding nor any reasonable opportunity to participate in the probate proceedings.

A reasonable investigation would have shown that there was no proof of the death of the Decedent's son. There is absolutely no evidence offered by the Administrators that the Decedent had a son named "Richard Keskeys" or that he died in 1960. In fact, a search of the Social Security Index does not reflect the death of a "Richard Keskeys" much less one who passed away in 1960. **Exhibit "3".** Moreover, had they conducted a Google internet search for "Richard Keskeys" they would have found an individual by that name currently living in Elk Grove, California, the same city Jorjorian currently resides in. **Exhibit "4".** At that point, they certainly could have confirmed if he was the Decedent's son. Clearly, the Administrators did not conduct a reasonable investigation and, as a result, breached the duty to exercise reasonable diligence that would have lead to the discovery of the Decedent's son. As a result, the Estate should be re-opened pursuant to NRS 151.240(1)(b), or alternatively, NRCP 60(b).

**III. Request to Issue Letters of Administration.**

RICHARD LEVON CAPLAN is the son of the Decedent and is competent and capable of acting as Administrator of the Estate of AZAD E. JOSEPH, has never been convicted of a felony, and hereby consents to act as the Administrator of said Estate. Although Caplan is not a resident of the State of Nevada, he has associated with JEFFREY ELROD. JEFFREY ELROD is competent and capable of acting as Administrator of the Estate of AZAD E. JOSEPH, has never been convicted of a felony, is a resident of the State of Nevada, and hereby consents to act as the Co-Administrator of said Estate. As set forth herein, it has become necessary and/or proper that letters should again be issued.

---

[8] Paragraph 6 of the *Petition for General Administration* indicates that "Richard Keskeys" was never married and had no children. However, no evidence is offered in support of these allegations. Moreover, a search for the Decedent by name on My Heritage, a free internet heir search service, reflects the Decedent had two siblings. **Exhibit "2".** However, the Administrators never confirmed that there were no children of the Decedent's other sibling who would have been entitled to a share of the Estate.

EXHIBIT PE#9
CAPLAN v NEVADA

EXHIBIT PE#9
CAPLAN v NEVADA

Petitioners request the Court waive the requirement of bond pursuant to NRS 142.020(1)(b) and instead require all liquid assets, once returned to the Estate, be held in the trust account of the Drizin Law Firm or, alternatively, a blocked account. Accordingly, Petitioners respectfully request that Letters of Administration be issued to them upon taking the oath of office.

**IV. <u>Demand for return of Estate funds.</u>**

In light of the mistake made by the Administrators in their failure to properly identify the sole heir of the Decedent, the Order should be set aside and the Distributees, Ara Jorjorian and Lenny Jorjorian, should be required to disgorge the distributions from the Estate. "It is well settled that the probate court may give relief of an equitable nature when justice so requires". *Perry v. Estate of Carpenter*, 396 Ill. App. 3d 77, 86 (2009). In *Diotallevi v. Sierra Development Co.*, 96 Nev. 164, 167, 591 P.2d 270, 272 (1979), the Nevada Supreme Court noted the authority of the District Court in a probate matter to "bring to bear its full equitable powers."

In *Dillinger v. Steel*, 207 Iowa 20, 222 N.W. 564, 565 (1928), the Court noted that "the estate has the present right to recapture the funds erroneously paid to the appellants who admit they have the funds but refuse to pay over to the estate the amounts respectively received by them." Under the present circumstances it would simply not be appropriate for the Jorjorians to be permitted to retain the distributions. In *Speiss v. Schumm*, 448 N.W.2d 106, 108 (1989), the Minnesota Court of Appeals upheld the trial court's imposition of a constructive trust upon the funds received from a payable on death account and noted that "a constructive trust can apply to a case, such as this one, where the trial court finds clear and convincing evidence that it would be morally wrong for the property holder to retain the funds". A constructive trust may be imposed when the party who received the property obtained it by various means, one such being the receipt of property by mistake. *Sulzer v. Diedrich*, 263 Wis.2d 496, 506, 664 N.W.2d 641, 645 (2003). As a result of the mistake in failing to identify the existence of the Decedent's son, the Court should exercise its equitable powers to impose a constructive trust upon the

EXHIBIT PE#9
CAPLAN v NEVADA

EXHIBIT PE#9
CAPLAN v NEVADA

distributions to Ara and Lenny Jorjorian and require them to disgorge the funds to the Estate.

V. **Conclusion.**

WHEREFORE, Petitioner prays for an Order of this Court as follows:

1. The Clerk set a time for hearing of this Petition by the Court;

2. Notice of the time and place fixed for hearing of this Petition be given in the manner prescribed by law;

3. The Court reopen the Estate of AZAD E. JOSEPH pursuant to NRS 151.240(1)(b);

4. The Court set aside the Order filed February 6, 2018, distributing the Estate pursuant to NRCP 60(b);

5. The Court appoint RICHARD LEVON CAPLAN and JEFFREY ELROD as Co-Administrators of the Estate and that Letters of Administration be issued to them upon taking the oath of office;

6. The Court waive the requirement of bond and direct the Petitioners to deposit all Estate funds into a blocked account or the attorney trust account of the law firm of LEE A. DRIZIN, CHTD., pending further order by the Court for the benefit of the Estate;

7. The Court exercise its equitable powers and require the Ara Jorjorian and Lenny Jorjorian to disgorge their distributions from the Estate and return the same to the Co-Administrators; and,

8. For such other relief the Court deems fair and just.

DATED this 9 day of May, 2018.

LEE A. DRIZIN, CHTD.

LEE A. DRIZIN, ESQ.
Nevada Bar No. 4971
2460 Professional Court, Ste. 110
Las Vegas, Nevada 89128
Attorneys for Petitioners

EXHIBIT PE#9
CAPLAN v NEVADA

EXHIBIT PE#9
CAPLAN v NEVADA

**VERIFICATION**

STATE OF CALIFORNIA )
) ss:
COUNTY OF LOS ANGELES )

RICHARD LEVON CAPLAN, being first duly sworn deposes and says:

I am the Co-Administrator of the above-referenced Estate; I have read the foregoing *Petition* and know the contents thereof; that the same is true of my own knowledge except as to those matters therein stated upon information and belief, and as to those matters I believe them to be true.

RICHARD LEVON CAPLAN

SUBSCRIBED AND SWORN to before me this _____ day of May, 2018.

See Attached

NOTARY PUBLIC in and for said County and State

EXHIBIT PE#9
CAPLAN v NEVADA

**VERIFICATION**

STATE OF NEVADA )
) ss:
COUNTY OF CLARK )

JEFFREY ELROD, being first duly sworn deposes and says:

I am the Co-Administrator of the above-referenced Estate; I have read the foregoing *Petition* and know the contents thereof; that the same is true of my own knowledge except as to those matters therein stated upon information and belief, and as to those matters I believe them to be true.

JEFFREY ELROD

SUBSCRIBED AND SWORN to before me this 9th day of May, 2018.

NOTARY PUBLIC in and for said County and State

SARAH HUGAR
Notary Public, State of Nevada
Appointment No. 11-4399-1
My Appt. Expires Apr 25, 2019

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 8 day of May, 2018, by Richard Levon Caplan, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

AIMEE M. GUENTHER
Notary Public - California
Los Angeles County
Commission # 2170496
My Comm. Expires Nov 4, 2020

(Seal) Signature [signature]

EXHIBIT PE#10
CAPLAN v NEVADA

**CARY COLT PAYNE, CHTD.**
*Attorneys at Law*

CARY COLT PAYNE, ESQ.
Admitted in Nevada & California

May 21, 2018
*Sent via email: lee@leedrizin.com*

Lee A. Drizin, Esq.
LEE A. DRIZIN, CHTD.
2460 Professional Court, Ste. 110
Las Vegas, Nevada 89128

RE: Estate of Azad Joseph
Case No.: P-17-092901-E

Dear Mr. Drizin:

Be advised that this firm has been retained to represent Lenny Jorjorian as it relates to the above referenced matter. A Request for Special Notice is in the process of being e-filed/e-served.

Apparently there is a high level of doubt regarding as to whether or not your client is even the child of the decedent, including that the child was adopted out, died in an auto accident. The information was that she had no living children. The decedent was in guardianship for ten years, without any contact whatsoever from your purported client. That being said, with no insult intended, in this day and age of identity theft, etc., an over abundance of caution is required.

We would therefore, require at a minimum, the following:

1. Divorce decree- you provided a complaint but not a divorce decree.
2. Color copy of your client's current driver's license
3. A currently issued original certified copy of the birth certificate
4. School records
5. Military records
6. Information regarding Russell Caplan, including his death certificate
7. A list of addresses your client has resided since childhood
8. A narrative as to your client's life with Azad Joseph, since the divorce complaint you provided indicated he was in her custody.

While we sort this through, may we suggest that your current petition be continued for at least three weeks, so as to not incur needless litigation.

Sincerely,

CARY COLT PAYNE, CHTD.

CARY COLT PAYNE, ESQ.
CCP/ma
cc: clients

700 S. Eighth Street, Las Vegas, NV 89101
*Tel:* 702.383.9010 • *Fax:* 702.383.9049
*Email:* carycoltpaynechtd@yahoo.com • *Web:* carycoltpaynechtd.com

EXHIBIT PE#10
CAPLAN v NEVADA

STATE OF CALIFORNIA
CERTIFICATION OF VITAL RECORD

EXHIBIT PE#11
CAPLAN v NEVADA

OFFICE OF THE CLERK-RECORDER
# COUNTY OF PLACER
AUBURN, CALIFORNIA

3052020203592 STATE FILE NUMBER

CERTIFICATE OF DEATH
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11 (REV 3/06)

3202031002744 LOCAL REGISTRATION NUMBER

**DECEDENT'S PERSONAL DATA**

| Field | Value |
|---|---|
| 1. NAME OF DECEDENT – FIRST (Given) | MARGARETTE |
| 2. MIDDLE | Y |
| 3. LAST (Family) | FOX |
| AKA. ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST) | |
| 4. DATE OF BIRTH mm/dd/ccyy | 07/01/1944 |
| 5. AGE Yrs. | 76 |
| IF UNDER ONE YEAR Months / Days | |
| IF UNDER 24 HOURS Hours / Minutes | |
| 6. SEX | F |
| 9. BIRTH STATE/FOREIGN COUNTRY | CA |
| 10. SOCIAL SECURITY NUMBER | [redacted] |
| 11. EVER IN U.S. ARMED FORCES? | YES [ ] NO [X] UNK [ ] |
| 12. MARITAL STATUS/SRDP* (at Time of Death) | DIVORCED |
| 7. DATE OF DEATH mm/dd/ccyy | 09/08/2020 |
| 8. HOUR (24 Hours) | 0859 |
| 13. EDUCATION – Highest Level/Degree (see worksheet on back) | HS GRADUATE |
| 14/15. WAS DECEDENT HISPANIC/LATINO(A)/SPANISH? (If yes, see worksheet on back) | YES [ ] NO [X] |
| 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) | CAUCASIAN |
| 17. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED | BEAUTICIAN |
| 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | COSMETOLOGY |
| 19. YEARS IN OCCUPATION | 5 |

**USUAL RESIDENCE**

| Field | Value |
|---|---|
| 20. DECEDENT'S RESIDENCE (Street and number, or location) | 3400 BELL ROAD |
| 21. CITY | AUBURN |
| 22. COUNTY/PROVINCE | PLACER |
| 23. ZIP CODE | 95603 |
| 24. YEARS IN COUNTY | 13 |
| 25. STATE/FOREIGN COUNTRY | CA |

**INFORMANT**

| Field | Value |
|---|---|
| 26. INFORMANT'S NAME, RELATIONSHIP | ARA JORJORIAN, SON |
| 27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip) | 8976 WATER SONG CIRCLE, ROSEVILLE, CA 95747 |

**SPOUSE/SRDP AND PARENT INFORMATION**

| Field | Value |
|---|---|
| 28. NAME OF SURVIVING SPOUSE/SRDP*–FIRST | - |
| 29. MIDDLE | - |
| 30. LAST (BIRTH NAME) | - |
| 31. NAME OF FATHER/PARENT–FIRST | ALBERT |
| 32. MIDDLE | E |
| 33. LAST | RING |
| 34. BIRTH STATE | CA |
| 35. NAME OF MOTHER/PARENT–FIRST | YVONNE |
| 36. MIDDLE | M |
| 37. LAST (BIRTH NAME) | JOSEPH |
| 38. BIRTH STATE | CA |

**FUNERAL DIRECTOR/LOCAL REGISTRAR**

| Field | Value |
|---|---|
| 39. DISPOSITION DATE mm/dd/ccyy | 09/14/2020 |
| 40. PLACE OF FINAL DISPOSITION | NEWCASTLE CEMETERY 850 TAYLOR ROAD, NEWCASTLE, CA 95658 |
| 41. TYPE OF DISPOSITION(S) | CR/BU |
| 42. SIGNATURE OF EMBALMER | [redacted] |
| 43. LICENSE NUMBER | - |
| 44. NAME OF FUNERAL ESTABLISHMENT | SIERRA FOOTHILLS CREMATION & FUNERAL SERVICES |
| 45. LICENSE NUMBER | FD1730 |
| 46. SIGNATURE OF LOCAL REGISTRAR | [redacted] |
| 47. DATE mm/dd/ccyy | 09/10/2020 |

**PLACE OF DEATH**

| Field | Value |
|---|---|
| 101. PLACE OF DEATH | AUBURN OAKS CARE CENTER |
| 102. IF HOSPITAL, SPECIFY ONE | IP [ ] ER/OP [ ] DOA [ ] |
| 103. IF OTHER THAN HOSPITAL, SPECIFY ONE | Hospice [ ] Nursing Home/LTC [X] Decedent's Home [ ] Other [ ] |
| 104. COUNTY | PLACER |
| 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) | 3400 BELL ROAD |
| 106. CITY | AUBURN |

**CAUSE OF DEATH**

107. CAUSE OF DEATH — Enter the chain of events — diseases, injuries, or complications — that directly caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE

| | Cause | Time Interval Between Onset and Death |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) (A) | FAILURE TO THRIVE | (AT) YRS |
| Sequentially, list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST (B) | UNSPECIFIED DEMENTIA WITH BEHAVIORAL DISTURBANCES | (BT) YRS |
| (C) | | (CT) |
| (D) | | (DT) |

108. DEATH REPORTED TO CORONER? YES [ ] NO [X] — REFERRAL NUMBER
109. BIOPSY PERFORMED? YES [ ] NO [X]
110. AUTOPSY PERFORMED? YES [ ] NO [X]
111. USED IN DETERMINING CAUSE? YES [ ] NO [ ]

112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107: CHRONIC KIDNEY DISEASE, IRON DEFICIENCY ANEMIA, DEPRESSION, RECURRENT URINARY TRACT INFECTIONS

113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date.) NO

113A. IF FEMALE, PREGNANT IN LAST YEAR? YES [ ] NO [X] UNK [ ]

**PHYSICIAN'S CERTIFICATION**

| Field | Value |
|---|---|
| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. (A) Decedent Attended Since mm/dd/ccyy | 09/11/2019 |
| (B) Decedent Last Seen Alive mm/dd/ccyy | 09/08/2020 |
| 115. SIGNATURE AND TITLE OF CERTIFIER | [redacted] |
| 116. LICENSE NUMBER | A87444 |
| 117. DATE mm/dd/ccyy | 09/10/2020 |
| 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE | MANJULA BOBBALA 6608 MERCY COURT #B, FAIR OAKS, CA 95628 |

**CORONER'S USE ONLY**

119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED.
MANNER OF DEATH [ ] Natural [ ] Accident [ ] Homicide [ ] Suicide [ ] Pending Investigation [ ] Could not be determined

120. INJURED AT WORK? [ ] YES [ ] NO [ ] UNK
121. INJURY DATE mm/dd/ccyy
122. HOUR (24 Hours)
123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.)
124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury)
125. LOCATION OF INJURY (Street and number, or location, and city, and zip)
126. SIGNATURE OF CORONER / DEPUTY CORONER [redacted]
127. DATE mm/dd/ccyy
128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER

| STATE REGISTRAR | A | B | C | D | E | | FAX AUTH.# | CENSUS TRACT |
|---|---|---|---|---|---|---|---|---|
| | | | | | | *010001004661094* | | |

INFORMATIONAL
NOT A VALID DOCUMENT
TO ESTABLISH IDENTITY

## CERTIFIED COPY OF VITAL RECORDS
STATE OF CALIFORNIA, COUNTY OF PLACER

*000356203*

This is a true and exact reproduction of the document officially registered and placed on file in the office of the Placer County Clerk-Recorder.

DATE ISSUED SEP 2 6 2022

RYAN RONCO
PLACER COUNTY CLERK-RECORDER

EXHIBIT PE#11

This copy is not valid unless prepared on an engraved border displaying the date, seal and signature of the Clerk-Recorder.

PBNCO (REV) 02/17

CAPLAN v NEVADA

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

EXHIBIT PE#12
CAPLAN v NEVADA

105

Electronically Filed
10/2/2017 11:01 AM
Steven D. Grierson
CLERK OF THE COURT

**ORDR**

LENNY JORJORIAN
PETITIONER IN PROPER PERSON
9020 Lismore Drive
Elk Grove, California 95624
(916) 801-5883

CYNTHIA L. REED
PETITIONER IN PROPER PERSON
4601 W. Sahara Avenue #L
Las Vegas, Nevada 89102
(702) 248-1212

**DISTRICT COURT**
CLARK COUNTY, NEVADA

In the matter of the estate of:

AZAD E. JOSEPH

Deceased.

Case No. : P-17-092901-E
Dept. No.: PC-1

**ORDER FOR GENERAL ADMINISTRATION AND FOR ISSUANCE OF LETTERS**

The Co-Petitioners, LENNY JORJORIAN and CYNTHIA L. REED, having proved to the satisfaction of the court that the time for hearing the Petition for General Administration and for Issuance of Letters to probate the estate of the above-named decedent herein and for the issuance of Letters of Administration has been filed with the Clerk of this Court, hearing was by the Clerk set for the 29th day of September, 2017 at 9:30AM, and that notice of said hearing has been duly given as required by law, and the Court having heard the evidence finds that the facts alleged in said petition are true and correct and that said Petition for Probate of the estate of said Decedent, and for issuance of Letters of Administration ought to be granted.

**IT IS THEREFORE ORDERED AND DETERMINED** by the Court that the said decedent, AZAD E. JOSEPH, died on the 20th day of July, 2017, at Las Vegas, Nevada, and at the time of her death was a resident of the County of Clark, State of Nevada; that said decedent left personal property located within the State of Nevada of a value exceeding $300,000.00; that the decedent died intestate, and that Co-Petitioner, LENNY JORJORIAN, is the grand nephew of the

EXHIBIT PE#12
CAPLAN v NEVADA

decedent.

**IT IS FURTHER ORDERED** that said estate shall be probated under General Administration and that after a blocked account is established, LENNY JORJORIAN and CYNTHIA L. REED be appointed Co-Administrators of said estate and the Letters of Administration be issued to them upon them taking the oath required by law.

**IT IS FURTHER ORDERED** that bond shall not be required to be posted by Petitioners, but that Petitioners be ordered to open a blocked account for the decedent's estate with a federal tax identification number.

**IT IS FURTHER ORDERED** that no estate property may be transferred absent order of this Court.

**IT IS SO ORDERED** this 29th day of Sept., 2017.

DISTRICT JUDGE SA

Submitted By:

LENNY JORJORIAN
PETITIONER IN PROPER PERSON

CYNTHIA L. REED
PETITIONER IN PROPER PERSON

EXHIBIT PE#13
CAPLAN v NEVADA
Electronically Filed
5/24/2018 12:18 PM
Steven D. Grierson
CLERK OF THE COURT

NOTC
CARY COLT PAYNE, ESQ.
Nevada Bar No. 4357
CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
(702) 383-9010
carycoltpaynechtd@yahoo.com
Attorney for Lenny Jorjorian

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| In the Matter of the<br><br>AZAD E. JOSEPH<br><br>Deceased.<br>~~~~~~~~~~~~~~~~~~~~~~~~~~~~ | )<br>)<br>)<br>)<br>)<br>) | Case No.: P-17-092901-E<br>Dept. No.: PC-1 |
|---|---|---|

**NOTICE OF EXERCISE OF RIGHT TO HAVE HEARING BEFORE PROBATE COURT JUDGE**

COMES NOW, Lenny Jorjorian by and through his attorney, CARY COLT PAYNE, ESQ., of the law firm of CARY COLT PAYNE, CHTD., and pursuant to NRCP 53 and EDCR 4.08, respectfully exercises the right to have the currently filed *Petition to Reopen Estate, Vacate Order Approving Final Account, Disgorge Distributions, and for Issuance of Letters of Administration*, together with any Opposition/Objection and/or Counterpetition/Countermotion filed thereto, Currently set for May 25, 2018, and subsequent matters be heard by the assigned District Court Judge.

Dated: May 24, 2018

CARY COLT PAYNE, ESQ.
Nevada Bar No.: 4357
CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
(702) 383-9010

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702. 383.9010 • Fax 702. 383.9049

EXHIBIT PE#13
CAPLAN v NEVADA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 24, 2018, a true and correct copy of the foregoing was served to the following at the their last known address(es), facsimile numbers and/or e-mail/other electronic means, pursuant to:

**BY MAIL:** N.R.C.P 5(b), I deposited for first class United States mailing, postage prepaid at Las Vegas, Nevada;

Ara Jorjorian
8976 Water Song Circle
Roseville, CA 95747

Victoria J. Ratcliff
608 Clover
Cheney, WA 99004

Cynthia L. Reed
4601 W. Sahara Ave., # L
Las Vegas, Nevada 89102

Marguerite Fox
8976 Water Song Circle
Roseville, CA 95747

**BY E-MAIL AND/OR ELECTRONIC MEANS:** Pursuant to Eighth Judicial District Court Administrative Order 14-2, Effective June 1, 2014, as identified in Rule 9 of the N.E.F.C.R. as having consented to electronic service, I served via e-mail or other electronic means (Wiznet) to the e-mail address(es) of the addressee(s).

Lee A. Drizin, Esq.
LEE A. DRIZIN, CHTD.
2460 Professional Court, Ste. 110
Las Vegas, Nevada 89128
*email: lee@leedrizin.com*
Attorney for Richard Caplan & Jeffrey Elrond

An employee of CARY COLT PAYNE, CHTD.

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702. 383.9010 • Fax 702. 383.9049

 Hollywood Born <rlcaplan@gmail.com>

## Your Memo of July 26, 2018

**lee@leedrizin.com** <lee@leedrizin.com> Thu, Jan 17, 2019 at 1:32 PM
To: rlcaplan@gmail.com

The matter was initially heard by the Probate Commissioner – Wes Yamashita. However, after Cary Payne filed a request for the matter to be heard by a Probate Judge, it was assigned to Bill Voy, who is one of three judges that hear probate matters.

[Quoted text hidden]

Hollywood Born <rlcaplan@gmail.com>

## Joseph estate

**Les Berman** <lesberman@leedrizin.com> Wed, Aug 1, 2018 at 4:25 PM
To: rlcaplan@gmail.com

Mr. Caplan,

As I predicted, the Court put everything off until the 14th. The bad news is that the judge has serious questions about the jurisdiction of the court over the estate and the Jojorians since the estate has been distributed and the distributes are out of the jurisdiction. Clearly, under the statute, there is personal jurisdiction over Lenny Jojorian as the administrator. But since the estate remains closed, until it is reopened, the jurisdictional question remains. The good news is that the judge also believes, based upon the documentation submitted, that a prima facie case has been made that you are the decedent's heir.

Therefore, we will continue to research the jurisdictional issue and find authority which will hopefully influence the judge.

I am aware of the other factual issues raised in your email. Since the Jojorians are not yet appearing and giving testimony, we will potentially raise that issue (their employment) when and if they testify.

Les Berman

*Proudly Serving the Southern Nevada Community Since 1994*

LAW OFFICES OF LEE A. DRIZIN CHTD.

**Lester A. Berman, Esq.**

**Law Offices of Lee A. Drizin, Chtd.**

2460 Professional Court, Suite 110 | Las Vegas, NV 89128

P: **702.798.4955** | F: **702.798.5955**

**www.DrizinLaw.com | lesberman@leedrizin.com**

**PRIVILEGE AND CONFIDENTIALITY NOTICE**

The information in this electronic mail is intended for the named recipients only. It may contain privileged and confidential matter. If you have received this electronic mail in error, please notify the sender immediately by replying to this electronic e-mail or by contacting the sender at **(702) 798-4955**. Please do not disclose the contents to anyone and please delete this e-mail and any attachments from your workstation or network mail system. Thank you.

[Quoted text hidden]

EXHIBIT PE#16
CAPLAN v NEVADA

Electronically Filed
8/1/2018 4:31 PM
Steven D. Grierson
CLERK OF THE COURT

**NOH**

LEE A. DRIZIN, ESQ.
Nevada Bar No.: 4971
**LEE A. DRIZIN, CHTD.**
2460 Professional Court, Ste. 110
Las Vegas, Nevada 89128
(702) 798-4955 FAX (702)798-5955
lee@leedrizin.com
Attorneys for Petitioners

**DISTRICT COURT**
**FAMILY DIVISION**
**CLARK COUNTY, NEVADA**

| In the Matter of the Estate of<br><br>**AZAD E. JOSEPH**,<br><br>Deceased. | Case No.: **P-17-092901-E**<br>Dept. No.: **M** |
|---|---|

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the Petitioners filed in the above-entitled Court a *Petition for Leave to file Amended Petition to Re-Open Estate, Vacate Order Approving Final Account, Disgorge Distributions and for Letters of Administration*; that a hearing has been set for the ~~14th~~ 28th day of August, 2018, at the hour of 11:00 a.m. in the above-entitled Court, located at the Regional Justice Center, Courtroom 10B, 200 Lewis Avenue, Las Vegas, Nevada 89155. Further details concerning this Petition can be obtained by reviewing the Court file at the Office of the County Clerk, Family Courts and Services Center or by contacting the Petitioner or the attorney for the Petitioner whose name, address, and telephone number is: LEE A. DRIZIN, ESQ., 2460 Professional Court, Suite 110, Las Vegas, Nevada 89128, (702) 798-4955.

DATED this 1st day of August, 2018.

LEE A. DRIZIN, CHTD.

By: ______________________
LEE A. DRIZIN, ESQ.
Nevada Bar No. 4971
2460 Professional Court, Ste. 110
Las Vegas, Nevada 89128
Attorneys for Petitioners

LAW OFFICES OF
LEE A. DRIZIN, CHTD.
2460 Professional Court, Ste. 110
Las Vegas, NV 89128
(702) 798-4955 FAX (702)798-5955

EXHIBIT PE#16
CAPLAN v NEVADA

EXHIBIT PE#16
CAPLAN v NEVADA

PET
LEE A. DRIZIN, ESQ.
Nevada Bar No. 4971
LESTER A. BERMAN, ESQ.
Nevada Bar No. 0149
**LEE A. DRIZIN, CHTD.**
2460 Professional Court, Suite 110
Las Vegas, Nevada 89128
(702) 798-4955 FAX (702) 798-5955
lee@leedrizin.com
lesberman@leedrizin.com
Attorneys for Petitioners

**DISTRICT COURT**
**FAMILY DIVISION**
**CLARK COUNTY, NEVADA**

| In the Matter of the Estate of<br>**AZAD E. JOSEPH,**<br>Deceased. | Case No.: **P-17-092901-E**<br>Dept. No.: **M** |
|---|---|

**PETITION FOR LEAVE TO FILE AMENDED PETITION TO REOPEN ESTATE, VACATE ORDER APPROVING FINAL ACCOUNT, DISGORGE DISTRIBUTIONS AND FOR LETTERS OF ADMINISTRATION**

NOW COMES, RICHARD LEVON CAPLAN, the Decedent's son, and JEFFREY ELROD, by and through their attorneys, LEE A. DRIZIN, ESQ. and LESTER A. BERMAN, ESQ., of the law firm LEE A. DRIZIN, CHTD., files their *Petition for Leave to File Amended Petition to Reopen Estate, Vacate Order Approving Final Account, Disgorge Distributions and for Letters of Administration*. This petition is made and based upon the following *Memorandum of Points and Authorities*, *Arguments*, the attached exhibits, all papers and pleadings on file herein, and any oral argument allowed at the time of hearing.

DATED this 1st day of August, 2018.

LEE A. DRIZIN, CHTD.

By: [signature]
LESTER A. BERMAN, ESQ.
Nevada Bar No. 0149
2460 Professional Court, Suite 110
Las Vegas, NV 89128
Attorneys for Petitioners

EXHIBIT PE#16
CAPLAN v NEVADA

EXHIBIT PE#16
CAPLAN v NEVADA

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. Background.**

**A. Commencement of the Probate Case.** AZAD E. JOSEPH (the "Decedent") died on July 20, 2017, in Las Vegas, Nevada. On September 5, 2017, Lenny Jorjorian ("Jorjorian")[1] and Cynthia L. Reed ("Reed")[2] filed a *Petition for General Administration and Issuance of Letters*. The Petition alleged, among other things, that the Decedent was unmarried at the time of her death and had no living children. The petition further indicated that the Decedent was survived by a niece (Marguerite Fox aka Margo Fox) and two grand nephews (Lenny Jorjorian and Ara Jorjorian). In Paragraph 6 of the petition, Jorjorian indicated that the Decedent had a son, Richard Keskeys[3], who died in 1960.[4] A hearing was conducted on September 29, 2017, after Notice of the Hearing was published in the Nevada Legal News[5] and the Court approved the opening of the Estate. *Letters of Administration* were subsequently issued to Jorjorian and Reed on December 11, 2017.[6]

**B. Final Distribution of the Estate.** The *First and Final Account and Petition for Distribution* was filed on February 5, 2018. The Petition sought the distribution of the entire Estate, consisting of a Wells Fargo Savings bank account in the amount of

---

[1] Upon information and belief, Jorjorian is a resident of the State of California employed as a sworn Senior Probation Officer in Sacramento County, California, and, as a result, was not qualified to serve by himself as Administrator pursuant to NRS 139.010.

[2] Reed is a paralegal who owns and operates Legal Forms and Services, Inc., a Nevada corporation. The Company had been conducting business under a fictitious firm name of "Legal Solutions"; however, the fictitious firm name filing expired on October 31, 2008 and has not been renewed. Nevertheless, Clark County Business License B20-01769 appears to have been issued to "Legal Solutions". The Clark County Clerk's records reflect that she has been preparing probate petitions and serving as a Co-Administrator since at least 2013.

[3] The Administrators falsely identified the son of the Decedent. It is unclear how they determined this name as it is not set forth in any supporting documentation.

[4] On August 30, 2017, the Decedent's niece, Marguerite Fox a.k.a. Margo Fox ("Fox") executed an Affidavit in which she indicated that to the *best of her knowledge* the Decedent had no living children (emphasis added). However, the Administrators offered no actual proof of the death of the Decedent's son.

[5] Obviously, publication in Nevada would have done nothing to bring to the matter to the attention of the rightful heir, Richard Levon Caplan, a resident of California.

[6] Although the Letters were not issued until December 11, 2017, the Administrators filed the *Notice to Creditors* on October 4, 2017.

EXHIBIT PE#16
CAPLAN v NEVADA

EXHIBIT PE#16
CAPLAN v NEVADA

$651,089.67, to LENNY JORJORIAN and ARA JORJORIAN. Jorjorian and Reed executed verifications swearing that each knows the contents thereof, the same is true of his or her own knowledge, except for any matters therein stated upon information and belief. In Paragraph X of the *Final Account and Petition for Distribution*, Jorjorian and Reed falsely indicated the Decedent died intestate and had no living children thereby misleading the Court. The Final Account was subsequently approved on February 23, 2018. The Co-Administrators filed *Distributees Receipts* on March 12, 2018 and an *Order for Final Discharge* was filed on April 2, 2018.[7]

**C. Filing of the *Petition to Reopen Estate, Vacate Order Approving Final Account, Disgorge Distributions and for Letters of Administration.*** Richard Levon Caplan, the son of the Decedent, and Jeffrey El-Rod petitioned the Court to reopen the Estate, vacate the Order Approving Final Account, disgorge distribution and for Letters of Administration on May 9, 2018. Richard Levon Caplan ("Richard") was born on September 14, 1953, in Los Angeles, California to Azad Elizabeth Joseph and Russell B. Caplan. He is the omitted heir of the Decedent. Jeffrey Elrod is the associated Co-Petitioner as Caplan is not a resident of the State of Nevada.

In light of the additional information received as confirmation of Caplan's identity, Petitioners seeks to file the attached Proposed *Amended Petition to Reopen Estate, Vacate Order Approving Final Account, Disgorge Distributions and for Letters of Administration*. **Exhibit "1"**.

The proposed amendment provides additional factual information, details, and developments underlying the matter. Given the early stage of these proceedings and the liberal standard for amendment of pleadings under Nevada Rule of Civil Procedure 15(a), the Court should grant Petitioners leave to amend their pleadings as requested.

///

///

---

[7] As a result, the Estate was closed and the assets distributed approximately six (6) months from the hearing approving the matter be opened.

EXHIBIT PE#16
CAPLAN v NEVADA

## ARGUMENT

**II. Leave to Amend the Pleadings is Freely Given Absent Bad Faith or Undue Delay.** Nevada Rule of Civil Procedure 15(a) provides that a party may amend a pleading with leave of court, "and leave shall be freely given when justice so requires." Nev. R. Civ. Proc. 15(a).

The Supreme Court has stated that, "[s]ufficient reasons to deny a motion to amend a pleading include undue delay, bad faith or dilatory motives on the part of the movant." *Kantor v. Kantor*, 116 Nev. 886, 891 (2000). But in the absence of such reasons, a motion to amend the pleading is to be liberally granted. *See id.*; *Hernandez v. Creative Concepts, Inc.*, 295 F.R.D. 500, 505 (D. Nev. 2013) (noting "Rule 15(a)'s liberal amendment policy"); *Stephens v. Southern Nevada Music Co., Inc.*, 89 Nev. 104, 105-06 (1973) ("in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant—the leave sought should be freely given.").

Petitioners' proposed amendments here have no relation to undue delay, bad faith, or dilatory motives. Rather, upon learning various facts concerning the identify of Caplan in relation to the Decedent, Petitioners validly seeks to provide additional and updated information.

Petitioners have not previously amended their initial petition and this is their first request for leave to do so. Moreover, in these early stages no party will suffer unfair prejudice if the amendment is allowed.

Accordingly, it is appropriate that Petitioners be freely permitted to amend their initial pleading.

///

///

///

///

///

///

## CONCLUSION

For the forgoing reasons, Petitioners should be granted leave to file the attached Proposed *Amended Petition to Reopen Estate, Vacate Order Approving Final Account, Disgorge Distributions and for Letters of Administration.*

DATED this 1st day of August, 2018.

LEE A. DRIZIN, CHTD.

LESTER A. BERMAN, ESQ.
Nevada Bar No. 0149
2460 Professional Court, Ste. 110
Las Vegas, Nevada 89128
Attorneys for Petitioners

# EXHIBIT 1

EXHIBIT PE#16
CAPLAN v NEVADA

PET

LEE A. DRIZIN, ESQ.
Nevada Bar No. 4971
**LEE A. DRIZIN, CHTD.**
2460 Professional Court, Suite 110
Las Vegas, Nevada 89128
(702) 798-4955 FAX (702) 798-5955
lee@leedrizin.com
Attorneys for Petitioners

**DISTRICT COURT**
**FAMILY DIVISION**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| In the Matter of the Estate of<br><br>**AZAD E. JOSEPH,**<br><br>Deceased. | Case No.: **P-17-092901-E**<br>Dept. No.: **PC-1** |

**AMENDED PETITION TO REOPEN ESTATE, VACATE ORDER APPROVING FINAL ACCOUNT, DISGORGE DISTRIBUTIONS AND FOR LETTERS OF ADMINISTRATION**

NOW COMES, RICHARD LEVON CAPLAN, the Decedent's son, and JEFFREY ELROD, by and through their attorney, LEE A. DRIZIN, ESQ. of the law firm LEE A. DRIZIN, CHTD., and pursuant to NRS 151.240 and NRCP 60(b) files their *Amended Petition to Reopen Estate, Vacate Order Approving Final Account, Disgorge Distributions, and for Issuance of Letters of Administration*. This petition is made and based upon the following *Memorandum of Points and Authorities*, the attached exhibits, all papers and pleadings on file herein, and any oral argument allowed at the time of hearing.

DATED this 31st day of July, 2018

LEE A. DRIZIN, CHTD.

By: [signature]
LEE A. DRIZIN, ESQ.
Nevada Bar No. 4971
2460 Professional Court, Suite 110
Las Vegas, NV 89128
Attorneys for Petitioners

EXHIBIT PE#16
CAPLAN v NEVADA

EXHIBIT PE#17
CAPLAN v NEVADA

OPPS
CARY COLT PAYNE, ESQ.
Nevada Bar No. 4357
CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
(702) 383-9010
carycoltpaynechtd@yahoo.com
Attorney for Lenny Jorjorian

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | | |
|---|---|---|
| In the Matter of the | ) | Case No.: P-17-092901-E |
| | ) | Dept. No.: M |
| AZAD E. JOSEPH | ) | |
| | ) | |
| Deceased. | ) | Date: 8/14/18 & 8/20/18 |
| ~~~~~~~~~~~~~~~~~~~~~~~~~~~~ | ) | Time: 9:30 AM |

**COMBINED OPPOSITION TO PETITION TO AMEND PETITION TO REOPEN ESTATE AND RELATED RELIEF SUPPLEMENTAL POINTS AND AUTHORITIES**

COMES NOW, LENNY JORJORIAN, by and through his attorney, CARY COLT PAYNE, ESQ., of the lawfirm of CARY COLT PAYNE, CHTD., and submits the within Combined Opposition and Supplemental Points and Authorities, which is made and based upon the attached Points and Authorities, Exhibits, as well as such argument and evidence as may be adduced upon the hearing of the within matter.

**POINTS AND AUTHORITIES**

***A. Introduction***

Despite being denied the requested TRO, Caplan originally filed his Petition to Reopen this matter pursuant to NRS 151.240. No fraud was alleged in the original petition, nor was there any reason under Nevada law to reopen, such as newly found assets, etc. Now, Caplan wishes to "amend" his Petition to include a new sketchy theory/claim of fraud.

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702.383.9010 • Fax 702.383.9049

EXHIBIT PE#17
CAPLAN v NEVADA



EXHIBIT PE#17
CAPLAN v NEVADA

Before Caplan's current Petition can be heard, the court needs to rule on the issue of jurisdiction, as argued in the Counterpetition to Dismiss, which was filed with Opposition to Petition to Reopen Estate and Related Relief (filed 6/12/18).

The Counterpetition to Dismiss (NRCP 12) dealt with the various issues of the courts in rem jurisdiction, standing, and the fact that Nevada law precludes his seeking to disturb the Order of Distribution and Order of Final Discharge. Proper notice under Nevada law was provided and Caplan failed to act whatsoever during the pendency of the probate estate. He is, therefore precluded from reopening the estate, unless he meets the standards pursuant to NRS 151.240.

***B. Jurisdiction to Entertain Leave to Amend***

As illustrated in the Opposition to the Petition to Reopen this matter, the court lacks jurisdsiction to reopen the matter as to untimeliness to seek any relief during the pendency of the estate administration, and the fact that the court no longer has subject matter jurisdiction (assets) as the former estate assets have been fully administered and distributed.

***C. Caplan's parentage claim***

Caplan's claim for "parentage" is simply late. In the *Estate of Robert Murray*, 131 Nev. Adv. Op. 8, 344 P.3d 419 (2015) the Nevada Supreme Court held in determining a claim for paternity for the purpose of heirship, it must be made during the probate proceeding, and must overcome the standing and timeliness issues before any evidentiary hearing could be considered. Specifically: *"NRS 126.081(2) recognizes that, notwithstanding the parentage statutes, claims of 'a right of inheritance or a right to a succession' must be asserted within 'the time provided by law relating to distribution and closing of decedents' estates". NRS 126.091(3) provides that an action may be*

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702 383.9010 • Fax 702 383.9049

EXHIBIT PE#17
CAPLAN v NEVADA



EXHIBIT PE#17
CAPLAN v NEVADA

*brought in the county in which a deceased alleged father's probate proceeding have been commenced."* [Emphasis added]

***D. Opposition to Petition to Amend***

Caplan has now requested to amend his Petition to Reopen to allege fraud. There is much "discussion" and/or "speculation" in the petition to amend and the proposed amended petition itself, but Caplan fails to denote what actual fraud (extrinsic) occurred, much less with the specificity required (NRCP 9).

Caplan's argument iappears to be that the Administrators of the Estate committed fraud by not giving Caplan notice. The proffered Amended Petition still does not provide a prima facie case upon which relief may even be granted. The allegations therein, without Caplan actually stating the legal basis, comes the closest to intentional misrepresentation the standard of which is:

> (1) estate made a false representation,
> (2) with knowledge or belief that the representation was false or without a sufficient basis for making the representation,
> (3) the estate intended to induce Caplan to act or refrain from acting on the representation,
> (4) Caplan justifiably relied on the representation, and
> (5) Caplan was damaged as a result of his reliance.

J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc., 120 Nev. 277, 290–91, 89 P.3d 1009, 1018 (2004)

"A plaintiff has the burden of proving each element of fraud claim by clear and convincing evidence." *Albert H. Wohlers & Co. v. Bartgis,* 114 Nev. 1249, 1260, 969 P.2d 949, 957 (1998); *Bulbman, Inc. v. Nevada Bell*, 108 Nev. 105, 110–11, 825 P.2d 588, 592 (1992); *Lubbe v. Barba*, 91 Nev. 596, 540 P.2d 115 (1975).

"Whether these elements are present in a given case is ordinarily a question of fact." *Epperson v. Roloff,* 102 Nev. 206, 211, 719 P.2d 799, 802 (1986).

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702.383.9010 • Fax 702.383.9049

EXHIBIT PE#17
CAPLAN v NEVADA



"Further, '[w]here an essential element of a claim for relief is absent, the facts, disputed or otherwise, as to other elements are rendered immaterial and summary judgment is proper." Bulbman, 108 Nev. at 111, 825 P.2d at 592." Barmettler v. Reno Air, Inc., 114 Nev. 441, 447, 956 P.2d 1382, 1386 (1998).

"'[f]raud is never presumed; it must be clearly and satisfactorily proved.'" J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc., 120 Nev. 277, 291, 89 P.3d 1009, 1018 (2004) (quoting Havas v. Alger, 85 Nev. 627, 631, 461 P.2d 857, 860 (1969)).

"the essence of any misrepresentation claim is a false or misleading statement that harmed [the plaintiff]." Nanopierce Techs., Inc. v. Depository Trust & Clearing Corp., 123 Nev. 362, 168 P.3d 73, 82 (2007).

Caplan states in his Amended Petition that he was with his mother until 1960, but fails to state where he was and who he was living with after that, because he was, apparently, not with Azad Joseph, who told everyone, including the guardian, that she had a child and he was dead.

The fact remains is that Azad Joseph, who apparently always used her maiden name rather than a married name, said her child was dead. Whether the name was Keskeys or Caplan is immaterial. In fact, the decedent had been married to a man named Keskeys (Exhibit "A"). Almost 60 years later, the Administrators relied upon the information provided by and told to the guardian (and the district court), and what was known to them.

Further, there is no fraud by the estate Administrators if they relied upon what the guardian for the decedent (for 10 years) determined.

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702. 383.9010 • Fax 702. 383.9049



EXHIBIT PE#17
CAPLAN v NEVADA

As to the affidavit of Marguerite Fox, filed with the Petition for Appointment (filed 9/5/17), it was made upon information and belief, to the best of her knowledge, which was the same - no husband, no child, no living siblings, and she was Azad Joseph's niece.

Where is the fraud - Caplan does not allege any fraud with any sort of specificity. Fraud would have to be shown by, e.g., clear and convincing evidence that the Administrators knew there was a living child (legal existence) and intentionally deceived the court. Caplan engages in mere speculation as to what someone knew, or did not know. Marguerite's (third person)affidavit is what she believed to be true, after a lifetime with her aunt. No one ever saw a child, and believed the decedent's statements. This is not fraud.

Caplan's petition is full of speculation, without provable fact, some examples of which are:

(1) Page 2 footnote 1: Caplan states that Lenny Jorjorian was not qualified to act under NRS139.010, but fails to state why.

(2) Page 2- footnote 5: The purpose of publication is notice to "the world" in situations wherein actual notice cannot be given due to lack of contact information, etc. It is pure speculation and mockery of Nevada law for Caplan to speculate that publication in Nevada would have done nothing to notify Caplan. Caplan would have the court believe that utilizing Nevada law in Nevada courts is somehow wrong. There is no requirement to publish in any other state other then Nevada.

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702. 383.9010 • Fax 702. 383.9049

EXHIBIT PE#17
CAPLAN v NEVADA



EXHIBIT PE#17
CAPLAN v NEVADA

Caplan has to prove by "clear and convincing" evidence that a family absolutely knew of his living existence and intentionally took steps to conceal those facts. Caplan therefore falls into mere speculation, without admissible evidence, as to what was known or not known by individuals he has never has had contact with, seeking to have this court believe such speculation is truth or a substitution for actual provable fact.

Caplan's next attempt focuses on the name issue (Keskeys versus Caplan), believing this would have made some sort of difference. This calls for further speculation. It would not have, as the Administrators went by the actual words of the decedent herself that she said the child had died. The Administrators (or the guardian) was not going to seek out someone who they believed was almost 60 years dead. Why would they. There is no sort of notice requirement under Nevada law to locate predeceased dead children.

Finally, Caplan is also under the misguided notion in his pleadings that there was no live person named Keskeys. Actually, there was. Azad Joseph was married to a Donald Keskeys on June 3, 1946 (Exhibit "A"). It is not unreasonable, that all these years later, to have presumed that Azad's child's last name was Keskeys.

***E. Supplemental Points and Authorities***

The fraud cases cited by Caplan are easily distinguishable. *NC-OSH, Inc. v. Garner*, 125 Nev. 647, 208 P.3d 853 (2009), involved fraud of the plaintiff's counsel for accepting $160,000 offer to settle without authorization from his client. This is not the facts in this matter.

The next fraud case cited, *Murphy v Murphy*, 103 Nev. 185, 734 P.2d 738, was a question related to the six month rule, and the wife's allegation that her husband would kill her if she started an action. Again this is not the facts in this matter.

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702. 383.9010 • Fax 702. 383.9049

EXHIBIT PE#17
CAPLAN v NEVADA



EXHIBIT PE#17
CAPLAN v NEVADA

Finally, Savage v. Sullyan, which held that NRCP 60(b) is inapplicable because the purported fraud failed to allege the "agreement" that supposedly kept the party from adjudicating the dispute. As in this case, there was no extrinsic fraud alleged other than some sort of mistake.

The proposed Amended Petition does not state how the party (in this case Marguerite) and what she did or did not do to keep Caplan from "his day in court", or the courthouse. Nor does the petition show how the estate Administrators did so. Did Caplan not know Azad Joseph died, and if not, why not. He apparently did not care enough for the 10 years under guardianship, nor for all the years in between.

This matter still comes around to the fact that Caplan seeks to "reopen" an estate without good cause, and is woefully late in doing so. Notice of Publication was provided in the commencement of this action, as well as a published Notice to Creditors.

As this court stated at the hearing on August 1, 2018:

> "That pursuant to Alotta v. Western _________, (VT 11:35:14) the court obtains jurisdiction by legally required notice and that all the parties are legally bound by the requirements of legally required notice."
>
> "The court believes that the legal requirements were met in this case." (VT 11:35:27)
>
> "That Alotta goes on to say (VT 11:35:28) that even if an heir did not receive actual knowledge, if the means of obtaining knowledge was available to him, it was the same as having actual knowledge, and that laches would apply even if extrinsic fraud was proved."
>
> "That in Royce v. Hampton, 16 Nev. 25 (1881), (VT 11:36:35), indicating that it is a cardinal principal that the courts of equity will not grant relief to a party who has had an opportunity to be heard, without showing that he was prevented from doing so by the wrongful acts of the prevailing party, unmixed with any negligence or fault on his part."

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702. 383.9010 • Fax 702. 383.9049

EXHIBIT PE#17
CAPLAN v NEVADA



EXHIBIT PE#17
CAPLAN v NEVADA

As the Nevada Supreme Court has routinely held, Bergeron v Loeb, 100 Nev. 54, 675 P.2d 397 (1984) (courtesy copy attached), that the entire statutory scheme for distribution of estates demonstrates intention on the part of the legislature to ensure speedy and certain distribution of a decedent's estate. The court went on to determine the proper court which confirms why the court no longer has jurisdiction. Id at page 58. The estate assets in this case are no longer under this court's jurisdiction.

The court was concerned about the age of the case quoted. Any case that has not been overruled is valid law, even if the original case is old. As previously stated in earlier pleadings, the Nevada Supreme Court in Garteiz v. Garteiz, 254 P.2d 804. 70 Nev. 77 (Nov.. 1963) stated: "*When the decree of distribution became final, it was res judicata as to the rights of all persons interested in the estate in the absence of extrinsic fraud. Royce v. Hampton, 16 Nev. 25, 26 at page 30: Benning v. Superior Court, 34 Cal.App. 296, 167 P. 291: Federal Farm Mortgage Corporation v. Sanberg, 35 Cal.2d 1, 215 P.2d 721, at page 733: State ex.rel. and to Use of Conran v. Duncan, 333 Mo. 673. 63 S.W.2d 135, at page139, and cases there cited.*"

The Garteiz decision continues: "The decree of distribution is now immune from collateral attack." Dabney v. Dabney, 54 CalApp.2d 695. 129 P.2d 470; King v. King, 83 Wash. 615, 145 P. 971.

The Garteiz decision still relies upon *Royce*, supra, despite the case age.

Further, where there is no estate, there can be no administration. In re Dickerson Estate, 51 Nev. 69, 268 P. 769 (1928).

There is a distinct difference between domestic cases and probate matters. Each have their own set of laws, rules, and case law. What applies in a divorce matter does not apply in a probate matter, especially when there is probate case law differentiating an issue thereunder.

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702. 383.9010 • Fax 702. 383.9049

EXHIBIT PE#17
CAPLAN v NEVADA



EXHIBIT PE#17
CAPLAN v NEVADA

## CONCLUSION

Caplan filed a Petition to Reopen, in a matter wherein (1) the time for Caplan to intervene in the matter or make any claim has long passed; (2) the petition to Dismiss was filed arguing his lateness, standing and no reason to reopen under Nevada law presented; (3) Caplan sought a TRO which was denied; (4) Caplan then seeks to amend his petition to one alleging fraud; (4) the proffered amended petition fails allege fraud with specificity, or provide a prima facie case for same. All there is, is speculation, not hard facts and/or admissible evidence of any wrongdoing.

Caplan was required to make all of his claims, including whether or not the decedent was his parent, during the open probate administration process. The Order is a final order, and cannot be collaterally attacked. The probate process requires finality. The allowable time for Caplan to make any claim has come and gone. Even if he is the decedent's son, the time for him to have made any claim was during the probate proceedings while open, not after final distrubition and discharge.

Ultimately, the court no longer has jurisdiction over this matter, and Caplan's Petition to Reopen and Petition to Amend that Petition fail as a matter of law.

The Petition to Amend Petition to Reopen should be denied in its entirety, with such other and further relief as the court may deem just and equitable.

Dated: August 13, 2018.

CARY COLT PAYNE, ESQ.
Nevada Bar No.: 4357
CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702. 383.9010 • Fax 702. 383.9049

EXHIBIT PE#17
CAPLAN v NEVADA



EXHIBIT PE#17
CAPLAN v NEVADA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 13, 2018, a true and correct copy of the foregoing was served to the following at the their last known address(es), facsimile numbers and/or e-mail/other electronic means, pursuant to:

___ **BY MAIL:** N.R.C.P 5(b), I deposited for first class United States mailing, postage prepaid at Las Vegas, Nevada;

X **BY E-MAIL AND/OR ELECTRONIC MEANS:** Pursuant to Eighth Judicial District Court Administrative Order 14-2, Effective June 1, 2014, as identified in Rule 9 of the N.E.F.C.R. as having consented to electronic service, I served via e-mail or other electronic means (Wiznet) to the e-mail address(es) of the addressee(s).

Lester A. Berman, Esq.
LEE A. DRIZIN, CHTD.
2460 Professional Court, Ste. 110
Las Vegas, Nevada 89128
*email: lesberman@leedrizin.com*

[signature]
An employee of CARY COLT PAYNE, CHTD.

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702. 383.9010 • Fax 702. 383.9049

EXHIBIT PE#17
CAPLAN v NEVADA



EXHIBIT PE#18
CAPLAN v NEVADA

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF MINERAL.

-oooxooo-

DONALD D. KESKEYS, - Plaintiff,

#2037

vs

AZAD E. KESKEYS, - Defendant.

FINAL DECREE OF DIVORCE.

The above entitled cause coming on regularly for hearing before the Court, and the Court having heard the evidence and made and filed its Findings of Fact and Conclusion of Law wherein it is decided that plaintiff is entitled to, and should be granted a divorce from defendant;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED That plaintiff be and he is hereby divorced from the defendant and the ties of matrimony existing between plaintiff and defendant are hereby forever severed and they are restored to the status of single persons on the ground of extreme cruelty.

Dated this 3rd day of September, 1946. /s/ Wm. D. Hatton
District Judge.

EXHIBIT PE#18
CAPLAN v NEVADA

EXHIBIT PE#18
CAPLAN v NEVADA

CERTIFICATE OF CLERK

STATE OF NEVADA.
COUNTY OF MINERAL } ss.

I, A. J. PARK, County Clerk of Mineral County, State of Nevada, and Ex-Officio Clerk of the District Court of the Fifth Judicial District of the State of Nevada, in and for the County of Mineral, do hereby certify the foregoing and annexed to be a correct copy of Final Decree of Divorce in the cause of Donald D. Keskeys vs Azad E. Keskeys, Civil No. 2032

as the same appears on file and of record in my office at Hawthorne, County and State aforesaid.

Attest my hand and seal of said court this 8th

day of September, A. D. 1948

A. J. Park, Clerk

By Martha J. Dillon, Deputy

EXHIBIT PE#18
CAPLAN v NEVADA

EXHIBIT PE#19
CAPLAN v NEVADA

Electronically Filed
9/12/2018 2:19 PM
Steven D. Grierson
CLERK OF THE COURT

ORDR
CARY COLT PAYNE, ESQ.
Nevada Bar No. 4357
CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
(702) 383-9010
carycoltpaynechtd@yahoo.com
Attorney for Lenny Jorjorian

DISTRICT COURT
CLARK COUNTY, NEVADA

| | | |
|---|---|---|
| In the Matter of the<br><br>AZAD E. JOSEPH<br><br>Deceased. | ) | Case No.: P-17-092901-E<br>Dept. No.: M<br><br>Date: 8/14/18<br>Time: 9:30 AM |

## FINDINGS OF FACTS, CONCLUSIONS OF LAW & ORDER

This matter having come on for hearing on the *Petition to Reopen Estate* (filed by Richard Levon Caplan-7/9/18) which Lenny Jorjorian filed an opposition thereto (6/12/18); the *Petition to Quash Citation* filed by Ara Jorjorian (7/20/18), which Richard Caplan filed an opposition (8/13/18); and the *Petition for Leave to file Amended Petition to Reopen, Etc.* (8/1/18), which Lenny Jorjorian filed an opposition thereto (8/13/18); and Lenny Jorjorian and Ara Jorjorian not personally appearing and being represented by CARY COLT PAYNE, ESQ., of the CARY COLT PAYNE, CHTD. lawfirm; that Richard Levon Caplan not personally appearing and being represented by Lester A. Berman, Esq., of the LEE A DRIZIN, CHTD lawfirm; and the court having reviewed the pleadings and heard the argument of counsel hereby finds:

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702. 383.9010 • Fax 702. 383.9049

RECEIVED
SEP 06 2018
DEPT. M

444
EXHIBIT PE#19
CAPLAN v NEVADA

## FINDINGS and CONCLUSIONS OF LAW

1. The Order of Final Distribution was filed February 26, 2018. The Order of Final Discharge was filed April 2, 2018.

2. After the matter was closed and the estate distributed and discharged, Richard Levon Caplan ("Caplan") filed his Petition to Reopen (5/9/18) the within estate pursuant to NRS 151.240, which only provides for the reopening of a closed estate for the purposes of "newly found property" to be administered or correcting errors made in the description of the property administered, in the absence of fraud. (NRS 151.240(2)) Caplan also sought relief pursuant to NRCP 60(b) for mistake, inadvertence, surprise or excusable neglect, seeking to vacate the court's prior orders.

3. Lenny Jorjorian, the prior Administrator/Personal Representative of the estate "Admnistrator"), opposed said matters, noting there were no allegations of fraud made, and that otherwise, the petition to reopen failed to meet any standard under NRS 151.240, as well as other jurisdictional arguments.

4. That Caplan thereafter filed a Petition for Leave to Amend the Petition to Reopen, and related relief on August 1, 2018, alleging purported fraud on behalf of the administrators during the open estate administration.

5. That probate is an *in rem* proceeding and parties are to comply with notification requirements. Notice of the probate action was given by publication during the pendency of the administration of the probate estate as shown by the Affidavit of Publication filed September 25, 2017, as well as a Notice to Creditors having been filed and published, as shown by Affidavit of Publication filed October 20, 2017. That the court finds that the Administrators complied with Nevada statute and acted appropriately as to notice which is all that is required, and that the Nevada notice requirements have been met.

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702. 383.9010 • Fax 702. 383.9049

EXHIBIT PE#19
CAPLAN v NEVADA

6. That Notice of Entry of the Order of Distribution was filed May 2, 2018. Caplan filed his Petition to Reopen on May 9, 2018. No tolling motion pursuant to NRCP 50(b), 52 or 59 have been filed and no timely Notice of Appeal has been filed within the time allotted by law.

7. That the Nevada Supreme Court in Garteiz v. Garteiz, 254 P.2d 804. 70 Nev. 77 (Nov. 1963) held: "*When the decree of distribution became final, it was res judicata as to the rights of all persons interested in the estate in the absence of extrinsic fraud. Royce v. Hampton, 16 Nev. 25, 26 at page 30: Benning v. Superior Court, 34 Cal.App. 296, 167 P. 291: Federal Farm Mortgage Corporation v. Sanberg, 35 Cal.2d 1, 215 P.2d 721, at page 733: State exrel. and to Use of Conran v. Duncan, 333 Mo. 673. 63 S.W.2d 135, at page139, and cases there cited.*" The Garteiz decision continued: "The decree of distribution is now immune from collateral attack." Dabney v. Dabney, 54 CalApp.2d 695. 129 P.2d 470; King v. King, 83 Wash. 615, 145 P. 971.

8. In O'Neal v. Slaughter (In re Estate of Murray), 131 Nev. Adv. Op. 8, 344 P.3d 419 (Nev., 2015), the issue was "standing" as to bringing a petition as to paternity in the estate matter to prove same by the adult child. The Nevada Supreme Court held, *inter alia*, that "NRS 126.081(2) recognizes that, notwithstanding the parentage statutes, claims of "a right of inheritance or a right to a succession" must be asserted within "the time provided by law relating to distribution and closing of decedents' estates."

9. That the Administrators gave two published opportunities for Caplan to come forward and assert any claims he may have had during the pendency of the probate administration. Timeliness must carry a more purposeful finality because of distribution of estate property. Published notice(s) applied to Caplan, and he sat idle on any rights, failed to assert any claims during the pendency of the probate administration and is therefore estopped from later bringing any claim, and the doctrine of laches applies.

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702. 383.9010 • Fax 702. 383.9049

EXHIBIT PE#19
CAPLAN v NEVADA



EXHIBIT PE#19
CAPLAN v NEVADA

10. That the court further finds that as Caplan's NRCP Rule 60(b) assertions, that there was no mutual mistake, inadvertence, surprise or excusable neglect. As to Caplan's fraud allegations, he has the burden to show each element of fraud by clear and convincing evidence. *Albert H. Wohlers & Co. v. Bartgis*, 114 Nev. 1249, 1260, 969 P.2d 949, 957 (1998); *Bulbman, Inc. v. Nevada Bell*, 108 Nev. 105, 110–11, 825 P.2d 588, 592 (1992); *Lubbe v. Barba*, 91 Nev. 596, 540 P.2d 115 (1975).

11. Caplan has not alleged fraud with any sort of specificity, as required (NRCP 9). The Administrators in their initial petition (filed 9/5/17) and identified a "potential heir", one Richard Keskeys, as possibly predeceased. By exhibit to supplemental pleadings filed in the matter, it was shown that the deceased was married to one Donald D. Keskeys in 1946. Caplan would have to allege and then prove that the Administrators had actual knowledge of Caplan's existence and intentionally kept this information from the court and parties, or interfere with any rights to allege or show any overt fraud upon the court. Caplan's petitions are speculative, failed to show that the Administrators had such actual knowledge of Caplan, and there is no sound excuse under NRCP Rule 60(b) which applies to Caplan's situation and his motion lacks sufficient cause to set aside the Order for Distribution or the Final Order of Discharge.

12. The record reflects that Caplan produced a copy of a birth certificate which, if correct, would indicate he is now 65 years old. There was no evidence offered and none proffered as to where he has been for the past 60 (+/-) years, that the deceased was under a Nevada guardianship for ten (10) years, and there has been no record or reference to him as family.

13. That should any finding of fact be more properly identified as a conclusion, or any conclusion be more properly identified as a finding, it shall be so construed.

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702. 383.9010 • Fax 702. 383.9049

EXHIBIT PE#19
CAPLAN v NEVADA

EXHIBIT PE#19
CAPLAN v NEVADA

NOW THEREFORE; IT IS HEREBY

ORDERED, that the Petition to Reopen is denied; and it is further

ORDERED that the Petition to Quash Citation issued June 15, 2018as to Ara Jorjorian, is rendered moot; and it is further

ORDERED that as the issues in the Petition for Leave to file Amended Petition to Reopen, Etc. were discussed at this hearing, said petition is moot as the issue of reopening the estate off calendar and otherwise is denied; and it is further

ORDERED, that all future hearing dates are vacated, and this matter closed upon the entry of this order.

Dated: September 10, 2018

DISTRICT COURT JUDGE AG

Submitted by:

CARY COLT PAYNE, ESQ. (NV Bar 4357)
CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
(702) 383-9010
Attorney for Lenny Jorjorian

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702. 383.9010 • Fax 702. 383.9049

EXHIBIT PE#19
CAPLAN v NEVADA

EXHIBIT PE#20
CAPLAN v NEVADA

Electronically Filed
5/24/2018 12:18 PM
Steven D. Grierson
CLERK OF THE COURT

NOTC
CARY COLT PAYNE, ESQ.
Nevada Bar No. 4357
CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
(702) 383-9010
carycoltpaynechtd@yahoo.com
Attorney for Lenny Jorjorian

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| In the Matter of the<br><br>AZAD E. JOSEPH<br><br>Deceased.<br>~~~~~~~~~~~~~~~~~~~~~~~~~~ | Case No.: P-17-092901-E<br>Dept. No.: PC-1 |

**NOTICE OF EXERCISE OF RIGHT TO HAVE HEARING BEFORE PROBATE COURT JUDGE**

COMES NOW, Lenny Jorjorian by and through his attorney, CARY COLT PAYNE, ESQ., of the law firm of CARY COLT PAYNE, CHTD., and pursuant to NRCP 53 and EDCR 4.08, respectfully exercises the right to have the currently filed *Petition to Reopen Estate, Vacate Order Approving Final Account, Disgorge Distributions, and for Issuance of Letters of Administration*, together with any Opposition/Objection and/or Counterpetition/Countermotion filed thereto, Currently set for May 25, 2018, and subsequent matters be heard by the assigned District Court Judge.

Dated: May 24, 2018

CARY COLT PAYNE, ESQ.
Nevada Bar No.: 4357
CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
(702) 383-9010

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702. 383.9010 • Fax 702. 383.9049

EXHIBIT PE#20
CAPLAN v NEVADA

EXHIBIT PE#20
CAPLAN v NEVADA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 24, 2018, a true and correct copy of the foregoing was served to the following at the their last known address(es), facsimile numbers and/or e-mail/other electronic means, pursuant to:

X **BY MAIL:** N.R.C.P 5(b), I deposited for first class United States mailing, postage prepaid at Las Vegas, Nevada;

Ara Jorjorian
8976 Water Song Circle
Roseville, CA 95747

Victoria J. Ratcliff
608 Clover
Cheney, WA 99004

Cynthia L. Reed
4601 W. Sahara Ave., # L
Las Vegas, Nevada 89102

Marguerite Fox
8976 Water Song Circle
Roseville, CA 95747

X **BY E-MAIL AND/OR ELECTRONIC MEANS:** Pursuant to Eighth Judicial District Court Administrative Order 14-2, Effective June 1, 2014, as identified in Rule 9 of the N.E.F.C.R. as having consented to electronic service, I served via e-mail or other electronic means (Wiznet) to the e-mail address(es) of the addressee(s).

Lee A. Drizin, Esq.
LEE A. DRIZIN, CHTD.
2460 Professional Court, Ste. 110
Las Vegas, Nevada 89128
*email: lee@leedrizin.com*
Attorney for Richard Caplan & Jeffrey Elrond

[signature]
An employee of CARY COLT PAYNE, CHTD.

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702. 383.9010 • Fax 702. 383.9049

EXHIBIT PE#20
CAPLAN v NEVADA



Electronically Filed
10/12/2018 2:51 PM
Steven D. Grierson
CLERK OF THE COURT

No. P-17-092901-E

Dept. No. M

Electronically Filed
Oct 17 2018 12:41 p.m.
Elizabeth A. Brown
Clerk of Supreme Court

IN THE 8th JUDICIAL DISTRICT COURT OF THE
STATE OF NEVADA IN AND FOR
THE COUNTY OF Clark

Richard Levon Caplan }
Opponent }
}

## NOTICE OF APPEAL

Notice is hereby given that Richard Levon Caplan above named, hereby appeals to the Supreme Court of Nevada from the order by Judge Potter entered in this action on the 12 day of September, 2018. Notice was sent September 14, 2018.

/s/ ..........................................

P.O Box 5561 Chatsworth, CA 91313
Address

No. P-17-092901-E Dept. No. ...M.....

IN THE ....8th...... JUDICIAL DISTRICT COURT OF THE
STATE OF NEVADA IN AND FOR
THE COUNTY OF ..Clark.....

Richard Levon Caplan
Opponent

AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED
ON APPEAL IN FORMA PAUPERIS

State of Nevada
}ss.
County of ..Clark.........

I, Richard Levon Caplan being first duly sworn, depose and say that I am the ....Opponent......... in the above-entitled case; that in support of my motion to proceed on appeal without being required to prepay fees, cost or give security therefor. I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to redress; and that the issues which I desire to present on appeal are the following:

I further swear that the responses which I have made to the questions and instructions below relating to my ability to pay the cost of prosecuting the appeal are true.

RECEIVED
NOV 06 2018
DEPT. M

1. Are you presently employed? No.

a. If the answer is yes, state the amount of your salary or wages per month and give the name and address of your employer.

b. If the answer is no, state the date of your last employment and the amount of the salary and wages per month which you received. 2002. $11, 500.00

RECEIVED
OCT 23 2018
CLERK OF THE COURT

2. Have you received within the past twelve months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, or other source? No.

a. If the answer is yes, describe each source of income, and state the amount received from each during the past twelve months.

3. Do you own any cash or checking or savings account? Yes.

a. If the answer is yes, state the total value of the items owned. $0.77

RECEIVED
OCT 12 2018
CLERK OF THE COURT

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? 2002 Chevy Malibu

OCT 25 2018

a. If the answer is yes. describe the property and state its approximate value.

5. List the persons who are dependent upon you for support and state your relationship to those persons.

I understand that a false statement or answer to any question in this affidavit will subject me to penalties for perjury.

..............................................

SUBSCRIBED AND SWORN to before me this ............... day of ............................, 20.....

See attached California Jurat
..............................................
Notary Public

ORDER

Let the applicant proceed without prepayment of costs or fees or the necessity of giving security therefor.
DATED this ............... day of ............................, 20.....

..............................................
District Judge

SIGN HERE

# CALIFORNIA JURAT

**(CALIFORNIA GOVERNMENT CODE § 8202)**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
COUNTY OF Los Angeles )

Subscribed and sworn to (~~or affirmed~~) before me on this 12th day of October, 2018,
by Richard Levon Caplan, proved to me on the basis of
*(Name of Signer(s))*
satisfactory evidence to be the person(~~s~~) who appeared before me.

SHELLEY P. JUSKO
Notary Public - California
Los Angeles County
Commission # 2180618
My Comm. Expires Feb 1, 2021

*Signature of Notary Public* (Notary Seal)

**ADDITIONAL OPTIONAL INFORMATION**

**Description of Attached Document**

Title or Type of Document: Affidavit in Support of Motion to Proceed on Appeal in Forma Pauperis Document Date: ______

Number of Pages: 2 Signer(s) Other Than Named Above: ______

Additional Information: No. P-17-092901-E

revision date 01/01/2015

FILED
OCT 17 2018
CLERK OF COURT

FDF
Name: Richard Levon Caplan
Address: PO Box 5561
Chatsworth, CA 91313
Phone: (818) 564-7270
Email: rlcaplan@gmail.com
Attorney for In Pro Per
Nevada State Bar No.

8th Judicial District Court

Clark County, Nevada

| | |
|---|---|
| Lenny R. Jorjorian<br>**Plaintiff,**<br><br>**vs.**<br>Richard Levon Caplan<br>**Defendant.** | **Case No.** P-75-092901-E<br><br>**Dept.** M |

## GENERAL FINANCIAL DISCLOSURE FORM

**A.** Personal Information:

1. What is your full name? *(first, middle, last)* Richard Levon Joseph Caplan
2. How old are you? 65 3. What is your date of birth? September 14, 1953
4. What is your highest level of education? Some College

**B.** Employment Information:

1. Are you currently employed/ self-employed? *(☑ check one)*
   ☑ No
   ☐ Yes If yes, complete the table below. Attached an additional page if needed.

| Date of Hire | Employer Name | Job Title | Work Schedule (days) | Work Schedule (shift times) |
|---|---|---|---|---|
| | | | | |
| | | | | |

2. Are you disabled? *(☑ check one)*
   ☑ No
   ☐ Yes If yes, what is your level of disability? _____
   What agency certified you disabled? _____
   What is the nature of your disability? _____

**C.** Prior Employment: If you are unemployed or have been working at your current job for less than 2 years, complete the following information.

Prior Employer: KPMG Consulting Date of Hire: 01/01/2000 Date of Termination: 03/01/2002
Reason for Leaving: Force Reduction Due To Termination of Business Unit

FILED
NOV 14 2018
ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY [signature] DEPUTY CLERK

Richard L. Caplan
PO Box 5561
Chatsworth, CA 91313

(818) 564-7270
rlcaplan@gmail.com

November 9, 2018

The Supreme Court of Nevada
Clerk's Office
201 South Carson Street
Carson City, NV 89701

RE: Supreme Court No. 77197

Sirs:

Please find enclosed copies of the Affidavit for Motion To Proceed In Forma Pauperis and Financial Disclosure Forms submitted and received by the Clark County Clerk's Office on October 17, 2018.

Subsequent to our telephone conversation requesting I send these documents to your office, I contacted the Clark County Clerk and discovered my Motion was sent to Department Q on October 30, 2018. The clerk of the court states it may take up to four weeks to process my Motion. They have a special number to call regarding status which instructs callers to check four weeks after the Motion has been sent to Department Q.

Any action or influence from your office which may accelerate this process is appreciated.

Please accept my warmest and deepest thanks for your time and consideration.

Sincerely,

[signature]

Richard L. Caplan

RECEIVED
NOV 13 2018
ELIZABETH A. BROWN
CLERK OF SUPREME COURT
DEPUTY CLERK

18-904019

No.P-17-092901-E

Dept. No. ...M.....

IN THE ....8th...... JUDICIAL DISTRICT COURT OF THE
STATE OF NEVADA IN AND FOR
THE COUNTY OF ..Clark.....

Richard Levon Caplan }
Opponent }
}

AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED
ON APPEAL IN FORMA PAUPERIS

State of Nevada }
}ss.
County of ..Clark......... }

I, Richard Levon Caplan being first duly sworn, depose and say that I am the ....Opponent......... in the above-entitled case; that in support of my motion to proceed on appeal without being required to prepay fees, cost or give security therefor. I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to redress; and that the issues which I desire to present on appeal are the following:

I further swear that the responses which I have made to the questions and instructions below relating to my ability to pay the cost of prosecuting the appeal are true.

1. Are you presently employed? No.

a. If the answer is yes, state the amount of your salary or wages per month and give the name and address of your employer.

b. If the answer is no, state the date of your last employment and the amount of the salary and wages per month which you received. 2002. $11, 500.00

2. Have you received within the past twelve months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, or other source? No.

a. If the answer is yes, describe each source of income, and state the amount received from each during the past twelve months.

3. Do you own any cash or checking or savings account? Yes.

a. If the answer is yes, state the total value of the items owned. $0.77

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? 2002 Chevy Malibu

RECEIVED
NOV 13 2018
ELIZABETH A. BROWN
CLERK OF SUPREME COURT
DEPUTY CLERK

a. If the answer is yes, describe the property and state its approximate value.

5. List the persons who are dependent upon you for support and state your relationship to those persons.

I understand that a false statement or answer to any question in this affidavit will subject me to penalties for perjury.

.............................................

SUBSCRIBED AND SWORN to before me this ............... day of .......................... 20.....

See attached California Jurat ..............................
Notary Public

ORDER

Let the applicant proceed without prepayment of costs or fees or the necessity of giving security therefor.
DATED this ............... day of .......................... 20......

.............................................
District Judge

## CALIFORNIA JURAT

**(CALIFORNIA GOVERNMENT CODE § 8202)**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
COUNTY OF Los Angeles )

Subscribed and sworn to ~~(or affirmed)~~ before me on this 12th day of October, 2017

by Richard Levon Caplan, proved to me on the basis of
*(Name of Signer(s))*
satisfactory evidence to be the person~~(s)~~ who appeared before me.

SHELLEY P. JUSKO
Notary Public - California
Los Angeles County
Commission # 2180618
My Comm. Expires Feb 1, 2021

Shelley P. Jusko
*Signature of Notary Public* (Notary Seal)

**ADDITIONAL OPTIONAL INFORMATION**

**Description of Attached Document**

Title or Type of Document: Affidavit in Support of Motion To Proceed on Appeal in Forma Pauperis Document Date: ______

Number of Pages: 2 Signer(s) Other Than Named Above: ______

Additional Information: No. P-17-092901-E

revision date 01/01/2015

**CERTIFICATE OF SERVICE**

I hereby declare under the penalty of perjury of the State of Nevada that the following is true and correct:

That on *(date)* October 13, 2018, service of the General Financial Disclosure Form was made to the following interested parties in the following manner:

☑ Via 1st Class U.S. Mail, postage fully prepaid addressed as follows:

Lenny R. Jorjorian, Marguerite Fox, Ara Jorjorian, Victoria Ratcliff addressed as reported.

☐ Via Electronic Service, in accordance with the Master Service List, pursuant to NEFCR 9, to:

______________________________

☐ Via Facsimile and/or Email Pursuant to the Consent of Service by Electronic Means on file herein to: ______________________________

Executed on the 13 day of October, 2018.

Signature

FDF

Name: Richard Levon Caplan
Address: PO Box 5561
Chatsworth, CA 91313
Phone: (818) 564-7270
Email: rlcaplan@gmail.com
Attorney for In Pro Per
Nevada State Bar No.

8th Judicial District Court

Clark County, Nevada

| Lenny R. Jorjorian<br>**Plaintiff,**<br><br>**vs.**<br>Richard Levon Caplan<br>**Defendant.** | **Case No.** P-75-092901-E<br><br>**Dept.** M |
|---|---|

## GENERAL FINANCIAL DISCLOSURE FORM

**A.** Personal Information:

1. What is your full name? *(first, middle, last)* Richard Levon Joseph Caplan
2. How old are you? 65 3.What is your date of birth? September 14, 1953
4. What is your highest level of education? Some College

**B.** Employment Information:

1. Are you currently employed/ self-employed? *(☑ check one)*
   ☑ No
   ☐ Yes If yes, complete the table below. Attached an additional page if needed.

| Date of Hire | Employer Name | Job Title | Work Schedule (days) | Work Schedule (shift times) |
|---|---|---|---|---|
| | | | | |
| | | | | |

2. Are you disabled? *(☑ check one)*
   ☑ No
   ☐ Yes If yes, what is your level of disability? _____
   What agency certified you disabled? _____
   What is the nature of your disability? _____

**C.** Prior Employment: If you are unemployed or have been working at your current job for less than 2 years, complete the following information.

Prior Employer: KPMG Consulting Date of Hire: 01/01/2000 Date of Termination: 03/01/2002
Reason for Leaving: Force Reduction Due To Termination of Business Unit

EXHIBIT PE#23
CAPLAN v NEVADA

**Monthly Personal Income Schedule**

**A. Year-to-date Income.**

As of the pay period ending 0 my gross year to date pay is 0.

**B. Determine your Gross Monthly Income.**

Hourly Wage

| $0.00 Hourly Wage | × | 0.00 Number of hours worked per week | = | $0.00 Weekly Income | × | 52 Weeks | = | $0.00 Annual Income | ÷ | 12 Months | = | $0.00 Gross Monthly Income |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

Annual Salary

| $0.00 Annual Income | ÷ | 12 Months | = | $0.00 Gross Monthly Income |
|---|---|---|---|---|

**C. Other Sources of Income.**

| Source of Income | Frequency | Amount | 12 Month Average |
|---|---|---|---|
| Annuity or Trust Income | | | |
| Bonuses | | | |
| Car, Housing, or Other allowance: | | | |
| Commissions or Tips: | | | |
| Net Rental Income: | | | |
| Overtime Pay | | | |
| Pension/Retirement: | Monthly | $501.00 | $6,012.00 |
| Social Security Income (SSI): | Monthly | $1,578.00 | $18,936.00 |
| Social Security Disability (SSD): | | | |
| Spousal Support | | | |
| Child Support | | | |
| Workman's Compensation | | | |
| Other: | | | |
| | | **Total Average Other Income Received** | $24,948.00 |

| **Total Average Gross Monthly Income (add totals from B and C above)** | **$24,948.00** |
|---|---|

EXHIBIT PE#23
CAPLAN v NEVADA

**D. Monthly Deductions**

| | Type of Deduction | Amount |
|---|---|---|
| 1. | Court Ordered Child Support (automatically deducted from paycheck) | |
| 2. | Federal Health Savings Plan | |
| 3. | Federal Income Tax | 0.00 |
| 4. | Health Insurance — Amount for you: ____ For Opposing Party: ____ For your Child(ren): ____ | 0.00 |
| 5. | Life, Disability, or Other Insurance Premiums | |
| 6. | Medicare | 134.00 |
| 7. | Retirement, Pension, IRA, or 401(k) | |
| 8. | Savings | 0.00 |
| 9. | Social Security | 8,664.00 |
| 10. | Union Dues | |
| 11. | Other: (Type of Deduction) ____ | |
| | **Total Monthly Deductions (Lines 1-11)** | 8,798.00 |

**Business/Self-Employment Income & Expense Schedule**

**A.** Business Income:

What is your average gross (pre-tax) monthly income/revenue from self-employment or businesses? $ 0.00

**B.** Business Expenses: Attach an additional page if needed.

| Type of Business Expense | Frequency | Amount | 12 Month Average |
|---|---|---|---|
| Advertising | | | |
| Car and truck used for business | | | |
| Commissions, wages or fees | | | |
| Business Entertainment/Travel | | | |
| Insurance | | | |
| Legal and professional | | | |
| Mortgage or Rent | | | |
| Pension and profit-sharing plans | | | |
| Repairs and maintenance | | | |
| Supplies | | | |
| Taxes and licenses (include est. tax payments) | | | |
| Utilities | | | |
| Other: | | | |
| | **Total Average Business Expenses** | | 0.00 |

**Personal Expense Schedule (Monthly)**

A. Fill in the table with the amount of money **you** spend each month on the following expenses and check whether you pay the expense for you, for the other party, or for both of you.

| Expense | Monthly Amount I Pay | For Me ✓ | Other Party ✓ | For Both ✓ |
|---|---|---|---|---|
| Alimony/Spousal Support | 0.00 | | | |
| Auto Insurance | 50.34 | ✓ | | |
| Car Loan/Lease Payment | 0.00 | | | |
| Cell Phone | 60.00 | ✓ | | |
| Child Support (not deducted from pay) | 0.00 | | | |
| Clothing, Shoes, Etc… | 30.00 | ✓ | | |
| Credit Card Payments (minimum due) | 141.00 | ✓ | | |
| Dry Cleaning | 0.00 | | | |
| Electric | 0.00 | | | |
| Food (groceries & restaurants) | 160.00 | ✓ | | |
| Fuel | 80.00 | ✓ | | |
| Gas (for home) | 0.00 | | | |
| Health Insurance (not deducted from pay) | 0.00 | | | |
| HOA | 0.00 | | | |
| Home Insurance (if not included in mortgage) | 0.00 | | | |
| Home Phone | 0.00 | | | |
| Internet/Cable | 0.00 | | | |
| Lawn Care | 0.00 | | | |
| Membership Fees | 0.00 | | | |
| Mortgage/Rent/Lease | 1,500.00 | ✓ | | |
| Pest Control | 0.00 | | | |
| Pets | 0.00 | | | |
| Pool Service | 0.00 | | | |
| Property Taxes (if not included in mortgage) | 0.00 | | | |
| Security | 0.00 | | | |
| Sewer | 0.00 | | | |
| Student Loans | 0.00 | | | |
| Unreimbursed Medical Expense | 0.00 | | | |
| Water | 0.00 | | | |
| Other: | | | | |
| **Total Monthly Expenses** | 2,021.34 | | | |

**Household Information**

**A.** Fill in the table below with the name and date of birth of each child, the person the child is living with, and whether the child is from this relationship. Attached a separate sheet if needed.

| | Child's Name | Child's DOB | Whom is this child living with? | Is this child from this relationship? | Has this child been certified as special needs/disabled? |
|---|---|---|---|---|---|
| 1st | Alana McPherson | 10/30/90 | Husband | | |
| 2nd | David Caplan | 05/16/94 | Mother | | |
| 3rd | Michaela Caplan | 10/26/20 | Mother | | |
| 4th | | | | | |

**B.** Fill in the table below with the amount of money you spend each month on the following expenses for each child.

| Type of Expense | 1st Child | 2nd Child | 3rd Child | 4th Child |
|---|---|---|---|---|
| Cellular Phone | | | | |
| Child Care | | | | |
| Clothing | | | | |
| Education | | | | |
| Entertainment | | | | |
| Extracurricular & Sports | | | | |
| Health Insurance (if not deducted from pay) | | | | |
| Summer Camp/Programs | | | | |
| Transportation Costs for Visitation | | | | |
| Unreimbursed Medical Expenses | | | | |
| Vehicle | | | | |
| Other: | | | | |
| **Total Monthly Expenses** | **0.00** | **0.00** | **0.00** | **0.00** |

**C.** Fill in the table below with the names, ages, and the amount of money contributed by all persons living in the home over the age of eighteen. If more than 4 adult household members attached a separate sheet.

| Name | Age | Person's Relationship to You (i.e. sister, friend, cousin, etc...) | Monthly Contribution |
|---|---|---|---|
| NONE | | | |
| | | | |
| | | | |
| | | | |

**Personal Asset and Debt Chart**

A. Complete this chart by listing all of your assets, the value of each, the amount owed on each, and whose name the asset or debt is under. If more than 15 assets, attach a separate sheet.

| Line | Description of Asset and Debt Thereon | Gross Value | | Total Amount Owed | | Net Value | Whose Name is on the Account? You, Your Spouse/Domestic Partner or Both |
|---|---|---|---|---|---|---|---|
| 1. | 2002 Chevy Malibu | $1,000.00 | - | $0.00 | = | $ 1,000.00 | Me |
| 2. | HP Laptop | $600.00 | - | $0.00 | = | $ 600.00 | Me |
| 3. | Cell Phone | $50.00 | - | $0.00 | = | $ 50.00 | Me |
| 4. | Printer | $35.00 | - | $0.00 | = | $ 35.00 | Me |
| 5. | | $ | - | $ | = | $ 0.00 | |
| 6. | | $ | - | $ | = | $ 0.00 | |
| 7. | | $ | - | $ | = | $ 0.00 | |
| 8. | | $ | - | $ | = | $ 0.00 | |
| 9. | | $ | - | $ | = | $ 0.00 | |
| 10. | | $ | - | $ | = | $ 0.00 | |
| 11. | | $ | - | $ | = | $ 0.00 | |
| 12. | | $ | - | $ | = | $ 0.00 | |
| 13. | | $ | - | $ | = | $ 0.00 | |
| 14. | | $ | - | $ | = | $ 0.00 | |
| 15. | | $ | - | $ | = | $ 0.00 | |
| **Total Value of Assets (add lines 1-15)** | | **$1,685.00** | - | **$0.00** | = | **$ 1,685.00** | |

B. Complete this chart by listing all of your unsecured debt, the amount owed on each account, and whose name the debt is under. If more than 5 unsecured debts, attach a separate sheet.

| Line # | Description of Credit Card or Other Unsecured Debt | Total Amount owed | Whose Name is on the Account? You, Your Spouse/Domestic Partner or Both |
|---|---|---|---|
| **1.** | Caplital One | $ 6,874.00 | Richard L Caplan |
| **2.** | | $ | |
| **3.** | | $ | |
| **4.** | | $ | |
| **5.** | | $ | |
| **6.** | | $ | |
| **Total Unsecured Debt (add lines 1-6)** | | **$ 6,874.00** | |

## CERTIFICATION

**Attorney Information**: *Complete the following sentences:*

1. I *(have/have not)* have not retained an attorney for this case.
2. As of the date of today, the attorney has been paid a total of $ 0 on my behalf.
3. I have a credit with my attorney in the amount of $ 0.00.
4. I currently owe my attorney a total of $ 0.00.
5. I owe my prior attorney a total of $ 0.00.

**IMPORTANT:** Read the following paragraphs carefully and initial each one.

RLC I swear or affirm under penalty of perjury that I have read and followed all instructions in completing this Financial Disclosure Form. I understand that, by my signature, I guarantee the truthfulness of the information on this Form. I also understand that if I knowingly make false statements I may be subject to punishment, including contempt of court.

_______ **I have attached a copy of my 3 most recent pay stubs to this form.**

_______ **I have attached a copy of my most recent YTD income statement/P&L statement to this form, if self-employed.**

RLC **I have not attached a copy of my pay stubs to this form because I am currently unemployed.**

Signature

October 13, 2018
Date

Hollywood Born <rlcaplan@gmail.com>

## Fee Waiver Application

3 messages

**Duru, Nichole** <DeptQLC@clarkcountycourts.us> Tue, Dec 4, 2018 at 9:17 AM
To: "rlcaplan@gmail.com" <rlcaplan@gmail.com>

Hello Mr. Caplan,

I am in receipt of your voicemail message. Are you referring to a fee waiver application submitted for case number P-17-092901-E which is a probate matter assigned to Judge Potter's department (Department M)?

If so, you'll want to speak with the Department M staff as case P-17-092901-E is showing that the request for a fee waiver was reviewed by Department M. The Department M law clerk can be reached at 702-671-3552. The Department M judicial executive assistant can be reached at 702-671-3553.

Regards,

Nichole J. Duru, Esq.

Law Clerk to the Honorable Bryce C. Duckworth

Eighth Judicial District Court of Nevada

Family Division - Department Q

601 N. Pecos Rd.

Las Vegas, NV 89101

(702) 455-1346 PHONE

(702) 455-1946 FAX

**rlcaplan** <rlcaplan@gmail.com> Wed, Dec 5, 2018 at 1:03 AM
To: DeptQLC@clarkcountycourts.us

Nicole;

Thank you for the courtesy of your reply.

I contacted you because I was informed by the Clark County clerk's office the first week of November of this year the the sworn In Forma Pauperis petition and financial disclosure forms I filed in in mid-October, referencing the aforementioned case number in Dept M, was sent to Dept Q on October 30, 2018 for approval.

I called the clerk's phone number I was given for Dept Q; heard the message with the alternate phone number to call for status four weeks after the case was sent to Dept Q, which I exceed by a few days, as the voicemail I left yesterday was

my first attempt to check on the status.

I was asked by the clerk of the Supreme Court of Nevada to send them a copy of the In Forma Pauperis documents I filed with the Clark County clerk's office via certified mail who acknowledged them as received on October 17, 2018 so my pending appeal would not be dismissed for lack of fee and/or lack of response on my In Forma Pauperis petition. I complied with their request about a month ago.

Sincerely,

Richard Caplan
(818) 564-7270

Sender notified by
Mailtrack

[Quoted text hidden]

---

**Duru, Nichole** <DeptQLC@clarkcountycourts.us> Wed, Dec 5, 2018 at 11:19 AM
To: rlcaplan <rlcaplan@gmail.com>

Hello Mr. Caplan,

As we discussed during our phone conversation, you'll want to inquire with Department M as to why the request for a fee waiver was not granted. Upon my review of case P-17-092901-E, it appears that your Order to Proceed in Forma Pauperis was not approved on or around 11/7/18 and that the Order (and accompanying documents) were returned to you by mail on 11/8/18.

The Department M law clerk can be reached at 702-671-3552. The Department M judicial executive assistant can be reached at 702-671-3553.

**From:** rlcaplan [mailto:rlcaplan@gmail.com]
**Sent:** Wednesday, December 5, 2018 1:03 AM
**To:** Duru, Nichole
**Subject:** Re: Fee Waiver Application

Nicole;

Thank you for the courtesy of your reply.

I contacted you because I was informed by the Clark County clerk's office the first week of November of this year the the sworn In Forma Pauperis petition and financial disclosure forms I filed in in mid-October, referencing the aforementioned case number in Dept M, was sent to Dept Q on October 30, 2018 for approval.

I called the clerk's phone number I was given for Dept Q; heard the message with the alternate phone number to call for status four weeks after the case was sent to Dept Q, which I exceed by a few days, as the voicemail I left yesterday was my first attempt to check on the status.

I was asked by the clerk of the Supreme Court of Nevada to send them a copy of the In Forma Pauperis documents I filed with the Clark County clerk's office via certified mail who acknowledged them as received on October 17, 2018 so my pending appeal would not be dismissed for lack of fee and/or lack of response on my In Forma Pauperis petition. I complied with their request about a month ago.

Sincerely,

Richard Caplan

(818) 564-7270

Sender notified by
Mailtrack

[Quoted text hidden]

EXHIBIT PE#25
CAPLAN v NEVADA

913 913 91313 **N2-50**

PRSRT FIRST-CLASS MAIL
U.S. POSTAGE PAID
Las Vegas
Las Vegas Presort LLC.

6023181212-165657218

7

RETURN SERVICE REQUESTED

91313

EIGHTH JUDICIAL DISTRICT COURT
REGIONAL JUSTICE CENTER
200 LEWIS AVENUE
LAS VEGAS NV 89155

**RETURN SERVICE REQUESTED**

Richard Caplan
P.O. Box 5561
Chartsworth, CA 91313

EXHIBIT PE#25
CAPLAN v NEVADA

EXHIBIT PE#25
CAPLAN v NEVADA

US POSTAGE PITNEY BOWES
ZIP 89120 $ 000.00
02 1W
0001387203 DEC 12 201

EXHIBIT PE#25
CAPLAN v NEVADA

No. P-17-092901-E  Dept. No. ...M.....

IN THE ....8th...... JUDICIAL DISTRICT COURT OF THE
STATE OF NEVADA IN AND FOR
THE COUNTY OF ..Clark.....

Richard Levon Caplan
Opponent

AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED
ON APPEAL IN FORMA PAUPERIS

State of Nevada } ss.
County of ..Clark.........

I, Richard Levon Caplan being first duly sworn, depose and say that I am the ....Opponent......... in the above-entitled case; that in support of my motion to proceed on appeal without being required to prepay fees, cost or give security therefor. I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to redress; and that the issues which I desire to present on appeal are the following:

I further swear that the responses which I have made to the questions and instructions below relating to my ability to pay the cost of prosecuting the appeal are true.

RECEIVED
NOV 06 2018
DEPT. M

1. Are you presently employed? No.
a. If the answer is yes, state the amount of your salary or wages per month and give the name and address of your employer.
b. If the answer is no, state the date of your last employment and the amount of the salary and wages per month which you received. 2002. $11, 500.00

RECEIVED
OCT 23 2018
CLERK OF THE COURT

2. Have you received within the past twelve months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, or other source? No.
a. If the answer is yes, describe each source of income, and state the amount received from each during the past twelve months.

3. Do you own any cash or checking or savings account? Yes.
a. If the answer is yes, state the total value of the items owned. $0.77

RECEIVED
OCT 12 2018
CLERK OF THE COURT

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? 2002 Chevy Malibu

OCT 25 2018

EXHIBIT PE#26
CAPLAN v NEVADA

a. If the answer is yes. describe the property and state its approximate value.

5. List the persons who are dependent upon you for support and state your relationship to those persons.

I understand that a false statement or answer to any question in this affidavit will subject me to penalties for perjury.

..................................................

SUBSCRIBED AND SWORN to before me this ............... day of .......................... 20.....

See attached California Jurat
..................................................
Notary Public

ORDER

Let the applicant proceed without prepayment of costs or fees or the necessity of giving security therefor.
DATED this ............... day of .......................... 20.....

..................................................
District Judge

SIGN HERE

EXHIBIT PE#26
CAPLAN v NEVADA

## CALIFORNIA JURAT

**(CALIFORNIA GOVERNMENT CODE § 8202)**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
COUNTY OF Los Angeles )

Subscribed and sworn to (~~or affirmed~~) before me on this 12th day of October, 2018, by Richard Levon Caplan, proved to me on the basis of
*(Name of Signer(s))*
satisfactory evidence to be the person(~~s~~) who appeared before me.

SHELLEY P. JUSKO
Notary Public - California
Los Angeles County
Commission # 2180618
My Comm. Expires Feb 1, 2021

Shelley P. Jusko
*Signature of Notary Public* (Notary Seal)

**ADDITIONAL OPTIONAL INFORMATION**

**Description of Attached Document**

Title or Type of Document: Affidavit in Support of Motion to Proceed on Appeal in Forma Pauperis Document Date: ____

Number of Pages: 2 Signer(s) Other Than Named Above: ____

Additional Information: No. P-17-092901-E

revision date 01/01/2015

FDF

FILED
OCT 17 2018
CLERK OF COURT

Name: Richard Levon Caplan
Address: PO Box 5561
Chatsworth, CA 91313
Phone: (818) 564-7270
Email: rlcaplan@gmail.com
Attorney for In Pro Per
Nevada State Bar No. ____

8th Judicial District Court

Clark County, Nevada

| | |
|---|---|
| Lenny R. Jorjorian<br>**Plaintiff,**<br><br>**vs.**<br>Richard Levon Caplan<br>**Defendant.** | **Case No.** P-75-092901-E<br><br>**Dept.** M |

## GENERAL FINANCIAL DISCLOSURE FORM

**A.** Personal Information:

1. What is your full name? *(first, middle, last)* Richard Levon Joseph Caplan
2. How old are you? 65 3. What is your date of birth? September 14, 1953
4. What is your highest level of education? Some College

**B.** Employment Information:

1. Are you currently employed/ self-employed? *(☑ check one)*
   ☑ No
   ☐ Yes If yes, complete the table below. Attached an additional page if needed.

| Date of Hire | Employer Name | Job Title | Work Schedule (days) | Work Schedule (shift times) |
|---|---|---|---|---|
| | | | | |
| | | | | |

2. Are you disabled? *(☑ check one)*
   ☑ No
   ☐ Yes If yes, what is your level of disability? ____
   What agency certified you disabled? ____
   What is the nature of your disability? ____

**C.** Prior Employment: If you are unemployed or have been working at your current job for less than 2 years, complete the following information.

Prior Employer: KPMG Consulting Date of Hire: 01/01/2000 Date of Termination: 03/01/2002
Reason for Leaving: Force Reduction Due To Termination of Business Unit

EXHIBIT PE#28
CAPLAN v NEVADA

CARY COLT PAYNE, ESQ.
Nevada Bar No.: 4357
CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
(702) 383-9010
carycoltpaynechtd@yahoo.com
Attorney for Respondent
LENNY JORJORIAN

Electronically Filed
Dec 19 2018 03:03 p.m.
Elizabeth A. Brown
Clerk of Supreme Court

# In The Supreme Court Of The State Of Nevada

IN THE MATTER OF THE ESTATE OF AZAD E. JOSEPH, DECEASED

RICHARD LEVON CAPLAN,
Appellant,

-vs-

LENNY JORJORIAN
Respondent.

**Supreme Court No. : 77197**

## RESPONDENT'S RESPONSE REGARDING APPELLANT'S MOTION FOR *IN FORMA PAUPERIS* STATUS

COMES NOW, Respondent, LENNY JORJORIAN, by and through counsel, CARY COLT PAYNE, ESQ., of the CARY COLT PAYNE, CHTD. lawfirm, and provides the within Response Regarding Appellants Motion for In Forma Pauperis Status.

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702. 383.9010 • Fax 702. 383.9049

EXHIBIT PE#28
CAPLAN v NEVADA
Docket 77197 Document 2018-909547

It should be noted that in the court below, Appellant, Richard Caplan, did not request, nor did he receive *in forma pauperis* status at the time he filed his initial motion, which is the subject of this appeal.

Appellant, Richard Caplan, was represented in the court below by LEE A. DRIZIN, CHTD. After the filing of the order which is the subject of this appeal, the Drizin Firm filed their Notice of Withdrawal as Attorney of Record, in or around September 19, 2018. It is respectfully suggested that Appellant does not qualify for *in forma pauperis* status.

A review of this court's order filed December 17, 2018, indicates that it may not be aware of any ruling on the application filed by the Appellant.

Further, Appellant's letter to the Supreme Court also filed on December 14, 2018, and its attachments indicate that his application was not approved by the District Court.

Dated: December 19, 2019

*Respectfully Submitted,*

CARY COLT PAYNE, ESQ.
Nevada Bar No.: 4357
CARY COLT PAYNE, CHTD.
700 S. Eighth Street
Las Vegas, NV 89101
(702) 383-9010

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702. 383.9010 • Fax 702. 383.9049

CARY COLT PAYNE, CHTD.
700 South Eighth Street
Las Vegas, Nevada 89101
Tel: 702. 383.9010 • Fax 702. 383.9049

**CERTIFICATE OF SERVICE**

I certify that pursuant to NRAP 31, on the 19th day of December I have served to the following an electronic filing copy of this Brief by electronic filing to the Court's E-Flex System; that I served the following a paper copy via U.S. Mail to the address listed on documents filed with the Court:

Richard Levon Caplan
P. O. Box 5561
Chatsworth, CA 91313
Email: rlcaplan@gmail.com
Appellant pro-se

An employee of
CARY COLT PAYNE, CHTD.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE ESTATE OF AZAD E. JOSEPH, DECEASED

RICHARD LEVON CAPLAN,
Appellant,
vs.
LENNY JORJORIAN,
Respondent.

No. 77197

FILED

JAN 11 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER REGARDING FILING FEE*

This appeal was docketed without the requisite filing fee. Appellant filed a motion to proceed in forma pauperis in the district court, which was denied on January 3, 2019.

Because the district court denied his motion, appellant shall, within 30 days of the date of this order, submit either the requisite filing fee, or an affidavit demonstrating his inability to pay, which substantially complies with Form 4 of the Nevada Rules of Appellate Procedure, and which shall include a financial certificate from the Department of Corrections if appellant is incarcerated. Failure to comply with this order will result in the dismissal of this appeal. NRAP 24(a)(1).

It is so ORDERED.

CLERK OF THE SUPREME COURT
ELIZABETH A. BROWN
BY: Elizabeth A. B

cc: Richard Levon Caplan
Cary Colt Payne

SUPREME COURT
OF
NEVADA

CLERK'S ORDER

(O) 1947

19-01716

EXHIBIT PE#29
CAPLAN v NEVADA

FILED
DEC 3 1 2018
CLERK OF COURT

PIFP

Name: Richard Levon Caplan
Address: PO Box 5561
City, State, Zip: Chatsworth, CA 91313
Phone: (818) 564-7270
Email: rlcaplan@gmail.com
Self-Represented

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

Richard Levon Caplan - Appellant

Plaintiff,

vs.

Lenny Rod Jorjorian - Petitioner

Defendant.

CASE NO.: P-75-092901-E

DEPT: M

**Application to Proceed in Forma Pauperis**

Pursuant to NRS 12.015, and based upon the information contained in this Application and Affidavit, I request permission from this Court to proceed without paying filing fees, or other costs and fees as provided in NRS 12.015 because I lack sufficient financial ability.

I understand that if approved, the order allowing me to proceed in forma pauperis will be valid for one year. I will be required to file a new Application to Proceed in Forma Pauperis if I need further filing fees and court costs and fees waived after one year.

**EMPLOYMENT:** (☒ *check one*)

☒ I am unemployed.

☐ I am employed. My employer is ______________________ and my job title is ______________________.

☐ I am self-employed. The name of my business is ______________________.

RECEIVED
DEC 3 1 2018
CLERK OF THE COURT

ALL RIGHTS RESERVED

EXHIBIT PE#29
CAPLAN v NEVADA

EXHIBIT PE#30
CAPLAN v NEVADA

# USPS Tracking®

FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)

**Track Another Package +**

**Tracking Number:** 9505516219528361417787

Remove ×

**Expected Delivery by**

**MONDAY**

**31** DECEMBER 2018 ⓘ

by **8:00pm** ⓘ

## Delivered

December 31, 2018 at 7:17 am
Delivered, To Agent
LAS VEGAS, NV 89155

**Get Updates**

**Text & Email Updates**

**Tracking History**

**December 31, 2018, 7:17 am**
Delivered, To Agent
LAS VEGAS, NV 89155
Your item has been delivered to an agent at 7:17 am on December 31, 2018 in LAS VEGAS, NV 89155.

**December 29, 2018, 11:23 am**
Delivery Attempted - No Access to Delivery Location
LAS VEGAS, NV 89106

EXHIBIT PE#30
CAPLAN v NEVADA

EXHIBIT PE#30
CAPLAN v NEVADA

**December 29, 2018, 8:31 am**
Out for Delivery
LAS VEGAS, NV 89101

---

**December 29, 2018, 8:21 am**
Sorting Complete
LAS VEGAS, NV 89101

---

**December 29, 2018, 3:31 am**
Arrived at Post Office
LAS VEGAS, NV 89106

---

**December 28, 2018, 6:13 pm**
Departed USPS Regional Facility
LAS VEGAS NV DISTRIBUTION CENTER

---

**December 28, 2018, 9:46 am**
Arrived at USPS Regional Facility
LAS VEGAS NV DISTRIBUTION CENTER

---

**December 28, 2018, 3:05 am**
Departed USPS Regional Facility
SANTA CLARITA CA DISTRIBUTION CENTER

---

**December 27, 2018, 5:34 pm**
Arrived at USPS Regional Origin Facility
SANTA CLARITA CA DISTRIBUTION CENTER

---

**December 27, 2018, 3:35 pm**
Departed Post Office
WOODLAND HILLS, CA 91367

---

**December 27, 2018, 2:42 pm**
USPS in possession of item
WOODLAND HILLS, CA 91367

---

Feedback

**Product Information**

EXHIBIT PE#30
CAPLAN v NEVADA

EXHIBIT PE#30
CAPLAN v NEVADA

**See Less**

## Can’t find what you’re looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

Feedback

### The easiest tracking number is the one you don't have to know.

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.
- Automatically track the packages you're expecting.
- Set up email and text alerts so you don't need to enter tracking numbers.
- Enter USPS Delivery Instructions™ for your mail carrier.

EXHIBIT PE#30
CAPLAN v NEVADA

EXHIBIT PE#30
CAPLAN v NEVADA

**Sign Up**

**(https://reg.usps.com/entreg/RegistrationAction_input?app=UspsTools&appURL=https%3A%2F%2Ftools.usps.com%2Fgo**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS automated equipment.

Feedback

EXHIBIT PE#30
CAPLAN v NEVADA

EXHIBIT PE#31
CAPLAN v NEVADA

No. 77197

Electronically Filed
1/3/2019 10:30 AM
Steven D. Grierson
CLERK OF THE COURT

NOTC

DISTRICT COURT

CLARK COUNTY, NEVADA

FILED
JAN 09 2019
ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY [signature]
DEPUTY CLERK

IN THE MATTER OF THE ESTATE OF AZAD E. JOSEPH, DECEASED.

Case No. P-17-092001-E
Dept. No. M

Hearing Date: N/A
Hearing Time: N/A

**NOTICE OF ENTRY OF ORDER**

Please take notice that an Order was entered by this Court on the 31st day of December, 2018, a copy of which is attached hereto.

Dated this 3rd day of ~~December, 2018~~ Jan., 2019.

[signature]
WILLIAM S. POTTER,
District Judge, Family Division, Department M

**CERTIFICATE OF MAILING**

I hereby certify that on the date filed, this document was E-Served, mailed or a copy of this Order was placed in the attorney's folder in the Clerk's Office or mailed to the proper person as follows:

Richard Levon Caplan
P.O. Box 5561
Chartsworth, CA 91313

Cary Colt Payne
700 S. 8th Street
Las Vegas, NV 89101

Supreme Court of Nevada- Court of Appeals
408 E. Clark Ave
Las Vegas, NV 89101

Eighth District Court Clerk
200 Lewis Ave
Las Vegas, NV 89155

[signature]
Tara D. Tyler, Law Clerk to the Honorable William S. Potter

WILLIAM S. POTTER
DISTRICT JUDGE
FAMILY DIVISION, DEPT. M
LAS VEGAS NV 89101-2408

RECEIVED
JAN 08 2019
ELIZABETH A. BROWN
CLERK OF SUPREME COURT

19-01222

EXHIBIT PE#31
CAPLAN v NEVADA

EXHIBIT PE#31
CAPLAN v NEVADA

Electronically Filed
12/31/2018 10:57 AM
Steven D. Grierson
CLERK OF THE COURT

ORD

DISTRICT COURT

CLARK COUNTY, NEVADA

IN THE MATTER OF THE ESTATE OF AZAD E. JOSEPH, DECEASED.

Case No. P-17-092901-E
Dept. No. M

Hearing Date: N/A
Hearing Time: N/A

**ORDER**

This matter having come to the attention of this Court by Mr. Richard Caplan's submission of forma pauperis paperwork makes the following findings and Order:

THE COURT FINDS that on November 06, 2018, Richard Caplan submitted paperwork requesting that he be allowed to proceed in forma pauperis.

THE COURT FURTHER FINDS on that same date, Mr. Kaplan's paperwork was rejected for a plethora of reasons.

THE COURT FURTHER FINDS that Mr. Kaplan submitted an Affidavit to Proceed in Forma Pauperis and an Order to Proceed in Forma Pauperis which did not comply with the approved court format.

THE COURT FURTHER FINDS that Mr. Kaplan failed to first file his Application to Proceed in Forma Pauperis which is required by Department M.

THE COURT FURTHER FINDS that Mr. Kaplan was mailed a copy of the Self Help Center forms for guidance.

WILLIAM S. POTTER
DISTRICT JUDGE
FAMILY DIVISION, DEPT. M
LAS VEGAS NV 89101-2408

EXHIBIT PE#31
CAPLAN v NEVADA

THE COURT FURTHER FINDS that Mr. Kaplan filed a General Financial Disclosure Form in which he purports to have an average Gross Monthly Income of $24,948.00 which would be automatic grounds for his request being denied.

THE COURT FURTHER FINDS that in a rejection memo mailed to Mr. Kaplan by the Clerk's Office on November 08, 2018, it was explained that this was believed to be an error, a corrected document would need to be filed so that this court may review an accurate document. A blank form was attached for litigant's convenience.

THE COURT FURTHER FINDS that no corrected documents have been filed and or submitted as requested as of December 31, 2018.

IT IS THEREFORE ORDERED that Richard Kaplan's Order to Proceed in Forma Pauperis is DENIED.

DATED this 31st day of December, 2018.

DISTRICT COURT JUDGE

EXHIBIT PE#32
CAPLAN v NEVADA

Electronically Filed
1/9/2019 2:48 PM
Steven D. Grierson
CLERK OF THE COURT

NOTC

DISTRICT COURT

CLARK COUNTY, NEVADA

IN THE MATTER OF THE ESTATE OF AZAD E. JOSEPH, DECEASED.

Case No. P-17-092901-E
Dept. No. M

Hearing Date: N/A
Hearing Time: N/A

**NOTICE OF ENTRY OF ORDER**

Please take notice that an Order was entered by this Court on the 8th day of January, 2019, a copy of which is attached hereto.

Dated this 9th day of January, 2019.

WILLIAM S. POTTER,
District Judge, Family Division, Department M

**CERTIFICATE OF MAILING**

I hereby certify that on the date filed, this document was E-Served, mailed or a copy of this Order was placed in the attorney's folder in the Clerk's Office or mailed to the proper person as follows:

Richard Levon Caplan
P.O. Box 5561
Chartsworth, CA 91313

Cary Colt Payne
700 S. 8th Street
Las Vegas, NV 89101

Tara D. Tyler, Law Clerk to the
Honorable William S. Potter

WILLIAM S. POTTER
DISTRICT JUDGE

FAMILY DIVISION, DEPT. M
LAS VEGAS NV 89101-2408

EXHIBIT PE#32
CAPLAN v NEVADA

EXHIBIT PE#32
CAPLAN v NEVADA

Electronically Filed
1/8/2019 12:18 PM
Steven D. Grierson
CLERK OF THE COURT

ORD

DISTRICT COURT

CLARK COUNTY, NEVADA

IN THE MATTER OF THE ESTATE OF AZAD E. JOSEPH, DECEASED.

Case No. P-17-092901-E
Dept. No. M

Hearing Date: N/A
Hearing Time: N/A

**ORDER**

This matter having come to the attention of this Court by Mr. Richard Caplan's submission of forma pauperis paperwork makes the following findings and Order:

THE COURT FINDS that on January 2, 2019, Richard Caplan has resubmitted paperwork requesting that he be allowed to proceed in forma pauperis.

THE COURT FURTHER FINDS that Mr. Caplan filed a General Financial Disclosure Form on December 31, 2018 in which he purports to have an average Gross Monthly Income of $23,856.00 which is automatic grounds for his request being denied as this monthly salary does not qualify as being indigent.

THE COURT FURTHER FINDS that the Gross Monthly Income provided for within the General Financial Disclosure Form does not match that of the Gross Monthly Income provided for within the Application to Proceed in Forma Pauperis filed on December 31, 2018 which is stated to be $1,988.00.

THE COURT FURTHER FINDS that the information provided with regards to monthly expenditures should be the same, however, the Application to Proceed in Forma

WILLIAM S. POTTER
DISTRICT JUDGE
FAMILY DIVISION, DEPT. M
LAS VEGAS NV 89101-2408

EXHIBIT PE#32
CAPLAN v NEVADA

Pauperis states he expends $1,830.00 while the General Financial Disclosure Form states Mr. Caplan expends $1,903.00.

THE COURT FURTHER FINDS that while the assets listed in both the Affidavit to proceed in Forma Pauperis and the General Financial Disclosure Form should be the same; Mr. Caplan lists his total assets as $976.87 in the Application to Proceed in Forma Pauperis but lists total assets in the amount of $1,510.00 within his General Financial Disclosure Form.

IT IS THEREFORE ORDERED that Richard Kaplan's Order to Proceed in Forma Pauperis is DENIED.

DATED this 7th day of January, 2019.

DISTRICT COURT JUDGE

WILLIAM S. POTTER
DISTRICT JUDGE

FAMILY DIVISION, DEPT. M
LAS VEGAS NV 89101-2408

EXHIBIT PE#33
CAPLAN v NEVADA

No. 77797

Electronically Filed
1/3/2019 10:30 AM
Steven D. Grierson
CLERK OF THE COURT

NOTC

DISTRICT COURT

CLARK COUNTY, NEVADA

FILED
JAN 09 2019
ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY [signature]
DEPUTY CLERK

IN THE MATTER OF THE ESTATE OF AZAD E. JOSEPH, DECEASED.

Case No. P-17-092[illegible]
Dept. No. M

Hearing Date: N/A
Hearing Time: N/A

## NOTICE OF ENTRY OF ORDER

Please take notice that an Order was entered by this Court on the 31st day of December, 2018, a copy of which is attached hereto.

Dated this 3rd day of ~~December~~ Jan., ~~2018~~ 2019.

[signature]
WILLIAM S. POTTER,
District Judge, Family Division, Department M

## CERTIFICATE OF MAILING

I hereby certify that on the date filed, this document was E-Served, mailed or a copy of this Order was placed in the attorney's folder in the Clerk's Office or mailed to the proper person as follows:

Richard Levon Caplan
P.O. Box 5561
Chartsworth, CA 91313

Cary Colt Payne
700 S. 8th Street
Las Vegas, NV 89101

Supreme Court of Nevada- Court of Appeals
408 E. Clark Ave
Las Vegas, NV 89101

Eighth District Court Clerk
200 Lewis Ave
Las Vegas, NV 89155

[signature]
Tara D. Tyler, Law Clerk to the Honorable William S. Potter

WILLIAM S. POTTER
DISTRICT JUDGE
FAMILY DIVISION, DEPT. M
LAS VEGAS NV 89101-2408

RECEIVED
JAN 08 2019
ELIZABETH A. BROWN
CLERK OF SUPREME COURT

19-01222

EXHIBIT PE#33
CAPLAN v NEVADA

EXHIBIT PE#33
CAPLAN v NEVADA

Electronically Filed
12/31/2018 10:57 AM
Steven D. Grierson
CLERK OF THE COURT

ORD

DISTRICT COURT

CLARK COUNTY, NEVADA

IN THE MATTER OF THE ESTATE OF AZAD E. JOSEPH, DECEASED.

Case No. P-17-092901-E
Dept. No. M

Hearing Date: N/A
Hearing Time: N/A

**ORDER**

This matter having come to the attention of this Court by Mr. Richard Caplan's submission of forma pauperis paperwork makes the following findings and Order:

THE COURT FINDS that on November 06, 2018, Richard Caplan submitted paperwork requesting that he be allowed to proceed in forma pauperis.

THE COURT FURTHER FINDS on that same date, Mr. Kaplan's paperwork was rejected for a plethora of reasons.

THE COURT FURTHER FINDS that Mr. Kaplan submitted an Affidavit to Proceed in Forma Pauperis and an Order to Proceed in Forma Pauperis which did not comply with the approved court format.

THE COURT FURTHER FINDS that Mr. Kaplan failed to first file his Application to Proceed in Forma Pauperis which is required by Department M.

THE COURT FURTHER FINDS that Mr. Kaplan was mailed a copy of the Self Help Center forms for guidance.

WILLIAM S. POTTER
DISTRICT JUDGE

FAMILY DIVISION, DEPT. M
LAS VEGAS NV 89101-2408

EXHIBIT PE#33
CAPLAN v NEVADA

THE COURT FURTHER FINDS that Mr. Kaplan filed a General Financial Disclosure Form in which he purports to have an average Gross Monthly Income of $24,948.00 which would be automatic grounds for his request being denied.

THE COURT FURTHER FINDS that in a rejection memo mailed to Mr. Kaplan by the Clerk's Office on November 08, 2018, it was explained that this was believed to be an error, a corrected document would need to be filed so that this court may review an accurate document. A blank form was attached for litigant's convenience.

THE COURT FURTHER FINDS that no corrected documents have been filed and or submitted as requested as of December 31, 2018.

IT IS THEREFORE ORDERED that Richard Kaplan's Order to Proceed in Forma Pauperis is DENIED.

DATED this 31st day of December, 2018.

DISTRICT COURT JUDGE

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE ESTATE OF AZAD E. JOSEPH, DECEASED

RICHARD LEVON CAPLAN,
Appellant,
vs.
LENNY JORJORIAN,
Respondent.

No. 77197

FILED

JAN 11 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER REGARDING FILING FEE*

This appeal was docketed without the requisite filing fee. Appellant filed a motion to proceed in forma pauperis in the district court, which was denied on January 3, 2019.

Because the district court denied his motion, appellant shall, within 30 days of the date of this order, submit either the requisite filing fee, or an affidavit demonstrating his inability to pay, which substantially complies with Form 4 of the Nevada Rules of Appellate Procedure, and which shall include a financial certificate from the Department of Corrections if appellant is incarcerated. Failure to comply with this order will result in the dismissal of this appeal. NRAP 24(a)(1).

It is so ORDERED.

CLERK OF THE SUPREME COURT
ELIZABETH A. BROWN

BY: Elizabeth A. B

cc: Richard Levon Caplan
Cary Colt Payne

SUPREME COURT
OF
NEVADA

CLERK'S ORDER

(O) 1947

19-01716

RICHARD LEVON CAPLAN
PO Box 5561
Chatsworth, CA 91313
(818) 564-7270
rlcaplan@gmail.com
In Propria Persona

**IN THE SUPREME COURT OF THE STATE OF NEVADA**

IN THE MATTER OF THE ESTATE OF AZAD E. JOSEPH, DECEASED

RICHARD LEVON CAPLAN
Appellant,

vs.

LENNY JORJORIAN
Respondent.

Supreme Court No.: 77197

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY D. Richards
DEPUTY CLERK

**MOTION TO SET ASIDE DENIAL OF APPLICATION FOR IN FORMA PAUPERIS STATUS BY THE EIGHTH DISTRICT COURT AND THEREAFTER GRANT SAID MOTION FOR IN FORMA PAUPERIS STATUS IN THE ABOVE ENTITLED ACTION**

Comes now, Appellant, Richard Levon Caplan, in Propria Persona, to provide the esteemed Supreme Court of the Great State of Nevada with the Points and Authorities in support of Appellant's Motion to Set Aside the Order of Denial of Appellant's Application for in Forma Pauperis status by the Clark County Eight District Court in the above entitled action and thereby argues the Supreme Court of Nevada grant Appellant's Motion for in Forma Pauperis status in pursuit of the appeal of Order(s) issued by said District Court.

19-06366

**MEMORANDUM OF POINT AND AUTHORITIES**

**1. Background.**

Appellant was contacted by a private investigator representing W. C. Cox and Company of Tucson, Arizona in April 2018 regarding a Clark County, Nevada probate case in Department M of the Eighth District Court; P-17-092901-E,[(Exhibit 1)] concerning the estate of my mother, Azad Elizabeth Joseph. The private investigator retained the law firm of Lee Drizin, CHTD of Nevada with Appellant's authorization. Appellant's representation by Lee Drizin, CHTD was contractually paid for by W. C. Cox and Company from the proceeds of the recovered estate according to the contingency remuneration agreement between W.C. Cox and Company and the Appellant.[(Exhibit 2)] Appellant's fiduciary agreement and total liability regarding this matter was dependant on the recovery of the estate of Azad Elizabeth Joseph, the mother of the Appellant, which was fraudulently claimed by Lenny Rod Jorjorian based on a fraudulent Affidavit sworn to and executed by Marguerite Fox AKA Margo Fox, mother of Jorjorian, daughter of Appellant's Aunt, twin sister of the Appellant's mother.

A petition was filed by Appellant's counsel on May 9, 2018 containing the prerequisites to grant a hearing for a MOTION TO REOPEN the probate case within the time specified for such action. The hearing was set before the probate Magistrate for May 25, 2018. Choosing to litigate against Appellant's MOTION TO REOPEN, the Respondent engaged Cary Colt Payne, ESQ. as counsel who began a continuous stream of letters to Appellant's counsel, filings with the Clark County Clerk (and thereby the Court) containing fictitious, spurious claims and allegations against me and my identity absent proofs to the contrary. On behalf of Respondent, Mr. Payne invoked his client's right under NRS, demanding a hearing before a probate judge.

Appellant requested counsel to file an EX PARTE TRO to protect the estate which was added to a MOTION SHORTING TIME for the MOTION TO REOPEN. The hearing was held on August 1, 2018 during which the judge decided he needed more time to study the issue of jurisdiction regarding issuance of a TRO against a case recorded as closed, although the MOTION TO REOPEN was at issue, scheduled to be heard on August 25, 2018 at 11 AM. The matter was continued to August 14, 2018 at which time the judge would rule on the matters at issue.

**2. Application For In Forma Pauperis**

Appellant was forced to take early retirement at 62 years of age due to the lack of employment opportunities for a person of Appellant's age and experience. Concurrent with the above entitled action Appellant's monthly income was reduced in October 2018 by the Social Security Administration upon reaching the age of sixty-five in September 2018. A small pension earned from AT&T went into effect November 1, 2018.

Appellant's counsel filed a Motion to Withdraw which was granted and filed on September 18, 2018. Appellant electronically filed an Appeal of Judge's Notice of Entry, in Propria Persona, on October 12, 2018 which was accepted on October 15, 2018.

On October 13, 2018, a sworn AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS and a GENERAL FINANCIAL DISCLOSURE FORM were sent to the Clark County Clerk in support of Appellant's in Forma Pauperis status for the Appeal. The USPS certified delivery to the Clark County Clerk on October 17, 2018.

The Clark County Clerk records indicate the AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS and perhaps the GENERAL FINANCIAL DISCLOSURE FORM were sent for consideration to Department 7, but were

returned to the Clerk for reassignment on October 23, 2018. It was reassigned to the court of Chief Judge Duckworth in Department Q on October 30, 2018.

On October 30, 2018 The Clerk of Department Q via recorded announcement instructed callers to allow four weeks to pass from the date the request was received by the court before checking on status by calling the legal assistant to the court.

In response to Appellant's voicemail request for status on December 3, 2018, Appellant was contacted by the Clerk from Department Q on December 5, 2018. Appellant was told the AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS was sent to Department M on November 6, 2018, where it was denied by the Judge William Potter on November 8, 2018.

The multiple assignments and reassignments of Appellant's In Forma Pauperis Application projects an appearance of questionable propriety as a result of a potential conflict of interest and lack of impartiality by having Appellant's application ultimately reassigned on three occasions only to be ultimately decided by the same judge whose Order against the Appellant as the lawful heir in a fraudulently filed probate case is the basis of Appellant's cause for appeal.

Appellant was informed by the Clark County Clerk's office, the AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS, certified as delivered on October 17, 2018 by the USPS, was not filed as part of the official record in the District Court case by the Clark County Clerk. Appellant shared this information with the Clerk of the Supreme Court of Nevada who explained Appellant was prevented from appealing an Order of Denial absent an officially filed order from the Eight District Court.

Appellant sent by USPS Certified Mail a printout of the email exchange between Appellant and the Clark County Clerk's office as verification resulting in the Clerk of the

Supreme Court of Nevada ordering the Clerk of Clark County to provide a signed Order by January 17, 2019.

Appellant contacted the Clerk of the Court for Department M, on December 6, 2018, having learned documents were sent to Appellant on November 8, 2018 and advised her they were never received nor did the USPS have any record of delivery to Appellant's PO Box. Appellant was informed by the Clerk the submitted forms were incorrect, but since Appellant had not received the November 8, 2018 mailing, she would resend the correct forms the same day. The envelope arrived in Appellant's PO Box on December 19, 2018, bearing the date mailed on the franked postal meter stamp of December 12, 2018. There were three forms enclosed without cover of any type.

On no occasion; in writing, orally, telephonically or by reference to statue was Appellant advised December 31, 2018 was the due date for return of the revised documents.

Regardless, Appellant completed the enclosed documents and returned them to the Clerk of Clark County, on December 26, 2018. Delivery was attempted on December 29, 2018 unsuccessfully. They were delivered at 7:11 AM PST to the Clerk's office as Certified by the USPS.

**3. Objections to Department M, Eight District Court Order(s) of Denial**

**a) Application Received By Clark County Clerk On October 17, 2018**

The manila envelope mailed to Appellant on November 8, 2018, was discovered in Appellant's PO Box on January 30, 2019, without explanation from local USPS employees regarding the delay. The envelope contained the original AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS, the GENERAL FINANCIAL DISCLOSURE FORM filed on October 17, 2018 **(Exhibit 3)** and a memorandum from Tara Tyler, Law Clerk to Judge William Potter of Department M. **(Exhibit 4)** The statements made in the

memorandum by the Clerk justifies denial of the submitted Affidavit and Financial Disclosure form based on monthly income.

Only the General Financial Disclosure Form is stamped FILED BY THE CLERK OF THE COURT on October 17, 2018. The memorandum does not include mention of any deadline for return of the revised documents. It advises Appellant to pay the fees which Appellant would have done from the start if it were within Appellant's means.

Despite repeated unsuccessful inquiry of the Clark County Clerk's office personnel regarding which forms to use in advance of filing, Appellant chose the AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS, because the Affidavit is substantially identical to same as required by the Supreme Court of Nevada, under Rule 4 of NRAP, but to date has never been filed by the Clerk of the Eight District Court of Nevada. The Appellant was told by the Clark County Clerk the Affidavit was not filed because the signature area for approval by the judge was returned by the Court blank.

No order, ruling, consideration, forwarding or other directive has been issued by any judge in the Eight District Court of Nevada regarding Appellant's Affidavit marked as RECEIVED BY THE COURT on October 17, 2018.

**b) Order of the District Court, Clark County, Nevada – Filed December 31, 2018**

The Order states;

i. "THE COURT FINDS …on November 6, 2018, Richard Caplan submitted paperwork…."

**Correction:** This refers to the Sworn AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS delivered by the USPS on October 17, 2018 yet marked received by the Clerk of Clark County on three separate dates, including the day before it was sent from Los Angeles.

As both the AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS and the GENERAL FINANCIAL DISCLOSURE FORM were filed concurrently, at least one of which is not part of the record, both should have been excluded from any ruling as a result.

ii. "THE COURT FURTHER FINDS on that same date, Mr. Kaplan's (sic) paperwork was rejected for a plethora of reasons."

**Correction:** No justification is offered to justify such an inflammatory statement within an Order from the Court.

iii. "THE COURT FURTHER FINDS Mr. Kaplan (sic) submitted an Affidavit to Proceed in Forma Pauperis and an Order to Proceed in Forma Pauperis which did not comply with the approved court format."

**Correction:** Absent direct instructions from the Clark County Clerk's office, Appellant used best judgment to comply with the District and Appellate Court requirements as stipulated under the rules and selected the Affidavit because it is a sworn statement of truth and the online entry General Financial Disclosure Form (Form Code FDF).

iv. "THE COURT FURTHER FINDS Mr. Kaplan (sic) failed to first file his Application to Proceed in Forma Pauperis which is required by Department M."

**Correction:** The Affidavit to Proceed in Forma Pauperis and an Order to Proceed in Forma Pauperis was received but not filed by the Clark County Clerk on October 17, 2018. Although a sworn Affidavit is called for by NRAP Rule 4, the EDCR Application does not, but produces responses identical in substance to the Application to Proceed Informa Pauperis and thereby constitutes insufficient grounds to deny by Order Appellant's application.

v.   "THE COURT FURTHER FINDS that Mr. Kaplan (sic) was mailed a copy of the Self Help forms for guidance."

**Correction:** Appellant has addressed the matter of the misdirected November 8, 2018 mailing from the Clerk of Department M.

vi.   "THE COURT FURTHER FINDS that Mr. Kaplan (sic) filed a General Financial Disclosure Form in which he purports to have a Gross Monthly Income of $24,948.00 which would be automatic grounds for his request being denied."

**Correction:** The Court has made an egregious and obvious error in understanding the Clark County Clerk's General Financial Disclosure Form. This is based on the memorandum from the Law Clerk which states; "...this was based on the information provided within your General Financial Disclosure Form which I believe to be an error."

The amount referenced as Gross Monthly Income by the Court is listed under the column entitled "12 Month Average." The adjacent column to the left is entitled "Amount" and to the left of it, the column is entitled "Frequency." The first of the four columns is entitled "Source of Income." Appellant's monthly income as of October 13, 2018, when the documents were sent via Certified Mail by the USPS was $1,578.00 paid the third Wednesday of every month via direct deposit from the SSA; however, Appellant did not reduce the monthly SSA Retirement Benefit by the Medicare premium which began October 17, 2018.

Appellant knew on October 13, 2018 the AT&T pension administered by Fidelity Investments listed as $501 would not begin in full until November 1, 2018, as it is paid in arrears. Having sworn an oath of truthfulness in this matter and as a former sworn public servant, Appellant endeavors to err on the side of caution.

Appellant has reexamined the General Financial Disclosure Form filed October 17, 2018 and indeed found an inexplicable, unintended, erroneous entry by Appellant for a monthly Social Security deduction; however, this was corrected as was the Monthly SSA Retirement Benefit.

This finding also refers to the sworn Affidavit In Support Of Motion To Proceed On Appeal In Forma Pauperis and the General Financial Disclosure Form marked received by the Clerk of Clark County of October 17, 2018, both of which should have been filed, however; only one of the concurrent and enjoined documents appears to have been part of the official case record and therefore Appellant argues both should have been excluded from consideration by the court.

> vii. "THE COURT FURTHER FINDS that in a rejection memo mailed to Mr. Kaplan (sic) by the Clerk's Office on November 08, 2018, it explained that this was believed to be an error, a corrected document would need to be filed so that this court may review an accurate document. A blank form was attached for litigant's convenience."

**Correction:** Appellant's response is the same as above with regard to the November 08, 2018 mailing, which Appellant did not receive. During a telephone conversation with the Law Clerk on December 6, 2018, Appellant was advised by the Law Clerk the correct forms would be mailed the same day. Appellant received the aforementioned forms, (which did not include a sworn Affidavit) on December 19, 2018. Appellant received a large manila envelope with a #10 envelope addressed to Appellant taped to the front. It was stamped and mailed on December 12, 2018. Appellant returned the completed documents by USPS Priority Mail and included Appellant's 2019 annual monthly benefit statement from the Social Security Administration and Appellant's monthly benefit statement from Fidelity Investments who are the administrators of my AT&T pension as evidentiary proof of monthly income.